# 18-1468-cr (L)
# 18-1916-cr (con)
# 18-2795-cr (con)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

UNITED STATES OF AMERICA,

Appellee,

-v-

Tammy M. Martin,

Defendant,

CLIF J. SEAWAY, TAMMY LAMERE,

Defendants-Appellants.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

**APPENDIX FOR DEFENDANT-APPELLANT**
**CLIF J. SEAWAY**

LISA A. PEEBLES
Federal Public Defender
MELISSA A. TUOHEY, *on brief*
Assistant Federal Public Defender

Office of the Federal Public Defender
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
315.701.0080

# TABLE OF CONTENTS[1]

DOCKET REPORT 16-cr-339 ........................................................... A. 1

DOCKET REPORT 16-cr-340 ......................................................... A. 24

INDICTMENT 16-cr-339 ................................................................ A. 37

INDICTMENT 16-cr-340 ................................................................ A. 41

DEFENDANT SEAWAY'S MOTION TO SUPPRESS PHYSICAL AND VERBAL EVIDENCE 16-cr-339 ..................................................... A. 45

DEFENDANT SEAWAY'S MOTION TO SUPPRESS PHYSICAL AND VERBAL EVIDENCE 16-cr-340 ..................................................... A. 69

GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT SEAWAY'S MOTION TO SUPPRESS PHYSICAL AND VERBAL EVIDENCE 16-cr-339/16-cr-340 ..................................................... A. 93

DISTRICT COURT'S MEMORANDUM-DECISION AND ORDER DENYING DEFENDANT SEAWAY'S MOTION TO SUPPRESS PHYSICAL AND VERBAL EVIDENCE 16-cr-339/16-cr-340 ....... A. 109

DISTRICT COURT'S MEMORANDUM-DECISION AND ORDER CONSOLIDATING FOR TRIAL INDICTMENTS 16-cr-339 and 16-cr-340 .......................................................................... A. 118

JURY VERDICT 16-cr-339 & 16-cr-340 ....................................... A. 122

JUDGMENT IN A CRIMINAL CASE 16-cr-339 & 16-cr-340 ........ A. 128

NOTICE OF APPEAL 16-cr-339..................................................... A. 137

NOTICE OF APPEAL 16-cr-340..................................................... A. 138

---

[1] The Statement of Reasons has been filed under seal in this Court.

CLERK'S CERTIFICATION OF THE RECORD 16-cr-339............ A. 139

CLERK'S CERTIFICATION OF THE RECORD 16-cr-340............ A. 140

Query Reports Utilities Help Log Out

APPEAL,LEAD

# U.S. District Court
# Northern District of New York - Main Office (Syracuse) [NextGen CM/ECF Release 1.2 (Revision 1.2)] (Syracuse)
# CRIMINAL DOCKET FOR CASE #: 5:16-cr-00339-NAM All Defendants

Case title: USA v. Seaway et al
Magistrate judge case numbers: 5:16-mj-00090-TWD
5:16-mj-00092-TWD

Date Filed: 11/17/2016
Date Terminated: 06/12/2018

---

Assigned to: Senior Judge Norman A. Mordue

**Defendant (1)**

**Clif J. Seaway**
*TERMINATED: 05/08/2018*

represented by **Courtenay K. McKeon**
Office of the Federal Public Defender - Syracuse Office
Northern District of New York
4 Clinton Square, 3rd Floor
Syracuse, NY 13202
315-701-0080
Fax: 315-701-0081
Email: courtenay_mckeon@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Randi Juda Bianco**
Office of the Federal Public Defender - Syracuse Office
Districts of Northern New York & Vermont
The Clinton Exchange, 3rd Floor
4 Clinton Square
Syracuse, NY 13202
315-701-0080
Fax: 315-701-0081
Email: randi_bianco@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*

*Community Defender Appointment*

**James F. Greenwald**
Office of the Federal Public Defender - Syracuse Office
Districts of Northern New York & Vermont
The Clinton Exchange, 3rd Floor
4 Clinton Square
Syracuse, NY 13202
315-701-0080
Fax: 315-701-0081
Email: james.greenwald@fd.org
*TERMINATED: 09/12/2016*
*Designation: Public Defender or Community Defender Appointment*

**Juan J. Rodriguez , II**
Office of the Federal Public Defender - Syracuse Office
Northern District of New York
4 Clinton Square, 3rd Floor
Syracuse, NY 13202
315-701-0080
Fax: 315-701-0081
Email: juan_rodriguez@fd.org
*TERMINATED: 07/20/2017*
*Designation: Public Defender or Community Defender Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:2251.F -SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (1) | 4,320 months (or 360 years) This term consists of 360 months on each count of conviction: all to run consecutively with each other. Supervised release of life on each count to run concurrently. |
| 18:2251.F -SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (2) | 4,320 months (or 360 years) This term consists of 360 months on each count of conviction: all to run consecutively with each other. Supervised release of life on each count to run concurrently. |
| 18:2251.F -SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (3) | 4,320 months (or 360 years) This term consists of 360 months on each count of conviction: all to run consecutively with each other. Supervised release of life on each count to run concurrently. |

| | |
|---|---|
| 18:2251.F -SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (4) | 4,320 months (or 360 years) This term consists of 360 months on each count of conviction: all to run consecutively with each other. Supervised release of life on each count to run concurrently. |
| 18:2251.F -SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (5) | 4,320 months (or 360 years) This term consists of 360 months on each count of conviction: all to run consecutively with each other. Supervised release of life on each count to run concurrently. |
| 18:2251.F -SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (6) | 4,320 months (or 360 years) This term consists of 360 months on each count of conviction: all to run consecutively with each other. Supervised release of life on each count to run concurrently. |
| 18:2251.F -SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (7) | 4,320 months (or 360 years) This term consists of 360 months on each count of conviction: all to run consecutively with each other. Supervised release of life on each count to run concurrently. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:2251.F SEXUAL EXPLOITATION OF CHILDREN | |

---

Assigned to: Senior Judge Norman A. Mordue

**Defendant (2)**

| | | |
|---|---|---|
| **Tammy M. Martin**<br>*TERMINATED: 06/12/2018* | represented by | **H. Dana VanHee**<br>Law Office of H. Dana Vanhee PLLC<br>P.O. Box 712<br>Syracuse, NY 13206<br>315-422-5655<br>Fax: 315-295-2690 |

Email: dana@vanheelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:2251.F -SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (2) | Imprisonment of 360 months on each of Counts 2, 3, and 4 of the Indictment to be served consecutively for a total of 1080 months (90 years total); Supervised Release of Life on each count to be served concurrently. |
| 18:2251.F -SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (3) | Imprisonment of 360 months on each of Counts 2, 3, and 4 of the Indictment to be served consecutively for a total of 1080 months (90 years total); Supervised Release of Life on each count to be served concurrently. |
| 18:2251.F -SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (4) | Imprisonment of 360 months on each of Counts 2, 3, and 4 of the Indictment to be served consecutively for a total of 1080 months (90 years total); Supervised Release of Life on each count to be served concurrently. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:2251.F -SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (1) | Dismissed on motion of the Government |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| 18:2251.F SEXUAL EXPLOITATION OF CHILDREN | |

---

**Plaintiff**

**USA** represented by

**Carina Hyatt Schoenberger**
U.S. Attorney's Office - Syracuse, NY
100 South Clinton Street, Room 900
Syracuse, NY 13261
315-448-0672
Fax: 315-448-0658
Email: carina.schoenberger@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Lisa M. Fletcher**
Office of the United States Attorney - Syracuse
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198
315-448-0672
Fax: 315-448-0658
Email: lisa.fletcher@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Tamara Thomson**
Office of United States Attorney - Syracuse Office
100 South Clinton Street
P.O. Box 7198
Syracuse, NY 13261
315-448-0672
Fax: 315-448-0658
Email: tamara.thomson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/02/2016 | 1 | COMPLAINT as to Tammy M. Martin (1). (sg) [5:16-mj-00092-TWD] (Entered: 03/02/2016) |
| 03/02/2016 | 3 | APPLICATION for Writ of Habeas Corpus ad prosequendum by USA as to Tammy M. Martin. (sg) [5:16-mj-00092-TWD] (Entered: 03/02/2016) |
| 03/02/2016 | 4 | ORDER granting 3 Application for Writ of Habeas Corpus ad prosequendum as to Tammy M. Martin (1). Defendant to appear on 3/3/2016 in U.S. District Court. Signed by Magistrate Judge Therese Wiley Dancks on 3/2/2016. (sg) [5:16-mj-00092-TWD] (Entered: 03/02/2016) |
| | | |

| | | |
|---|---|---|
| 03/02/2016 | 1 | COMPLAINT as to Clif J. Seaway (1). (sg) [5:16-mj-00090-TWD] (Entered: 03/02/2016) |
| 03/02/2016 | 3 | APPLICATION for Writ of Habeas Corpus ad prosequendum by USA as to Clif J. Seaway, submitted to Magistrate Judge Therese Wiley Dancks. (sg) [5:16-mj-00090-TWD] (Entered: 03/02/2016) |
| 03/02/2016 | 4 | ORDER granting 3 Application for Writ of Habeas Corpus ad prosequendum as to Clif J. Seaway (1). Defendant to appear on 3/3/2016 at 10:00AM in U.S. District Court. Signed by Magistrate Judge Therese Wiley Dancks on 3/2/2016. (sg) [5:16-mj-00090-TWD] (Entered: 03/02/2016) |
| 03/03/2016 | | TEXT Minute Entry for proceedings held before Magistrate Judge Therese Wiley Dancks:Initial Appearance as to Tammy M. Martin held on 3/3/2016. Appearances: AUSA Lisa Fletcher for the Government; Dana VanHee, Esq. for Defendant; USPO Ellen Phillips. Defendant appears with counsel, copy of the complaint provided. Defendant is advised of rights, charges and maximum penalties if convicted. Financial Affidavit is submitted. Judge Dancks finds that defendant does qualify for court appointed counsel, and appoints Attorney VanHee as CJA counsel to defendant. Government moves for detention. Defendant waives immediate Detention Hearing and Preliminary Hearing, reserving rights to reapply to the Court for scheduling of same. Court accepts Defendant's waiver of immediate Detention Hearing and Preliminary Hearing as knowing and voluntary. Defendant remanded to the custody of the U.S. Marshals. (Court Reporter (Diane Martens: 10:41AM-10:46AM) (sg) [5:16-mj-00092-TWD] (Entered: 03/03/2016) |
| 03/03/2016 | 5 | CJA 20 appointing H. Dana VanHee, Esq. as CJA appointed counsel to defendant Tammy M. Martin. Refer to the Court's website: http://www.nynd.uscourts.gov/cja.cfm for comprehensive information relating to court appointed representation. Attorneys are reminded that CJA vouchers are to be submitted to the court no later than 45 days after the final disposition of the case, unless good cause is shown. Please refer to Appendix II of the CJA Plan (Guidelines for Submitting Claims for Reimbursement Pursuant to the Criminal Justice Act of the Northern District of New York). SO ORDERED by Magistrate Judge Therese Wiley Dancks on 3/3/2016. (sg) [5:16-mj-00092-TWD] (Entered: 03/03/2016) |
| 03/03/2016 | 6 | Arrest Warrant issued on 3/2/2016 by Magistrate Judge Therese Wiley Dancks returned Executed on 3/3/2016 in case as to Tammy M. Martin, signed by William Saunders. (sg) [5:16-mj-00092-TWD] (Entered: 03/03/2016) |
| 03/03/2016 | 7 | NOTICE OF ATTORNEY APPEARANCE: Carina Hyatt Schoenberger appearing for USA (Schoenberger, Carina) [5:16-mj-00092-TWD] (Entered: 03/03/2016) |
| 03/03/2016 | | TEXT Minute Entry for proceedings held before Magistrate Judge Therese Wiley Dancks:Initial Appearance as to Clif J. Seaway held on 3/3/2016. Appearances: AUSA Lisa Fletcher for the Government; AFPD James Greenwald for Defendant; USPO Ellen Phillips. Defendant appears with counsel, copy of the complaint provided. Defendant is advised of rights, charges and maximum penalties if convicted. Financial Affidavit is submitted. |

| | | |
|---|---|---|
| | | Judge Dancks finds that defendant does qualify for court appointed counsel and appoints Office of the Federal Public Defender. Government moves for detention. Defendant waives immediate Detention Hearing and Preliminary Hearing, reserving rights to make an application for such hearings with appropriate notice to the Government. Court accepts Defendant's waiver of an immediate Detention Hearing and Preliminary Hearing as knowing and voluntary. Defendant remanded to the custody of the U.S. Marshals.(Court Reporter Diane Martens: 10:26AM-10:33AM) (sg)[5:16-mj-00090-TWD] (Entered: 03/03/2016) |
| 03/03/2016 | 5 | Arrest Warrant issued on 3/2/2016 by Magistrate Judge Therese Wiley Dancks returned Executed on 3/3/2016 in case as to Clif J. Seaway, signed by Lon Ziankoski, Special Agent, Homeland Security Investigations. (sg) [5:16-mj-00090-TWD] (Entered: 03/03/2016) |
| 03/03/2016 | 6 | TEXT ORDER APPOINTING OFFICE OF THE FEDERAL PUBLIC DEFENDER as to Clif J. Seaway. Because the named defendant has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, it is hereby ORDERED, that The Office of the Federal Public Defender for the Northern District of New York is assigned representation of the named defendant and shall file a notice of appearance with the Clerk of Court. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 3/3/2016. (sg) [5:16-mj-00090-TWD] (Entered: 03/03/2016) |
| 03/03/2016 | 7 | NOTICE OF ATTORNEY APPEARANCE: Carina Hyatt Schoenberger appearing for USA (Schoenberger, Carina) [5:16-mj-00090-TWD] (Entered: 03/03/2016) |
| 03/07/2016 | 8 | NOTICE OF ATTORNEY APPEARANCE: Randi Juda Bianco appearing for Clif J. Seaway (Bianco, Randi) [5:16-mj-00090-TWD] (Entered: 03/07/2016) |
| 03/08/2016 | 9 | STIPULATION by USA to 90 day extension of time (Schoenberger, Carina) [5:16-mj-00090-TWD] (Entered: 03/08/2016) |
| 03/08/2016 | 10 | STIPULATION AND ORDER FOR ENLARGEMENT OF TIME as to Clif J. Seaway : Time excluded from 3/8/2016 until 6/6/2016. Signed by Magistrate Judge Therese Wiley Dancks on 3/8/2016. (sg) [5:16-mj-00090-TWD] (Entered: 03/08/2016) |
| 03/09/2016 | 8 | STIPULATION by USA to 90 day extension of time (Schoenberger, Carina) [5:16-mj-00092-TWD] (Entered: 03/09/2016) |
| 03/09/2016 | 9 | STIPULATION AND ORDER FOR ENLARGEMENT OF TIME as to Tammy M. Martin : Time excluded from 3/9/2016 until 6/7/2016. Signed by Magistrate Judge Therese Wiley Dancks on 3/9/2016. (sg) [5:16-mj-00092-TWD] (Entered: 03/09/2016) |
| 06/03/2016 | 11 | STIPULATION by USA to 90 day extension of time (Schoenberger, Carina) [5:16-mj-00090-TWD] (Entered: 06/03/2016) |
| 06/06/2016 | 12 | STIPULATION AND ORDER FOR ENLARGEMENT OF TIME as to Clif J. Seaway : Time excluded from 6/6/2016 until 9/6/2016. Signed by Magistrate |

| | | |
|---|---|---|
| | | Judge Therese Wiley Dancks on 6/6/2016. (sg) [5:16-mj-00090-TWD] (Entered: 06/06/2016) |
| 06/07/2016 | 10 | STIPULATION by USA to 90 day extension of time (Schoenberger, Carina) [5:16-mj-00092-TWD] (Entered: 06/07/2016) |
| 06/07/2016 | 11 | STIPULATION AND ORDER FOR ENLARGEMENT OF TIME as to Tammy M. Martin : Time excluded from 6/7/2016 until 9/6/2016. Signed by Magistrate Judge Therese Wiley Dancks on 6/7/2016. (sg) [5:16-mj-00092-TWD] (Entered: 06/08/2016) |
| 09/02/2016 | 13 | STIPULATION by USA to 60 Day Extension of Time (Fletcher, Lisa) [5:16-mj-00090-TWD] (Entered: 09/02/2016) |
| 09/06/2016 | 12 | STIPULATION by USA to 60 Day Extension of Time (Schoenberger, Carina) [5:16-mj-00092-TWD] (Entered: 09/06/2016) |
| 09/08/2016 | 13 | STIPULATION AND ORDER FOR ENLARGEMENT OF TIME as to Tammy M. Martin : Time excluded from 9/6/2016 until 11/5/2016. Signed by Magistrate Judge Therese Wiley Dancks on 9/6/2016. (sg) [5:16-mj-00092-TWD] (Entered: 09/08/2016) |
| 09/08/2016 | 14 | STIPULATION AND ORDER FOR ENLARGEMENT OF TIME as to Clif J. Seaway : Time excluded from 9/6/2016 until 11/5/2016. Signed by Magistrate Judge Therese Wiley Dancks on 9/6/2016. (sg) [5:16-mj-00090-TWD] (Entered: 09/08/2016) |
| 11/02/2016 | 15 | STIPULATION by USA to 60 Day Extension of Time (Fletcher, Lisa) [5:16-mj-00090-TWD] (Entered: 11/02/2016) |
| 11/02/2016 | 16 | STIPULATION AND ORDER FOR ENLARGEMENT OF TIME as to Clif J. Seaway: Time excluded from 11/5/2016 until 1/4/2017. Signed by Magistrate Judge Therese Wiley Dancks on 11/2/2016. (sg) [5:16-mj-00090-TWD] (Entered: 11/02/2016) |
| 11/03/2016 | 14 | STIPULATION by USA to 60 Day Extension of Time (Fletcher, Lisa) [5:16-mj-00092-TWD] (Entered: 11/03/2016) |
| 11/04/2016 | 15 | STIPULATION AND ORDER FOR ENLARGEMENT OF TIME as to Tammy M. Martin : Time excluded from 11/5/2016 until 1/4/2017. Signed by Magistrate Judge Therese Wiley Dancks on 11/3/2016. (sg) [5:16-mj-00092-TWD] (Entered: 11/04/2016) |
| 11/17/2016 | 17 | INDICTMENT as to Clif J. Seaway (1) count(s) 1-7, Tammy M. Martin (2) count(s) 1-4, with Forfeiture Allegation. (sg) (Entered: 11/18/2016) |
| 11/17/2016 | | TEXT Minute Entry for proceedings held before Magistrate Judge Therese Wiley Dancks on 11/17/2016: GRAND JURY makes a partial report and returns Indictment as to Clif J. Seaway and Tammy M. Martin. No special requests. Tally Sheet is ordered sealed. (Court Reporter S. Byrne) (sg) (Entered: 11/18/2016) |
| 11/18/2016 | 18 | TEXT NOTICE to Counsel for Defendant CLIF J. SEAWAY: An 17 Indictment dated 11/17/2016 has been filed with the Court. In the event Defendant Seaway wishes to waive appearance for an arraignment, both the |

| | | |
|---|---|---|
| | | Defendant and Defendant's counsel must complete and electronically file with the Court the attached form by 11/30/2016. If the Court does not receive the form by that date the Court will IMMEDIATELY schedule the arraignment of your client. Because of Speedy Trial issues, the Court appearance for arraignment may be scheduled with very little advanced notice. (sg) (Entered: 11/18/2016) |
| 11/18/2016 | 19 | TEXT NOTICE to Counsel for Defendant TAMMY M. MARTIN: An 17 Indictment dated 11/17/2016 has been filed with the Court. In the event Defendant Martin wishes to waive appearance for an arraignment, both the Defendant and Defendant's counsel must complete and electronically file with the Court the attached form by 11/30/2016. If the Court does not receive the form by that date the Court will IMMEDIATELY schedule the arraignment of your client. Because of Speedy Trial issues, the Court appearance for arraignment may be scheduled with very little advanced notice. (sg, ) (Entered: 11/18/2016) |
| 12/02/2016 | 20 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Clif J. Seaway (Bianco, Randi) (Entered: 12/02/2016) |
| 12/05/2016 | 21 | TEXT ORDER approving 20 Waiver of Presence at Arraignment and entry of plea of not guilty to 17 Indictment as to defendant Clif J. Seaway. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 12/5/2016. (sg) (Entered: 12/05/2016) |
| 12/08/2016 | 22 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Tammy M. Martin, filed by Dana VanHee. (sg) (Entered: 12/08/2016) |
| 12/08/2016 | 23 | TEXT ORDER approving 22 Waiver of Presence at Arraignment and entry of plea of not guilty to 17 Indictment as to Tammy M. Martin. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 12/8/2016. (sg) (Entered: 12/08/2016) |
| 12/08/2016 | 24 | CRIMINAL PRETRIAL SCHEDULING ORDER as to Clif J. Seaway and Tammy M. Martin: Motions to be filed by 1/5/2017. Jury Trial set for 2/6/2017 at 9:30 AM in Syracuse before Senior Judge Norman A. Mordue. Signed by Magistrate Judge Therese Wiley Dancks on 12/8/2016. (sg) (Entered: 12/08/2016) |
| 12/14/2016 | 25 | STIPULATION by USA to 90 Day Extension of Time (Fletcher, Lisa) (Entered: 12/14/2016) |
| 12/16/2016 | 26 | ORDER TO CONTINUE - Ends of Justice as to Clif J. Seaway, and Tammy M. Martin. Time excluded from 12/16/16 until 3/15/17. Jury Trial is set for 5/1/2017 at 09:00 AM in Syracuse before Senior Judge Norman A. Mordue. Motions to be filed by 2/28/2017. Signed by Senior Judge Norman A. Mordue on 12/16/16. (jlm) (Entered: 12/16/2016) |
| 02/28/2017 | 27 | MOTION to Suppress by Clif J. Seaway. Motion Hearing set for 4/5/2017 at 10:00 AM in Syracuse before Senior Judge Norman A. Mordue Response to Motion due by 3/20/2017. No Reply Permitted. (Attachments: #(1) |

| | | |
|---|---|---|
| | | Memorandum of Law, #(2) Exhibit(s))(Bianco, Randi) (Attachment 2 replaced on 3/21/2017) Modified on 3/21/2017 (jlm). (Entered: 02/28/2017) |
| 03/15/2017 | 28 | Letter as to Clif J. Seaway requesting To File Government Response to Motion on March 24, 2017 (Fletcher, Lisa) (Entered: 03/15/2017) |
| 03/17/2017 | 29 | TEXT ORDER as to Clif J. Seaway. The 28 Letter Request filed by Lisa Fletcher, AUSA requesting a 4-day extension to respond to the motion. Response to the 27 Motion to Suppress is due by 3/24/2017. No reply is permitted. Endorsed/Signed by Senior Judge Norman A. Mordue on 3/17/17. (jlm) (Entered: 03/17/2017) |
| 03/21/2017 | | CLERK'S CORRECTION OF DOCKET ENTRY re 27 Motion to Suppress. Exhibits replaced with a redaction. (jlm) (Entered: 03/21/2017) |
| 03/24/2017 | 30 | RESPONSE in Opposition by USA as to Clif J. Seaway re 27 MOTION to Suppress (Fletcher, Lisa) (Additional attachment(s) added on 3/24/2017: # 1 Exhibit 1 - Sealed) (jlr, ). (Entered: 03/24/2017) |
| 03/24/2017 | 31 | Letter APPLICATION from Lisa M. Fletcher, AUSA as to Clif J. Seaway requesting To seal Exhibit 1 of the 28 Response. (jlm) (Entered: 03/24/2017) |
| 03/24/2017 | 32 | Order to Seal Document (Exhibit 1) of the Government's 28 Response as to Clif J. Seaway. Signed by Senior Judge Norman A. Mordue on 3/24/17. (jlm) (Entered: 03/24/2017) |
| 04/04/2017 | | TEXT NOTICE - The 27 MOTION to Suppress by Clif J. Seaway is on submit. NO appearances. The is No oral argument on the scheduled motion return date, unless Judge Mordue's chambers sua sponte directs and schedules oral argument. (Entered: 04/04/2017) |
| 05/16/2017 | 33 | NOTICE OF ATTORNEY APPEARANCE: Juan J. Rodriguez, II appearing for Clif J. Seaway as Co-Counsel with/for Attorney: Randi J. Bianco, AFPD (Rodriguez, Juan) (Entered: 05/16/2017) |
| 06/22/2017 | 34 | ORDER denying the defendant's 27 Motion to Suppress as to Clif J. Seaway (1). The period from March 15, 2017 until the date of the decision herein onJune 22, 2017 is excluded in computing time under the Speedy Trial Act in the interests of justice. Signed by Senior Judge Norman A. Mordue on 6/22/17. (jlm) (Entered: 06/22/2017) |
| 07/10/2017 | 35 | STIPULATION by USA to 115 Day Extension of Time (Fletcher, Lisa) (Entered: 07/10/2017) |
| 07/10/2017 | 36 | ORDER TO CONTINUE - Ends of Justice as to Clif J. Seaway, and Tammy M. Martin. Time excluded from 7/10/17 until 10/25/17. Firm Date: Jury Trial reset for 10/25/2017 at 09:00 AM in Syracuse before Senior Judge Norman A. Mordue. Signed by Senior Judge Norman A. Mordue on 7/10/17. (jlm) (Entered: 07/10/2017) |
| 07/20/2017 | 37 | NOTICE OF ATTORNEY APPEARANCE: Courtenay K. McKeon appearing for Clif J. Seaway as substituted with/for Attorney: Juan J. Rodriguez, Esq. (McKeon, Courtenay) (Entered: 07/20/2017) |
| 07/20/2017 | | |

| | | |
|---|---|---|
| | | Attorney update in case as to Clif J. Seaway. Attorney Juan J. Rodriguez, II terminated pursuant to 37 Notice of Appearance. (jel, ) (Entered: 07/20/2017) |
| 07/31/2017 | 38 | NOTICE OF HEARING as to Clif J. Seaway, Tammy M. Martin. The Jury Trial is set for 10/25/2017 at 09:00 AM in Syracuse before Senior Judge Norman A. Mordue. This is a FIRM trial date. Counsel shall file All Court Order Pretrial Papers on or before 10/2/2017. (jlm) (Entered: 07/31/2017) |
| 08/11/2017 | | TEXT NOTICE CONFIRMING THE CHANGE OF PLEA HEARING as to Tammy M. Martin. The Change of Plea Hearing is set for 8/21/2017 at 11:30 AM in Syracuse before Senior Judge Norman A. Mordue. (jlm) (Entered: 08/11/2017) |
| 08/21/2017 | 39 | NOTICE OF ATTORNEY APPEARANCE: Carina Hyatt Schoenberger appearing for USA as co-counsel with Attorney Lisa M. Fletcher (Schoenberger, Carina) (Entered: 08/21/2017) |
| 08/21/2017 | | TEXT Minute Entry for Change of Plea Hearing as to Tammy M. Martin held on 8/21/2017 before Senior Judge Norman A. Mordue. APPR: Lisa Fletcher, AUSA; Corina Schoenberger, AUSA; Dana Vanhee, Esq. Plea entered by Tammy M. Martin (2) of to Guilty to Counts 2-4. Correction on the record to the defendant's middle initial on page 2 of the Indictment from L. to M. Defendant admits to forfeiture allegations; Plea Agreement Accepted and incorporated into the record as to Tammy M. Martin. Defendant remanded. (Court Reporter Eileen McDonough) (jlm) (Entered: 08/21/2017) |
| 08/21/2017 | 40 | PLEA AGREEMENT as to Tammy M. Martin (jlm) (Entered: 08/21/2017) |
| 08/21/2017 | 41 | GUIDELINE ORDER as to Tammy M. Martin. Sentencing is set for 1/8/2018 at 10:00 AM in Syracuse before Senior Judge Norman A. Mordue. Government and Defendant Sentencing Memo Deadline 12/18/2017. Signed by Senior Judge Norman A. Mordue on 08/21/2017. All letters of support shall be electronically filed in accordance with General Order # 52, and filed on or before 12/18/2017. (jlm) (Entered: 08/21/2017) |
| 09/05/2017 | 42 | MOTION to Consolidate Cases by USA as to Clif J. Seaway. Motion Hearing set for 10/4/2017 10:00 AM in Syracuse before Senior Judge Norman A. Mordue Response to Motion due by 9/18/2017 Reply to Response to Motion due by 9/25/2017. (Fletcher, Lisa) (Entered: 09/05/2017) |
| 09/07/2017 | | TEXT NOTICE TO COUNSEL: The 42 Motion will be heard on submission of the papers. No reply is permitted. (rjb, ) (Entered: 09/07/2017) |
| 09/08/2017 | 43 | RESPONSE to Motion by Clif J. Seaway re 42 MOTION to Consolidate Cases (Bianco, Randi) (Entered: 09/08/2017) |
| 09/18/2017 | 44 | Letter Motion from AUSA Lisa Fletcher Requesting the Court to Send Attached Questionnaire to Prospective Jurors as to Clif J. Seaway (Attachments: # 1 Juror Questionnaire)(Fletcher, Lisa) Modified on 9/20/2017 (jlm). (Entered: 09/18/2017) |
| 09/19/2017 | 45 | Letter motion from Randi J. Bianco, Esq. as to Clif J. Seaway requesting list of names of jury pool (Bianco, Randi) Modified on 10/2/2017 (jlm). (Entered: 09/19/2017) |

| | | |
|---|---|---|
| 09/20/2017 | 46 | ORDER granting 42 Motion to Consolidate Cases as to Clif J. Seaway (1) for trial; granting the 44 Joint Letter Motion as to Clif J. Seaway (1) to send a questionnaire, which has been approved by both parties, to the prospective jurors in advance of trial. Case no. 5:16-cr-0339 is now designated as the lead case as to Defendant Clif Seaway for trial purposes. ALL FUTURE FILINGS as to Defendant SEAWAY MUST BE FILED ONLY IN THE LEAD CASE, 5:16-CR-339. NO FURTHER FILINGS SHALL BE DOCKETED IN THE MEMBER CASE as to Defendant Seaway, 5:16-CR-340. Signed by Senior Judge Norman A. Mordue on 9/20/2017.(jlm) (Entered: 09/20/2017) |
| 09/25/2017 | 47 | NOTICE OF ATTORNEY APPEARANCE: Tamara Thomson appearing for USA as co-counsel with Attorney Lisa M. Fletcher *for the forfeiture aspects of the case* (Thomson, Tamara) (Entered: 09/25/2017) |
| 09/26/2017 | 48 | Court Ordered Questionnaire as to Clif J. Seaway (Fletcher, Lisa) (Entered: 09/26/2017) |
| 09/26/2017 | 49 | EXHIBIT LIST by USA as to Clif J. Seaway (Fletcher, Lisa) (Entered: 09/26/2017) |
| 09/26/2017 | 50 | Proposed Jury Instructions by USA as to Clif J. Seaway (Fletcher, Lisa) (Entered: 09/26/2017) |
| 09/26/2017 | 51 | PROPOSED VERDICT FORM by USA as to Clif J. Seaway (Fletcher, Lisa) (Entered: 09/26/2017) |
| 09/26/2017 | 52 | Proposed Voir Dire by USA as to Clif J. Seaway (Fletcher, Lisa) (Entered: 09/26/2017) |
| 09/26/2017 | 53 | TRIAL BRIEF by USA as to Clif J. Seaway (Fletcher, Lisa) (Entered: 09/26/2017) |
| 09/26/2017 | 54 | WITNESS LIST by USA as to Clif J. Seaway (Fletcher, Lisa) (Entered: 09/26/2017) |
| 09/26/2017 | 55 | Certificate of Service by USA as to Clif J. Seaway re 49 Exhibit List, 54 Witness List, 48 Court Ordered Questionnaire, 52 Proposed Voir Dire, 50 Proposed Jury Instructions, 51 Proposed Verdict Form, 53 Trial Brief (Fletcher, Lisa) (Entered: 09/26/2017) |
| 09/29/2017 | 56 | WITNESS LIST by Clif J. Seaway (McKeon, Courtenay) (Entered: 09/29/2017) |
| 09/29/2017 | 57 | Court Ordered Questionnaire as to Clif J. Seaway (McKeon, Courtenay) (Entered: 09/29/2017) |
| 09/29/2017 | 58 | Proposed Voir Dire by Clif J. Seaway (McKeon, Courtenay) (Entered: 09/29/2017) |
| 09/29/2017 | 59 | Proposed Jury Instructions by Clif J. Seaway (McKeon, Courtenay) (Entered: 09/29/2017) |
| 10/02/2017 | 60 | Proposed Jury Instructions *as to the forfeiture aspect of the case* by USA as to Clif J. Seaway (Thomson, Tamara) (Entered: 10/02/2017) |
| | | |

| | | |
|---|---|---|
| 10/02/2017 | 61 | PROPOSED VERDICT FORM *as to the forfeiture aspects of the case* by USA as to Clif J. Seaway (Attachments: # 1 Special verdict form 16-cr-340) (Thomson, Tamara) (Entered: 10/02/2017) |
| 10/02/2017 | 62 | TRIAL BRIEF by USA as to Clif J. Seaway (Thomson, Tamara) (Entered: 10/02/2017) |
| 10/02/2017 | 63 | TEXT ORDER granting the 45 Motion as to Clif J. Seaway (1) for the list of names of the petit jury pool in advance of jury selection. So Ordered by Senior Judge Norman A. Mordue on 10/2/17.(jlm) (Entered: 10/02/2017) |
| 10/02/2017 | 64 | TRIAL BRIEF by Clif J. Seaway (McKeon, Courtenay) (Entered: 10/02/2017) |
| 10/02/2017 | 65 | SEALED application - maintained in Clerk's Office and not available for electronic viewing (jlm) (Entered: 10/02/2017) |
| 10/02/2017 | 66 | SEALED SEALING ORDER - maintained in Clerk's Office and not available for electronic viewing (jlm) (Entered: 10/02/2017) |
| 10/02/2017 | 67 | SEALED WITNESS LIST - GOV'T - maintained in Clerk's Office and not available for electronic viewing (jlm) (Entered: 10/02/2017) |
| 10/02/2017 | 68 | SEALED COURT ORDERED VOIR DIRE BY GOV'T - maintained in Clerk's Office and not available for electronic viewing (jlM) (Entered: 10/02/2017) |
| 10/02/2017 | 69 | Letter from the Government Requesting List of Prospective Jurors as to Clif J. Seaway (Fletcher, Lisa) (Entered: 10/02/2017) |
| 10/03/2017 | 70 | TEXT ORDER as to Clif J. Seaway re 69 Letter Motion from the Government Requesting List of Prospective Jurors as to Clif J. Seaway. So Ordered by Senior Judge Norman A. Mordue on 10/3/17. (jlm) (Entered: 10/03/2017) |
| 10/12/2017 | 71 | Letter from the Government Requesting that a Pretrial Conference be Scheduled as to Clif J. Seaway (Fletcher, Lisa) (Entered: 10/12/2017) |
| 10/17/2017 | 72 | STATUS REPORT *Bill of Particulars* by USA as to Clif J. Seaway (Thomson, Tamara) (Entered: 10/17/2017) |
| 10/17/2017 | 73 | STATUS REPORT *in response to the Government's request for pretrial conference (Dkt. No. 71)* by Clif J. Seaway (McKeon, Courtenay) (Entered: 10/17/2017) |
| 10/17/2017 | | TEXT NOTICE OF HEARING as to Clif J. Seaway. An in-person Pretrial Conference is set for 10/18/2017 at 4:15 PM in Syracuse before Senior Judge Norman A. Mordue. (jlm) (Entered: 10/17/2017) |
| 10/18/2017 | | TEXT Minute Entry for Pretrial Conference as to Clif J. Seaway held on 10/18/2017 before Senior Judge Norman A. Mordue. APPR: Lisa Fletcher, AUSA Carina Schoenberger, AUSA; Courtenay McKeon, Esq; Randi Bianco, Esq. Government requests an adjournment of the trial. Defendant opposes a continuance. Date to be determined after counsel files letter briefs regarding the continuance. (Court Reporter No transcript) (jlm) (Entered: 10/19/2017) |
| 10/19/2017 | 74 | |

| | | |
|---|---|---|
| | | Letter from AUSA Lisa Fletcher and AUSA Carina Schoenberger as to Clif J. Seaway requesting an adjournment of trial (Fletcher, Lisa) (Entered: 10/19/2017) |
| 10/19/2017 | 75 | Letter from Randi J. Bianco, Esq. as to Clif J. Seaway (Bianco, Randi) (Entered: 10/19/2017) |
| 10/19/2017 | 76 | ORDER as to Clif J. Seaway that the trial scheduled for 10/25/17 is adjourned. Jury Trial is reset for 12/11/2017 at 09:00 AM in Syracuse before Senior Judge Norman A. Mordue. Further any objection to the procedure of excusing those jurors who have responded to the juror questionnaire as set forth in this Ordere must be docketed no later than 2:30 p.m., Friday October 20, 2017; if no timely objection is received, all such jurors will be excused. Signed by Senior Judge Norman A. Mordue on 10/19/17. (jlm) (Entered: 10/19/2017) |
| 10/20/2017 | 77 | Letter from Randi Bianco as to Clif J. Seaway requesting release of jury pool (Wolfson, Martin) (Entered: 10/20/2017) |
| 10/20/2017 | 78 | Letter from AUSA Lisa Fleter and AUSA Carina Schoenberger as to Clif J. Seaway (Fletcher, Lisa) (Entered: 10/20/2017) |
| 10/24/2017 | 79 | MEMORANDUM-DECISION AND ORDER as to Clif J. Seaway. ORDERED that the Court excuses from service in this trial all those jurors whose responses to the questionnaire stated that they could not sit as fair and impartial jurors either because of personal or family issues relating to sexual abuse, child abuse, or child pornography, or because the nature of the case itself presented emotional or other difficulties for them; ORDERED that all such jurors shall be returned to the qualified wheel for random selection at a later date.Signed by Senior Judge Norman A. Mordue on 10/24/2017. (mgh) (Entered: 10/24/2017) |
| 10/25/2017 | 80 | Letter from Tamara B. Thomson as to Tammy M. Martin requesting the Court review and execute the proposed Preliminary Order of Forfeiture (Attachments: # 1 Proposed Order/Judgment Preliminary Order of Forfeiture) (Thomson, Tamara) (Entered: 10/25/2017) |
| 11/02/2017 | 81 | Certificate of Service by USA as to Clif J. Seaway re 72 Status Report *Bill of Particulars Certificate of Service* (Thomson, Tamara) (Entered: 11/02/2017) |
| 11/06/2017 | 82 | PRELIMINARY ORDER DIRECTING FORFEITURE OF PROPERTY as to Tammy M. Martin. Signed by Senior Judge Norman A. Mordue on 11/6/17. (Certified copies served upon appropriate parties/agencies) (jlm) (Entered: 11/06/2017) |
| 11/09/2017 | 83 | Agreement and ORDER as to Clif J. Seaway for the taking of the Deposition of Witness David Nguyen Galante. Signed by Senior Judge Norman A. Mordue on 11/9/17. (jlm) (Entered: 11/09/2017) |
| 11/29/2017 | 84 | Letter from Defense and Prosecutor as to Clif J. Seaway requesting the final jury names selected for trial in advance of trial (Bianco, Randi) Modified wording at the request of defense counsel on 11/29/2017 (jlm). (Entered: 11/29/2017) |
| 11/29/2017 | 85 | |

| | | |
|---|---|---|
| | | TEXT ORDER: The parties' joint request as to prospective juror names [Dkt. No. 84] is GRANTED. The Court will provide the parties with the names of the prospective jurors who remain on the panel for trial selection on December 6, 2017. At that time, the parties will also be provided the questionnaires for the prospective jurors who answered yes to one or more of the questions but indicated they could nonetheless be impartial, as requested in Dkt. No. 44.So Ordered by Senior Judge Norman A. Mordue on 11/29/17. (jlm) (Entered: 11/29/2017) |
| 12/05/2017 | 86 | WITNESS LIST by USA as to Clif J. Seaway (Fletcher, Lisa) (Entered: 12/05/2017) |
| 12/05/2017 | 87 | Certificate of Service by USA as to Clif J. Seaway re 86 Witness List (Fletcher, Lisa) (Entered: 12/05/2017) |
| 12/06/2017 | 88 | MOTION in Limine *to Preclude Testimony as to Ultimate Legal Issues* by Clif J. Seaway as to Clif J. Seaway, Tammy M. Martin. (McKeon, Courtenay) (Entered: 12/06/2017) |
| 12/06/2017 | 89 | MOTION in Limine *to Preclude Evidence of Uncharged Conduct* by Clif J. Seaway. (McKeon, Courtenay) (Entered: 12/06/2017) |
| 12/06/2017 | 90 | SEALED DOCUMENT Sealing Order- maintained in Clerk's Office and not available for electronic viewing (jlm) (Entered: 12/06/2017) |
| 12/06/2017 | 91 | SEALED MOTION in Limine by the USA as to Clif J. Seaway. The defense shall file a response the the motion by close of business on 12/7/17. No reply is permitted. (jlm) (Additional attachment(s) added on 12/7/2017: # 1 Exibit A - DVD, # 2 Transcript, # 3 Certificate of Service) (jlr, ). (Entered: 12/06/2017) |
| 12/06/2017 | | TEXT NOTICE - The Government shall file a response to the Motions in Limine by Clif J. Seaway re 89 MOTION in Limine *to Preclude Evidence of Uncharged Conduct*, 88 MOTION in Limine *to Preclude Testimony as to Ultimate Legal Issues* by close of business on 12/7/17.(jlm) Modified on 12/7/2017 (jlm). (Entered: 12/06/2017) |
| 12/07/2017 | | TEXT NOTICE - The Government shall respond to the 89 MOTION in Limine *to Preclude Evidence of Uncharged Conduct* by Clif J. Seaway by close of business today. (12/7/17). NO reply is permitted. (jlm) (Entered: 12/07/2017) |
| 12/07/2017 | | TEXT NOTICE OF HEARING as to Tammy M. Martin. The Sentencing is reset for 3/12/2018 at 10:00 AM in Syracuse before Senior Judge Norman A. Mordue. All sentencing memorandum including any letters of support shall be filed on or before 2/20/18. (jlm) (Entered: 12/07/2017) |
| 12/07/2017 | 92 | RESPONSE in Opposition by Clif J. Seaway re 91 MOTION to Seal Document (McKeon, Courtenay) (Entered: 12/07/2017) |
| 12/07/2017 | 93 | MOTION in Limine *to Exclude Photographs and Videos* by Clif J. Seaway. (McKeon, Courtenay) (Entered: 12/07/2017) |
| 12/07/2017 | 94 | RESPONSE in Opposition by USA as to Clif J. Seaway re 89 MOTION in Limine *to Preclude Evidence of Uncharged Conduct*, 88 MOTION in Limine |

| | | |
|---|---|---|
| | | *to Preclude Testimony as to Ultimate Legal Issues* (Fletcher, Lisa) (Entered: 12/07/2017) |
| 12/08/2017 | 95 | EXHIBIT LIST by USA as to Clif J. Seaway (Fletcher, Lisa) (Entered: 12/08/2017) |
| 12/08/2017 | 96 | Certificate of Service by USA as to Clif J. Seaway re 95 Exhibit List (Fletcher, Lisa) (Entered: 12/08/2017) |
| 12/08/2017 | 97 | RESPONSE in Opposition by USA as to Clif J. Seaway re 93 MOTION in Limine *to Exclude Photographs and Videos* (Attachments: # 1 Certificate of Service)(Fletcher, Lisa) (Entered: 12/08/2017) |
| 12/08/2017 | 98 | EXHIBIT LIST by USA as to Clif J. Seaway (Fletcher, Lisa) (Entered: 12/08/2017) |
| 12/10/2017 | 99 | EXHIBIT LIST by Clif J. Seaway (McKeon, Courtenay) (Entered: 12/10/2017) |
| 12/11/2017 | | TEXT Minute Entry for Jury Selection and Day 1 of the Jury Trial as to Clif J. Seaway held on 12/11/2017 before Senior Judge Norman A. Mordue. APPR: Lisa Fletcher, AUSA; Carina Schoenberger, AUSA; Benjamin Miller, Agent with NYSP; Lon Ziankoski, Agent; Randi Biano, Esq; Courtenay McKeon, Esq; John OBrien, Investigator. Defendant present. Jury selection completed [10:25-2:46]; Jurors sworn; Judge gives preliminary charge; Opening statements given. Court in recess until tomorrow at 9:00 a.m. (Court Reporter Eileen McDonough) (jlm) (Entered: 12/11/2017) |
| 12/12/2017 | | TEXT Minute Entry for Day 2 of the Jury Trial as to Clif J. Seaway held on 12/12/2017 before Senior Judge Norman A. Mordue. APPR: Lisa Fletcher, AUSA; Carina Schoenberger, AUSA; Benjamin Miller, Agent with NYSP; Lon Ziankoski, Agent; Randi Biano, Esq; Courtenay McKeon, Esq; John OBrien, Investigator. Defendant present. Government calls Witness #1 - S.V. (sworn); #2 - Benjamin Miller (sworn); #3 - Lon Ziankoski (Sworn); #3 - Michael Eckler (Sworn). Exhibits received. Court in recess until tomorrow at 10:00 a.m. (Court Reporter Eileen McDonough) (jlm) (Entered: 12/12/2017) |
| 12/13/2017 | 100 | Proposed Jury Instructions *Supplemental* by USA as to Clif J. Seaway (Attachments: # 1 Certificate of Service)(Fletcher, Lisa) (Entered: 12/13/2017) |
| 12/13/2017 | | TEXT Minute Entry for Day 3 of the Jury Trial as to Clif J. Seaway held on 12/13/2017 before Senior Judge Norman A. Mordue. APPR: Lisa Fletcher, AUSA; Carina Schoenberger, AUSA; Benjamin Miller, Agent with NYSP; Lon Ziankoski, Agent; Randi Biano, Esq; Courtenay McKeon, Esq; John OBrien, Investigator. Defendant present. AUSA Fletcher continues direct examination of Witness #4 - Michael Eckler. Government calls Witness #5 - Arlie Hedges (sworn); #6 - David Nguyen-Galante (sworn); #7 - Kayla Shepard (Sworn); #8 - Nichole Gibides (Sworn). Exhibits received. Government and defendant rests. Rule 29 motion by defense; Judge Reserves decision. Charge Conference held. Court in recess until tomorrow at 9:30 a.m. (Court Reporter Eileen McDonough) (jlm) (Entered: 12/13/2017) |
| 12/14/2017 | | TEXT Minute Entry for Day 4 of the Jury Trial as to Clif J. Seaway held on 12/14/2017 before Senior Judge Norman A. Mordue. APPR: Lisa Fletcher, |

| | | |
|---|---|---|
| | | AUSA; Carina Schoenberger, AUSA; Benjamin Miller, Agent with NYSP; Lon Ziankoski, Agent; Randi Biano, Esq; Courtenay McKeon, Esq; John OBrien, Investigator. Defendant present. Judge Mordue charges the jury. Closing arguments by counsel. Marshals sworn by Clerk; Jurors begin deliberating; Verdict reached and read by the Clerk. Defendant found guilty. Jurors excused with Thanks of the court. Original exhibits returned to Counsel. (Court Reporter Eileen McDonough) (jlm) (Entered: 12/14/2017) |
| 12/14/2017 | 101 | Final EXHIBIT LIST by USA as to Clif J. Seaway. Defendant's exhibit A noted received as gov't exhibit 2B. All exhibits returned. (jlm) (Entered: 12/14/2017) |
| 12/14/2017 | 102 | JURY VERDICT (Redacted) as to Clif J. Seaway (1) Guilty on Count 1-7. (jlm) (Entered: 12/14/2017) |
| 12/14/2017 | 103 | GUIDELINE ORDER as to Clif J. Seaway. Sentencing is set for 4/30/2018 at 10:00 AM in Syracuse before Senior Judge Norman A. Mordue. Government Sand Defendant Sentencing Memo Deadline 4/9/2018. Signed by Senior Judge Norman A. Mordue on 12/14/17. (jlm) (Main Document 103 replaced on 12/15/2017-Orig incorrectly had Albany, NY for place of sentencing) (jlm). (Entered: 12/14/2017) |
| 01/09/2018 | | TEXT NOTICE OF HEARING as to Tammy M. Martin. The Court has reset the Sentencing for 5/14/2018 at 11:00 AM in Syracuse before Senior Judge Norman A. Mordue. All sentencing memordanda and any letters of support shall be filed on or before 4/23/18. (jlm) (Entered: 01/09/2018) |
| 01/26/2018 | 104 | Letter from Tamara Thomson as to Clif J. Seaway, Tammy M. Martin requesting that the proposed Preliminary Order of Forfeiture be signed and a copy returned (Attachments: # 1 Proposed Order/Judgment proposed Preliminary Order of Forfeiture)(Thomson, Tamara) (Entered: 01/26/2018) |
| 02/09/2018 | 105 | PRELIMINARY ORDER OF FORFEITURE as to Clif J. Seaway. Signed by Senior Judge Norman A. Mordue on 2/9/18. (jlm) (Entered: 02/09/2018) |
| 02/28/2018 | 106 | PRESENTENCE INVESTIGATION REPORT - INITIAL DISCLOSURE [LODGED] as to Tammy M. Martin. The Presentence Investigation Report in this matter is now available for review. Any objections to the report shall be served on the Probation Office within 14 days of this notice, by mailing a hard copy to the Probation Officer. Please contact the probation officer who prepared the report if you have any questions.**[This document has been electronically lodged with the Court and is viewable by ONLY the attorney for the government, the attorney for the defendant, and the presiding judge. It is not a filed document, therefore is not available for public inspection. Any further distribution or dissemination is prohibited.]** (dct, ) (Entered: 02/28/2018) |
| 03/14/2018 | 107 | PRESENTENCE INVESTIGATION REPORT - INITIAL DISCLOSURE [LODGED] as to Clif J. Seaway. The Presentence Investigation Report in this matter is now available for review. Any objections to the report shall be served on the Probation Office within 14 days of this notice, by mailing a hard copy to the Probation Officer. Please contact the probation officer who prepared the |

| | | |
|---|---|---|
| | | report if you have any questions.**[This document has been electronically lodged with the Court and is viewable by ONLY the attorney for the government, the attorney for the defendant, and the presiding judge. It is not a filed document, therefore is not available for public inspection. Any further distribution or dissemination is prohibited.]** (dct, ) (Entered: 03/14/2018) |
| 03/19/2018 | 108 | SERVICE by Publication of notice of forfeiture; Last publication date March 15, 2018 in www.forfeiture.gov filed by USA (Thomson, Tamara) (Entered: 03/19/2018) |
| 03/21/2018 | 109 | SENTENCING MEMORANDUM by Clif J. Seaway (Bianco, Randi) (Entered: 03/21/2018) |
| 04/09/2018 | 110 | Letter from AUSA Lisa Fletcher Requesting Permission to File a 12 Page Sentencing Memorandum as to Clif J. Seaway (Fletcher, Lisa) (Entered: 04/09/2018) |
| 04/09/2018 | 111 | SENTENCING MEMORANDUM by USA as to Clif J. Seaway (Fletcher, Lisa) (Entered: 04/09/2018) |
| 04/10/2018 | 112 | Letter from Randi J. Bianco, Esq. as to Clif J. Seaway requesting permission to reply to government's Sentencing Memorandum (Bianco, Randi) (Entered: 04/10/2018) |
| 04/10/2018 | 113 | Second SENTENCING MEMORANDUM by Clif J. Seaway (Bianco, Randi) (Entered: 04/10/2018) |
| 04/11/2018 | 114 | PRESENTENCE INVESTIGATION REPORT - FINAL DISCLOSURE [LODGED] as to Tammy M. Martin. The final version of the Presentence Investigation Report, including all revisions and the most recent Addendum is now available for review. This version of the report will be used by the Court at the time of sentencing. **[This document has been electronically lodged with the Court and is viewable by ONLY the attorney for the government, the attorney for the defendant, and the presiding judge. Any further distribution or dissemination is prohibited.]** (Bates, Nicole) (Entered: 04/11/2018) |
| 04/11/2018 | 115 | PRESENTENCE INVESTIGATION REPORT - FINAL DISCLOSURE [LODGED] as to Clif J. Seaway. The final version of the Presentence Investigation Report, including all revisions and the most recent Addendum is now available for review. This version of the report will be used by the Court at the time of sentencing. **[This document has been electronically lodged with the Court and is viewable by ONLY the attorney for the government, the attorney for the defendant, and the presiding judge. Any further distribution or dissemination is prohibited.]** (Bates, Nicole) (Entered: 04/11/2018) |
| 04/11/2018 | 116 | DEFT Clif J. Seaway: CHARACTER LETTER(S) RE: SENTENCING submitted by Randi J. Bianco, Esq. (Bianco, Randi) (Entered: 04/11/2018) |
| 04/21/2018 | 118 | Letter from H Dana VanHee, Esq. as to Tammy M. Martin requesting adjournment of sentencing (VanHee, H. Dana) (Entered: 04/21/2018) |

| | | |
|---|---|---|
| 04/26/2018 | | TEXT NOTICE OF HEARING as to Tammy M. Martin. At the request of counsel 118 the Sentencing is reset for 6/7/2018 at 11:00 AM in Syracuse before Senior Judge Norman A. Mordue. All sentencing memoranda shall be filed on or before 5/17/18.(jlm) (Entered: 04/26/2018) |
| 04/27/2018 | | TEXT NOTICE OF HEARING as to Clif J. Seaway. Sentencing is reset for 5/3/2018 at 11:00 AM in Syracuse before Senior Judge Norman A. Mordue. (jlm) (Entered: 04/27/2018) |
| 05/03/2018 | | TEXT Minute Entry for Sentencing held on 5/3/2018 for Clif J. Seaway (1) before Senior Judge Norman A. Mordue. APPR: Lisa Fletcher, AUSA Carina Schoenberger, AUSA; Randi Juda Bianco, Esq.; Courtenay McKeon, Esq. Victims speak. Defendant is sentenced on Counts 1-7 of Indictment 5:16-cr-339 and Counts 1-5 of the Indictment in 5:16-cr-340 to 4,320 months (or 360 years) This term consists of 360 months on each count of conviction: all to run consecutively with each other. Supervised release of life on each count to run concurrently. Defendant remanded to the custody of the USM. Judge recommends that the defendant be housed at FCI Tucson. (Court Reporter Eileen McDonough) (jlm) (Entered: 05/03/2018) |
| 05/08/2018 | 119 | JUDGMENT as to Clif J. Seaway (1), Count(s) 1-7 in 5:16-cr-339-001, for a total of 4,320 months between 5:16-cr-339-001 and 5:16-cr-340-001 (or 360 years per count in each case). This term consists of 360 months on each count of conviction, all to run consecutively with each other. Supervised release of life on each count to run concurrently. Signed by Senior Judge Norman A. Mordue on 5/8/2018. (plp) (Entered: 05/08/2018) |
| 05/08/2018 | 120 | STATEMENT OF REASONS [LODGED] as to Clif J. Seaway **[This document has been electronically lodged with the Court and is viewable by ONLY the attorney for the government, the attorney for the defendant, and the presiding judge. It is not a filed document, therefore is not available for public inspection. Any further distribution or dissemination is prohibited.]** (plp, ) (Entered: 05/08/2018) |
| 05/10/2018 | 121 | NOTICE OF APPEAL by Clif J. Seaway No fee paid. (Bianco, Randi) (Entered: 05/10/2018) |
| 05/14/2018 | 122 | ELECTRONIC NOTICE AND CERTIFICATION as to Clif J. Seaway sent to US Court of Appeals re 121 Notice of Appeal. (mgh) (Entered: 05/14/2018) |
| 05/16/2018 | 123 | SENTENCING MEMORANDUM by Tammy M. Martin (VanHee, H. Dana) (Entered: 05/16/2018) |
| 05/16/2018 | 124 | Certificate of Service by Tammy M. Martin re 123 Deft. Sentencing Memorandum (VanHee, H. Dana) (Entered: 05/16/2018) |
| 05/17/2018 | 125 | Psychiatric Report Received by defense counsel for Sentencing. (Sealed) as to Tammy M. Martin (jlm) (Entered: 05/17/2018) |
| 05/17/2018 | 126 | SENTENCING MEMORANDUM by USA as to Tammy M. Martin (Fletcher, Lisa) (Entered: 05/17/2018) |
| 05/23/2018 | 127 | |

| | | |
|---|---|---|
| | | TRANSCRIPT REQUEST by Clif J. Seaway for proceedings held on 12/11/17, 12/12/17, 12/13/17, 12/14/17 and 5/3/18 before Judge Mordue. (Egan, James) (Entered: 05/23/2018) |
| 06/07/2018 | | TEXT Minute Entry for Sentencing held on 6/7/2018 for Tammy M. Martin (2) before Senior Judge Norman A. Mordue. APPR: Lisa Fletcher, AUSA; Carina Schoenberger, AUSA; Dana Vanhee, Esq. Defendant sentenced on Counts 2-4 of the Indictment to Imprisonment of 360 months on each of Counts 2, 3, and 4 of the Indictment to be served consecutively for a total of 1080 months (90 years total); Supervised Release of Life on each count to be served concurrently. $300 special assessment, due immediately; No fine imposed; Forfeiture as listed in Preliminary Order of Forfeiture signed by this Court on 11/6/17. DISMISSAL OF COUNT 1 on Government Motion as to Tammy M. Martin. Appeal rights explained and defendant and counsel both acknowledge NO appeal to be filed. Defendant remanded. (Court Reporter Hannah Cavanaugh) (jlm) (Entered: 06/07/2018) |
| 06/12/2018 | 128 | JUDGMENT as to Tammy M. Martin (2) - Count 1 Dismissed on motion of Government; Count(s) 2-4: Imprisonment of 360 months on each of Counts 2, 3, and 4 of the Indictment to be served consecutively for a total of 1080 months (90 years total); Supervised Release of Life on each count to be served concurrently. $300 Special Assessment. No fine imposed. Forfeiture as listed in Preliminary Order of Forfeiture signed by this Court on 11/6/2017. (plp) (Entered: 06/12/2018) |
| 06/12/2018 | 129 | STATEMENT OF REASONS [LODGED] as to Tammy M. Martin **[This document has been electronically lodged with the Court and is viewable by ONLY the attorney for the government, the attorney for the defendant, and the presiding judge. It is not a filed document, therefore is not available for public inspection. Any further distribution or dissemination is prohibited.]** (plp, ) (Entered: 06/12/2018) |
| 06/22/2018 | | NOTICE as to Tammy M. Martin - Attorneys appointed pursuant to the Criminal Justice Act are reminded that CJA Vouchers are to be submitted no later than 45 days after the final disposition of the case, unless good cause is shown. Refer to the Court's website: http://www.nynd.uscourts.gov/criminal-justice-act for comprehensive information relating to court appointed representation. (jlm) (Entered: 06/22/2018) |
| 07/02/2018 | 130 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Clif J. Seaway: Jury Trial (Excluding Jury Selection) held on 12/11/2017 before Judge Norman A. Mordue, Court Reporter/Transcriber: Eileen McDonough,Telephone number: 315-234-8546. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may |

| | | |
|---|---|---|
| | | be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/23/2018. Redacted Transcript Deadline set for 8/2/2018. Release of Transcript Restriction set for 10/1/2018. Notice of Intent to Redact due by 7/9/2018 (etm, ) (Entered: 07/02/2018) |
| 07/02/2018 | 131 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Clif J. Seaway: Jury Trial held on 12/12/2017 before Judge Norman A. Mordue, Court Reporter/Transcriber: Eileen McDonough,Telephone number: 315-234-8546. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/23/2018. Redacted Transcript Deadline set for 8/2/2018. Release of Transcript Restriction set for 10/1/2018. Notice of Intent to Redact due by 7/9/2018 (etm, ) (Entered: 07/02/2018) |
| 07/02/2018 | 132 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Clif J. Seaway: Jury Trial held on 12/13/2017 before Judge Norman A. Mordue, Court Reporter/Transcriber: Eileen McDonough,Telephone number: 315-234-8546. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/23/2018. Redacted Transcript Deadline set for 8/2/2018. Release of Transcript Restriction set for 10/1/2018. Notice of Intent to Redact due by 7/9/2018 (etm, ) (Entered: 07/02/2018) |
| 07/02/2018 | 133 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Clif J. Seaway: Jury Trial held on 12/14/2017 before Judge Norman A. Mordue, Court Reporter/Transcriber: Eileen McDonough,Telephone number: 315-234-8546. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must |

| | | |
|---|---|---|
| | | electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/23/2018. Redacted Transcript Deadline set for 8/2/2018. Release of Transcript Restriction set for 10/1/2018. Notice of Intent to Redact due by 7/9/2018 (etm, ) (Entered: 07/02/2018) |
| 07/02/2018 | 134 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Clif J. Seaway: Sentencing held on 5/3/2018 before Judge Norman A. Mordue, Court Reporter/Transcriber: Eileen McDonough,Telephone number: 315-234-8546. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/23/2018. Redacted Transcript Deadline set for 8/2/2018. Release of Transcript Restriction set for 10/1/2018. Notice of Intent to Redact due by 7/9/2018 (etm, ) (Entered: 07/02/2018) |
| 07/20/2018 | 135 | TRANSCRIPT REQUEST by Clif J. Seaway for proceedings held on 10/18/17 before Judge Mordue. (Egan, James) (Entered: 07/20/2018) |
| 07/23/2018 | 136 | PROCESS RECEIPT AND RETURN of CBP Returned Executed on 6/11/18 Items A through i of the Preliminary Order of Forfeiture arrested and stored in the CBP Seizure vault filed by USA (Thomson, Tamara) (Entered: 07/23/2018) |
| 07/23/2018 | 137 | PROCESS RECEIPT AND RETURN of CBP Returned Executed on 7/20/18 Items j through n listed on page 2 of the Preliminary Order of Forfeiture arrested and stored in the CBP Seizure vault filed by USA (Thomson, Tamara) (Entered: 07/23/2018) |
| 07/23/2018 | 138 | STATUS REPORT *notifying the Court that no ancillary claims were filed and the Preliminary Order of Forfeiture is now final as to the defendant, and no separate final order will be presented* by USA as to Clif J. Seaway, Tammy M. Martin (Thomson, Tamara) (Entered: 07/23/2018) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/19/2018 10:35:44 | | | |
| **PACER Login:** | melissatuohey | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:16-cr-00339-NAM |
| **Billable Pages:** | 19 | **Cost:** | 1.90 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

Query Reports Utilities Help Log Out

APPEAL,CLOSED,MEMBER

# U.S. District Court
# Northern District of New York - Main Office (Syracuse) [NextGen CM/ECF Release 1.2 (Revision 1.2)] (Syracuse)
# CRIMINAL DOCKET FOR CASE #: 5:16-cr-00340-NAM All Defendants

Case title: USA v. Seaway et al
Magistrate judge case number: 5:16-mj-00091-TWD

Date Filed: 11/17/2016
Date Terminated: 06/22/2018

---

Assigned to: Senior Judge Norman A. Mordue

**Defendant (1)**

**Clif J. Seaway**
*TERMINATED: 05/08/2018*

represented by **James P. Egan**
Office of the Federal Public Defender - Syracuse Office
Northern District of New York
4 Clinton Square, 3rd Floor
Syracuse, NY 13202
315-701-0080
Fax: 315-701-0081
Email: james.egan@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Randi Juda Bianco**
Office of the Federal Public Defender - Syracuse Office
Northern District of New York
4 Clinton Square, 3rd Floor
Syracuse, NY 13202
315-701-0080
Fax: 315-701-0081
Email: randi_bianco@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Courtenay K. McKeon**

Office of the Federal Public Defender - Syracuse Office
Northern District of New York
4 Clinton Square, 3rd Floor
Syracuse, NY 13202
315-701-0080
Fax: 315-701-0081
Email: courtenay_mckeon@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:2251.F-SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (1) | 4,320 months (or 360 years) This term consists of 360 months on each count of conviction: all to run consecutively with each other. Supervised release of life on each count to run concurrently. |
| 18:2251.F-SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (2) | 4,320 months (or 360 years) This term consists of 360 months on each count of conviction: all to run consecutively with each other. Supervised release of life on each count to run concurrently. |
| 18:2251.F-SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (3) | 4,320 months (or 360 years) This term consists of 360 months on each count of conviction: all to run consecutively with each other. Supervised release of life on each count to run concurrently. |
| 18:2251.F-SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (4) | 4,320 months (or 360 years) This term consists of 360 months on each count of conviction: all to run consecutively with each other. Supervised release of life on each count to run concurrently. |
| 18:2251.F-SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (5) | 4,320 months (or 360 years) This term consists of 360 months on each count of conviction: all to run consecutively with each other. Supervised release of life on each count to run concurrently. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: Senior Judge Norman A. Mordue

**Defendant (2)**

**Tammy J. Lamere**
*TERMINATED: 06/22/2018*

represented by **Robert G. Wells**
Office of Robert G. Wells
120 East Washington Street
825 University Building
Syracuse, NY 13202
315-472-4489
Fax: 315-472-1456
Email: dfndr@hotmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:2251.F-SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (1) | 360 months imprisonment on each Count to be served concurrently. 15 years supervised release to follow. |
| 18:2251.F-SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (2) | 360 months imprisonment on each Count to be served concurrently. 15 years supervised release to follow. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|

18:2251.F SEXUAL EXPLOITATION OF CHILDREN

---

**Plaintiff**

**USA** represented by **Lisa M. Fletcher**
Office of the United States Attorney - Syracuse
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198
315-448-0672
Fax: 315-448-0658
Email: lisa.fletcher@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Carina Hyatt Schoenberger**
U.S. Attorney's Office - Syracuse, NY
100 South Clinton Street, Room 900
Syracuse, NY 13261
315-448-0672
Fax: 315-448-0658
Email: carina.schoenberger@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Tamara Thomson**
Office of United States Attorney - Syracuse Office
100 South Clinton Street
P.O. Box 7198
Syracuse, NY 13261
315-448-0672
Fax: 315-448-0658
Email: tamara.thomson@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/02/2016 | 1 | COMPLAINT as to Tammy J. Lamere (1). (sg) [5:16-mj-00091-TWD] (Entered: 03/02/2016) |
| 03/02/2016 | 3 | APPLICATION for Writ of Habeas Corpus ad prosequendum by USA as to Tammy J. Lamere. (sg) [5:16-mj-00091-TWD] (Entered: 03/02/2016) |
| 03/02/2016 | 4 | |

| | | |
|---|---|---|
| | | ORDER granting 3 Application for Writ of Habeas Corpus ad prosequendum as to Tammy J. Lamere (1). Defendant to appear on 3/3/2016 in U.S. District Court. Signed by Magistrate Judge Therese Wiley Dancks on 3/2/2016. (sg) [5:16-mj-00091-TWD] (Entered: 03/02/2016) |
| 03/03/2016 | | TEXT Minute Entry for proceedings held before Magistrate Judge Therese Wiley Dancks:Initial Appearance as to Tammy J. Lamere held on 3/3/2016. Appearances: AUSA Lisa Fletcher for the Government; Robert G. Wells, Esq. for Defendant; USPO Ellen Phillips. Defendant appears with counsel, copy of the complaint provided. Defendant is advised of rights, charges and maximum penalties if convicted. Judge Dancks finds that defendant does qualify for court appointed counsel based on the Financial Affidavit submitted, and appoints Mr. Wells as CJA counsel for Defendant. Court does advise Defendant, however, that should it be determined that Defendant has the means to retain counsel, the Court may request Defendant to repay any attorney's fees incurred by the Court. Government moves for detention. Defendant waives immediate Detention Hearing and Preliminary Hearing, reserving rights to reapply to the Court for the scheduling of such hearings. The Court accepts Defendant's waiver of immediate Detention Hearing and Preliminary Hearing as knowing and voluntary. Defendant remanded to the custody of the U.S. Marshals. (Court Reporter (Diane Martens: 10:33AM-10:40AM) (sg) [5:16-mj-00091-TWD] (Entered: 03/03/2016) |
| 03/03/2016 | 5 | CJA 20 appointing Robert G. Wells, Esq. as CJA appointed counsel to defendant Tammy J. Lamere. Refer to the Court's website: http://www.nynd.uscourts.gov/cja.cfm for comprehensive information relating to court appointed representation. Attorneys are reminded that CJA vouchers are to be submitted to the court no later than 45 days after the final disposition of the case, unless good cause is shown. Please refer to Appendix II of the CJA Plan (Guidelines for Submitting Claims for Reimbursement Pursuant to the Criminal Justice Act of the Northern District of New York) SO ORDERED by Magistrate Judge Therese Wiley Dancks on 3/3/2016. (sg) [5:16-mj-00091-TWD] (Entered: 03/03/2016) |
| 03/03/2016 | 6 | Arrest Warrant issued on 3/2/2016 by Magistrate Judge Therese Wiley Dancks returned Executed on 3/3/2016 in case as to Tammy J. Lamere, signed by Lon Ziankoski, Special Agent, Homeland Security Investigations. (sg) [5:16-mj-00091-TWD] (Entered: 03/03/2016) |
| 03/03/2016 | 7 | NOTICE OF ATTORNEY APPEARANCE: Carina Hyatt Schoenberger appearing for USA (Schoenberger, Carina) [5:16-mj-00091-TWD] (Entered: 03/03/2016) |
| 03/08/2016 | 8 | STIPULATION by USA to 90 day extension of time (Schoenberger, Carina) [5:16-mj-00091-TWD] (Entered: 03/08/2016) |
| 03/08/2016 | 9 | NOTICE OF ATTORNEY APPEARANCE: Robert G. Wells appearing for Tammy J. Lamere (Wells, Robert) [5:16-mj-00091-TWD] (Entered: 03/08/2016) |
| 03/08/2016 | 10 | STIPULATION AND ORDER FOR ENLARGEMENT OF TIME as to Tammy J. Lamere : Time excluded from 3/8/2016 until 6/6/2016. Signed by Magistrate |

| | | |
|---|---|---|
| | | Judge Therese Wiley Dancks on 3/8/2016. (sg) [5:16-mj-00091-TWD] (Entered: 03/08/2016) |
| 06/03/2016 | 11 | STIPULATION by USA to 90 day extension of time (Schoenberger, Carina) [5:16-mj-00091-TWD] (Entered: 06/03/2016) |
| 06/06/2016 | 12 | STIPULATION AND ORDER FOR ENLARGEMENT OF TIME as to Tammy J. Lamere : Time excluded from 6/6/2016 until 9/6/2016. Signed by Magistrate Judge Therese Wiley Dancks on 6/6/2016. (sg) [5:16-mj-00091-TWD] (Entered: 06/06/2016) |
| 09/02/2016 | 13 | STIPULATION by USA to 60 Day Extension of Time (Fletcher, Lisa) [5:16-mj-00091-TWD] (Entered: 09/02/2016) |
| 09/08/2016 | 14 | STIPULATION AND ORDER FOR ENLARGEMENT OF TIME as to Tammy J. Lamere : Time excluded from 9/6/2016 until 11/5/2016. Signed by Magistrate Judge Therese Wiley Dancks on 9/6/2016. (sg) [5:16-mj-00091-TWD] (Entered: 09/08/2016) |
| 11/02/2016 | 15 | STIPULATION by USA to 60 Day Extension of Time (Fletcher, Lisa) [5:16-mj-00091-TWD] (Entered: 11/02/2016) |
| 11/02/2016 | 16 | STIPULATION AND ORDER FOR ENLARGEMENT OF TIME as to Tammy J. Lamere : Time excluded from 11/5/2016 until 1/4/2017. Signed by Magistrate Judge Therese Wiley Dancks on 11/2/2016. (sg) [5:16-mj-00091-TWD] (Entered: 11/02/2016) |
| 11/17/2016 | 17 | INDICTMENT as to Clif J. Seaway (1) count(s) 1-5, Tammy J. Lamere (2) count(s) 1-2, with Forfeiture Allegation. (sg) (Entered: 11/18/2016) |
| 11/17/2016 | | TEXT Minute Entry for proceedings held before Magistrate Judge Therese Wiley Dancks on 11/17/2016: GRAND JURY makes a partial report and returns Indictment as to Clif J. Seaway and Tammy J. Lamere. No special requests. Tally Sheet is ordered sealed. (Court Reporter S. Byrne) (sg) (Entered: 11/18/2016) |
| 11/18/2016 | 18 | TEXT NOTICE to Counsel for defendant CLIF J. SEAWAY: An 17 Indictment dated 11/17/2016 has been filed with the Court. In the event Defendant Seaway wishes to waive appearance for an arraignment, both the Defendant and Defendant's counsel must complete and electronically file with the Court the attached form by 11/30/2016. If the Court does not receive the form by the above date the Court will IMMEDIATELY schedule the arraignment of your client. Because of Speedy Trial issues, the Court appearance for arraignment may be scheduled with very little advanced notice. (sg) (Entered: 11/18/2016) |
| 11/18/2016 | 19 | TEXT NOTICE to Counsel for Defendant TAMMY J. LAMERE: An 17 Indictment dated 11/17/2016 has been filed with the Court. In the event Defendant Lamere wishes to waive appearance for an arraignment, both the Defendant and Defendant's counsel must complete and electronically file with the Court the attached form by 11/30/2016. If the Court does not receive the form by that date the Court will IMMEDIATELY schedule the arraignment of your client. Because of Speedy Trial issues, the Court appearance for |

| | | |
|---|---|---|
| | | arraignment may be scheduled with very little advanced notice. (sg) (Entered: 11/18/2016) |
| 11/22/2016 | 20 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Clif J. Seaway (Bianco, Randi) (Entered: 11/22/2016) |
| 11/22/2016 | 21 | TEXT ORDER approving 20 Waiver of Presence at Arraignment and entry of plea of not guilty to 17 Indictment as to Defendant Clif J. Seaway. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 11/22/2016. (sg) (Entered: 11/22/2016) |
| 11/29/2016 | 22 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Tammy J. Lamere (Wells, Robert) (Entered: 11/29/2016) |
| 12/02/2016 | 23 | TEXT ORDER approving 22 Waiver of Presence at Arraignment and entry of plea of not guilty to 17 Indictment as to Defendant Tammy J. Lamere. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 12/2/2016. (sg) (Entered: 12/02/2016) |
| 12/02/2016 | 24 | CRIMINAL PRETRIAL SCHEDULING ORDER as to Clif J. Seaway and Tammy J. Lamere: Motions to be filed by 12/27/2016. Jury Trial set for 1/23/2017 at 9:30 AM in Syracuse before Senior Judge Norman A. Mordue. Signed by Magistrate Judge Therese Wiley Dancks on 11/29/2016. (sg) (Entered: 12/02/2016) |
| 01/27/2017 | 25 | STIPULATION by USA to 90 Day Extension of Time (Fletcher, Lisa) (Entered: 01/27/2017) |
| 02/01/2017 | 26 | ORDER TO CONTINUE - Ends of Justice as to Clif J. Seaway and Tammy J. Lamere. Time excluded from 2/1/17 until 5/2/17. Jury Trial is set for 5/8/2017 at 09:00 AM in Syracuse before Senior Judge Norman A. Mordue. All pretrial papers are due on or before 4/24/17/ Motions to be filed by 3/6/2017. Signed by Senior Judge Norman A. Mordue on 2/1/2017. (jlm) (Entered: 02/01/2017) |
| 03/03/2017 | 27 | MOTION to Suppress by Clif J. Seaway as to Clif J. Seaway, Tammy J. Lamere. Motion Hearing set for 4/5/2017 10:00 AM in Syracuse before Senior Judge Norman A. Mordue Response to Motion due by 3/20/2017. No Reply Permitted. (Attachments: # 1 Memorandum of Law, # 2 Exhibit(s))(Bianco, Randi) (Attachment 2 replaced on 3/21/2017) (jlm) (Entered: 03/03/2017) |
| 03/21/2017 | | CLERK'S CORRECTION OF DOCKET ENTRY re 27 Motion to Suppress. Exhibits replaced with a redaction. (jlm) (Entered: 03/21/2017) |
| 03/24/2017 | 28 | RESPONSE in Opposition by USA as to Clif J. Seaway re 27 MOTION to Suppress (Fletcher, Lisa) (Additional attachment(s) added on 3/24/2017: # 1 Exhibit 1 - Sealed) (jlr, ). (Attachment 1 replaced on 4/19/2017) (jlr, ). (Entered: 03/24/2017) |
| 03/24/2017 | 29 | Letter APPLICATION from Lisa M. Fletcher, AUSA as to Clif J. Seaway requesting To seal Exhibit 1 of the 28 Response. (jlm) (Entered: 03/24/2017) |
| 03/24/2017 | 30 | Order to Seal Document (Exhibit 1) of the Government's 28 Response as to Clif J. Seaway. Signed by Senior Judge Norman A. Mordue on 3/24/17. (jlm) (Entered: 03/24/2017) |

A. 30

| | | |
|---|---|---|
| 04/04/2017 | | TEXT NOTICE - The 27 MOTION to Suppress by Clif J. Seaway is on submit. NO appearances. The is No oral argument on the scheduled motion return date, unless Judge Mordue's chambers sua sponte directs and schedules oral argument. (jlm) (Entered: 04/04/2017) |
| 06/22/2017 | 31 | ORDER denying the defendant's 27 Motion to Suppress as to Clif J. Seaway (1). The period from March 15, 2017 until the date of the decision herein onJune 22, 2017 is excluded in computing time under the Speedy Trial Act in the interests of justice. Signed by Senior Judge Norman A. Mordue on 6/22/17.(jlm) (Entered: 06/22/2017) |
| 07/07/2017 | 32 | STIPULATION by USA to 115 Day Extension of Time (Fletcher, Lisa) (Entered: 07/07/2017) |
| 07/10/2017 | 33 | ORDER TO CONTINUE - Ends of Justice as to Clif J. Seaway, Tammy J. Lamere Time excluded from 7/10/17 until 10/25/17. Firm Date for the Jury Trial - reset to 10/25/2017 09:00 AM in Syracuse before Senior Judge Norman A. Mordue. Signed by Senior Judge Norman A. Mordue on 7/10/17. (jlm) (Entered: 07/10/2017) |
| 07/20/2017 | 34 | NOTICE OF ATTORNEY APPEARANCE: Courtenay K. McKeon appearing for Clif J. Seaway as substituted with/for Attorney: Juan J. Rodriguez, Esq. (McKeon, Courtenay) (Entered: 07/20/2017) |
| 07/31/2017 | 35 | NOTICE OF HEARING as to Clif J. Seaway and Tammy J. Lamere. The Jury Trial is set for 10/25/2017 at 09:00 AM in Syracuse before Senior Judge Norman A. Mordue. This is a FIRM trial date. Counsel shall file All Court Order Pretrial Papers on or before 10/2/2017. (jlm) (Entered: 07/31/2017) |
| 08/15/2017 | | TEXT NOTICE OF HEARING as to Tammy J. Lamere. A Change of Plea Hearing is set for 8/21/2017 at 11:00 AM in Syracuse before Senior Judge Norman A. Mordue. (jlm) (Entered: 08/15/2017) |
| 08/18/2017 | 36 | Letter from ROBERT G. WELLS as to Tammy J. Lamere requesting REMOVE CHANGE OF PLEA APPEARANCE FROM CALENDAR (Attachments: # 1 Exhibit(s) Certificate of Electronic Service)(Wells, Robert) (Entered: 08/18/2017) |
| 08/18/2017 | 37 | TEXT ORDER as to Tammy J. Lamere Denying the 36 Letter from ROBERT G. WELLS as to Tammy J. Lamere requesting adjournment of the Plea Appearance from the calendar scheduled for Monday, August 21, 2017 at 11:00 a.m. Counsel shall appear as scheduled. So Ordered by Senior Judge Norman A. Mordue on 8/18/17. (jlm) (Entered: 08/18/2017) |
| 08/21/2017 | 38 | NOTICE OF ATTORNEY APPEARANCE: Carina Hyatt Schoenberger appearing for USA as co-counsel with Attorney Lisa M. Fletcher (Schoenberger, Carina) (Entered: 08/21/2017) |
| 08/21/2017 | 39 | ORAL MOTION for Psychiatric Exam by Robert Wells, Esq., for Tammy J. Lamere. (jlm) (Entered: 08/21/2017) |
| 08/21/2017 | | TEXT Minute Entry for Motion Hearing as to Tammy J. Lamere held on 8/21/2017 re 39 ORAL MOTION for Psychiatric Exam filed by Tammy J. Lamere before Senior Judge Norman A. Mordue. APPR: Lisa Fletcher, AUSA; |

A. 31

| | | |
|---|---|---|
| | | Robert G. Wells, Esq. No objection by Government. Judge signs order. Defendant remanded. (Court Reporter Eileen McDonough) (jlm) (Entered: 08/21/2017) |
| 08/22/2017 | 40 | ORDER granting the 39 Motion for Psychiatric Exam as to Tammy J. Lamere (2). Signed by Senior Judge Norman A. Mordue on 8/22/2017.(jlm) (Entered: 08/22/2017) |
| 09/05/2017 | 41 | MOTION to Consolidate Cases by USA as to Clif J. Seaway. Motion Hearing set for 10/4/2017 10:00 AM in Syracuse before Senior Judge Norman A. Mordue Response to Motion due by 9/18/2017 Reply to Response to Motion due by 9/25/2017. (Fletcher, Lisa) (Entered: 09/05/2017) |
| 09/07/2017 | | TEXT NOTICE TO COUNSEL: The 41 Motion will be heard on submission of the papers. No reply is permitted. (rjb, ) (Entered: 09/07/2017) |
| 09/18/2017 | 42 | Letter Motion from AUSA Lisa Fletcher Requesting the Court to Send Attached Questionnaire to Prospective Jurors as to Clif J. Seaway (Attachments: # 1 Juror Questionnaire)(Fletcher, Lisa) Modified on 9/20/2017 (jlm). (Entered: 09/18/2017) |
| 09/19/2017 | 43 | Letter from Randi J. Bianco, Esq. as to Clif J. Seaway requesting list of names of jury pool (Bianco, Randi) (Entered: 09/19/2017) |
| 09/20/2017 | 44 | ORDER granting the 41 Motion to Consolidate Cases as to Clif J. Seaway (1) for trial; and granting the 42 Joint Letter Motion as to Clif J. Seaway (1) to send a questionnaire, which has been approved by both parties, to the prospective jurors in advance of trial. Case no. 5:16-cr-0339 is now designated as the lead case as to Defendant Clif Seaway for trial purposes. The charges against Clif Seaway are severed from those against codefendant Tammy Lamere in 5:16-CR-0340. ALL FUTURE FILINGS as to Defendant SEAWAY MUST BE FILED ONLY IN THE LEAD CASE, 5:16-CR-339. NO FURTHER FILINGS SHALL BE DOCKETED IN THE MEMBER CASE as to Defendant Seaway, 5:16-CR-340. Signed by Senior Judge Norman A. Mordue on 9/20/2017.(jlm) (Entered: 09/20/2017) (Entered: 09/20/2017) |
| 09/25/2017 | 45 | NOTICE OF ATTORNEY APPEARANCE: Tamara Thomson appearing for USA as co-counsel with Attorney Lisa M. Fletcher *for the forfeiture aspects of the case* (Thomson, Tamara) (Entered: 09/25/2017) |
| 10/19/2017 | 46 | Letter from AUSA Lisa Fletcher and AUSA Carina Schoenberger as to Clif J. Seaway requesting an adjournment of trial (Fletcher, Lisa) (Entered: 10/19/2017) |
| 11/20/2017 | 47 | Letter Motion from USA Regarding Defendant's Contribution to Cost of Legal Fees as to Tammy J. Lamere (Thomson, Tamara) Modified on 11/21/2017 (jlm). (Entered: 11/20/2017) |
| 11/21/2017 | 48 | ORDER REFERRING LETTER MOTION as to Tammy J. Lamere to Magistrate Dancks. RE 47 MOTION for Hearing/or consideration on costs of appointed counsel filed by USA. So Ordered by Senior Judge Norman A. Mordue on 11/20/17. (jlm) (Entered: 11/21/2017) |
| 11/22/2017 | 49 | |

| | | |
|---|---|---|
| | | TEXT ORDER as to Tammy J. Lamere: Court has reviewed the government's letter motion (Dkt. No. 47 ) for a hearing pursuant to 18 USC Section 3006A(F), and for an interim order for the Bureau of Prisons to hold on deposit all funds held in defendant's inmate trust account except funds earned by defendant from prison employment. Letter motion granted. The Bureau of Prisons shall place a hold on all funds deposited in defendant's inmate trust account except funds earned by defendant from prison employment until further order of this court. A hearing will be scheduled, a separate text notice will be issued setting the date and time. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 11/22/2017.(sg) (Entered: 11/22/2017) |
| 11/22/2017 | 50 | TEXT ORDER as to Tammy J. Lamere: In light of the defendant currently undergoing a court ordered psychiatric examination, counsel are directed to advise the Court when said examination is completed so that a hearing may scheduled before Magistrate Judge Dancks to determine defendant's current financial eligibility for court appointed counsel. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 11/22/2017. (sg) (Entered: 11/22/2017) |
| 11/30/2017 | | TEXT NOTICE OF HEARING as to Tammy J. Lamere. A Competency Hearing is set for 12/18/2017 at 10:30 AM in Syracuse before Senior Judge Norman A. Mordue. (jlm) (Entered: 11/30/2017) |
| 12/14/2017 | 52 | JURY VERDICT (Redacted) as to Clif J. Seaway (1) Guilty on Count 1-5. Also filed in Lead Case 5:16-cr-0339. (jlm) (Entered: 12/14/2017) |
| 12/14/2017 | | TEXT NOTICE - Counsel are directed to file forthwith any exhibit and witness lists in reference to the Competency Hearing scheduled as to Tammy J. Lamere scheduled for December 18, 2017 at 10:30 am.(jlm) (Entered: 12/14/2017) |
| 12/18/2017 | 53 | OFFER OF PROOF filed by the Government as to Tammy J. Lamere. (Attachments: # 1 Certificate of Service)(Fletcher, Lisa) (Entered: 12/18/2017) |
| 12/18/2017 | | TEXT Minute Entry for Competency Hearing as to Tammy J. Lamere held on 12/18/2017 before Senior Judge Norman A. Mordue. APPR: Lisa Fletcher, AUSA; Carina Schoenberger, AUSA; Roberts Wells, Esq. Judge finds defendant competent to stand trial; Defendant wishes to proceed to a plea. A Change of Plea Hearing as to Tammy J. Lamere held on 12/18/2017. Plea entered by Tammy J. Lamere (2) of Guilty to Counts 1 and 2 of the Indictment. Defendant admits to the forfeiture allegations contained in the Indictment. No plea agreement. Defendant remanded. (Court Reporter Eileen McDonough) (jlm) (Entered: 12/18/2017) |
| 12/18/2017 | 54 | GUIDELINE ORDER as to Tammy J. Lamere. Sentencing is set for 4/18/2018 at 10:00 AM in Syracuse before Senior Judge Norman A. Mordue. Government and Defendant Sentencing Memo Deadline 3/28/2018. All letters of support shall be electronically filed in accordance with General Orders 22 and 52 and shall be filed by 4/18/18. Signed by Senior Judge Norman A. Mordue on 12/18/17. (jlm) (Entered: 12/18/2017) |
| 01/02/2018 | 55 | Letter from Tamara Thomson as to Tammy J. Lamere requesting that the proposed Preliminary Order of Forfeiture be filed and a copy returned |

| | | |
|---|---|---|
| | | (Attachments: # 1 Proposed Order/Judgment proposed Preliminary Order of Forfeiture)(Thomson, Tamara) (Entered: 01/02/2018) |
| 01/12/2018 | 56 | PRELIMINARY ORDER DIRECTING FORFEITURE OF SPECIFIC PROPERTY: as noted herein, as to Tammy J. Lamere. Signed by Senior Judge Norman A. Mordue on 1/12/2018. {Electronically certified copy sent to Tamara B. Thomson, AUSA} (jmb) (Entered: 01/12/2018) |
| 02/28/2018 | 57 | SERVICE by Publication of Notice of Forfeiture; Last publication date 2/24/18 in www.forfeiture.gov filed by USA (Thomson, Tamara) (Entered: 02/28/2018) |
| 03/08/2018 | 58 | PRESENTENCE INVESTIGATION REPORT - INITIAL DISCLOSURE [LODGED] as to Tammy J. Lamere. The Presentence Investigation Report in this matter is now available for review. Any objections to the report shall be served on the Probation Office within 14 days of this notice, by mailing a hard copy to the Probation Officer. Please contact the probation officer who prepared the report if you have any questions.**[This document has been electronically lodged with the Court and is viewable by ONLY the attorney for the government, the attorney for the defendant, and the presiding judge. It is not a filed document, therefore is not available for public inspection. Any further distribution or dissemination is prohibited.]** (dct, ) (Entered: 03/08/2018) |
| 03/28/2018 | | TEXT NOTICE OF HEARING as to Tammy J. Lamere. The Sentencing is reset for 5/23/2018 at 10:00 AM in Syracuse before Senior Judge Norman A. Mordue. All sentencing memoranda shall be filed on or before 5/2/18. Any letters of support shall be filed electronically on or before 5/2/18.(jlm) (Entered: 03/28/2018) |
| 03/29/2018 | 59 | PRESENTENCE INVESTIGATION REPORT - FINAL DISCLOSURE [LODGED] as to Tammy J. Lamere. The final version of the Presentence Investigation Report, including all revisions and the most recent Addendum is now available for review. This version of the report will be used by the Court at the time of sentencing. **[This document has been electronically lodged with the Court and is viewable by ONLY the attorney for the government, the attorney for the defendant, and the presiding judge. Any further distribution or dissemination is prohibited.]** (Bates, Nicole) (Entered: 03/29/2018) |
| 03/30/2018 | 60 | SENTENCING MEMORANDUM by USA as to Tammy J. Lamere (Fletcher, Lisa) (Entered: 03/30/2018) |
| 04/11/2018 | 61 | PRESENTENCE INVESTIGATION REPORT - FINAL DISCLOSURE [LODGED] as to Clif J. Seaway. The final version of the Presentence Investigation Report, including all revisions and the most recent Addendum is now available for review. This version of the report will be used by the Court at the time of sentencing. **[This document has been electronically lodged with the Court and is viewable by ONLY the attorney for the government, the attorney for the defendant, and the presiding judge. Any further distribution or dissemination is prohibited.]** (Bates, Nicole) (Entered: 04/11/2018) |
| | | |

| | | |
|---|---|---|
| 05/02/2018 | 62 | First SENTENCING MEMORANDUM by Tammy J. Lamere (Attachments: # 1 Exhibit(s) Certificate of Service)(Wells, Robert) (Entered: 05/02/2018) |
| 05/03/2018 | | TEXT Minute Entry for Sentencing held on 5/3/2018 for Clif J. Seaway (1) before Senior Judge Norman A. Mordue. APPR: Lisa Fletcher, AUSA Carina Schoenberger, AUSA; Randi Juda Bianco, Esq.; Courtenay McKeon, Esq. Victims speak. Defendant is sentenced on Counts 1-7 of Indictment 5:16-cr-339 and Counts 1-5 of the Indictment in 5:16-cr-340 to 4,320 months (or 360 years) This term consists of 360 months on each count of conviction: all to run consecutively with each other. $1,200 special assessment, waived pursuant to 18 USC 3573. No fine imposed. Supervised release of life on each count to run concurrently. Defendant remanded to the custody of the USM. Judge recommends that the defendant be housed at FCI Tucson. (Court Reporter Eileen McDonough) (jlm) (Entered: 05/03/2018) |
| 05/08/2018 | 63 | JUDGMENT as to Clif J. Seaway (1), Count(s) 1-5 in 5:16-cr-340-001, for a total of 4,320 months between 5:16-cr-339-001 and 5:16-cr-340-001 (or 360 years per count in each case). This term consists of 360 months on each count of conviction, all to run consecutively with each other. Supervised release of life on each count to run concurrently. Signed by Senior Judge Norman A. Mordue on 5/8/2018. (plp) (Entered: 05/08/2018) |
| 05/08/2018 | 64 | STATEMENT OF REASONS [LODGED] as to Clif J. Seaway **[This document has been electronically lodged with the Court and is viewable by ONLY the attorney for the government, the attorney for the defendant, and the presiding judge. It is not a filed document, therefore is not available for public inspection. Any further distribution or dissemination is prohibited.]** (plp, ) (Entered: 05/08/2018) |
| 05/15/2018 | | TEXT NOTICE OF HEARING as to Tammy J. Lamere. The Sentencing is reset for 6/18/2018 at10:00 AM in Syracuse before Senior Judge Norman A. Mordue. (jlm) (Entered: 05/15/2018) |
| 06/18/2018 | | Minute Entry for Sentencing held on 6/18/2018 for Tammy J. Lamere (2) before Senior Judge Norman A. Mordue. APPR: Lisa Fletcher, AUSA; Carina Schoenberger, AUSA; Robert Wells, Esq. Defendant is sentenced on Counts 1-2 of the Indictment to 360 months imprisonment on each Count to be served concurrently. 15 years supervised release to follow. $200.00 Special Assessment and $8,000 fine, both due immediately. Forfeiture as listed in Preliminary Order of Forfeiture; Appeal rights explained. Defendant remanded. (Court Reporter Jodi Hibbard) (jlm) (Entered: 06/18/2018) |
| 06/22/2018 | 65 | JUDGMENT as to Tammy J. Lamere (2). Defendant sentenced on Counts 1-2 of the Indictment to 360 months imprisonment on each Count to be served concurrently. 15 years supervised release to follow. Signed by Senior Judge Norman A. Mordue on 6/22/2018. (jlm) (Entered: 06/22/2018) |
| 06/22/2018 | 66 | STATEMENT OF REASONS [LODGED] as to Tammy J. Lamere **[This document has been electronically lodged with the Court and is viewable by ONLY the attorney for the government, the attorney for the defendant, and the presiding judge. It is not a filed document, therefore is not available for** |

A. 35

| | | |
|---|---|---|
| | | **public inspection. Any further distribution or dissemination is prohibited.]** (plp, ) (Entered: 06/22/2018) |
| 06/25/2018 | 67 | NOTICE OF APPEAL by Tammy J. Lamere re 65 Judgment, No fee paid. (Wells, Robert) (Entered: 06/25/2018) |
| 06/26/2018 | 68 | ELECTRONIC NOTICE AND CERTIFICATION as to Tammy J. Lamere sent to US Court of Appeals, re: 67 Notice of Appeal - Final Judgment. (Attachments: # 1 Criminal Appeals Packet)(see) (Entered: 06/26/2018) |
| 06/26/2018 | | NOTICE as to Tammy J. Lamere - Attorneys appointed pursuant to the Criminal Justice Act are reminded that CJA Vouchers are to be submitted no later than 45 days after the final disposition of the case, unless good cause is shown. Refer to the Court's website: http://www.nynd.uscourts.gov/criminal-justice-act for comprehensive information relating to court appointed representation. (see) (Entered: 06/26/2018) |
| 09/14/2018 | 69 | NOTICE OF APPEAL: filed by Clif J. Seaway No fee paid. (Egan, James) Modified on 9/19/2018 to remove Tammy J. Lamere from docket text. (jmb) (Entered: 09/14/2018) |
| 09/19/2018 | 70 | ELECTRONIC NOTICE AND CERTIFICATION: as to Clif J. Seaway sent to US Court of Appeals regarding the # 69 Notice of Appeal - Final Judgment. (jmb) (Entered: 09/19/2018) |

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/19/2018 10:40:06 | | | |
| **PACER Login:** | melissatuohey | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:16-cr-00340-NAM |
| **Billable Pages:** | 11 | **Cost:** | 1.10 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
NOV 17 2016
AT ____ O'CLOCK ________
Lawrence K. Baerman, Clerk - Syracuse

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 5:16-CR-339(NAM) |
| **v.** | ) | **Indictment** |
| **CLIF J. SEAWAY, and TAMMY M. MARTIN,** | ) | Violations: 18 U.S.C. § 2251(a) &(e) [Conspiracy to Sexually Exploit a Child] |
| | ) | 18 U.S.C. § 2251(a) [Sexual Exploitation of a Child] |
| | ) | 7 Counts |
| **Defendants.** | ) | Counties of Offense: Oswego, Onondaga and Jefferson |

**THE GRAND JURY CHARGES:**

**COUNT 1**
**[Conspiracy to Sexually Exploit a Child]**

From in or about 2001 through and including in or about 2008, in Oswego, Onondaga and Jefferson Counties in the Northern District of New York, defendants **CLIF J. SEAWAY and TAMMY M. MARTIN** conspired to use V-1, a minor female child born in 1996, V-2, a minor male child born in 1997, and V-3, a minor female child born in 2004, whose identities are known to the grand jury, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, where the visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2251(a) & (e).

**COUNTS 2 - 4**
**[Sexual Exploitation of a Child]**

In or about the time frames listed below, in Oswego, Onondaga, and/or Jefferson County, in the Northern District of New York, defendants **CLIF J. SEAWAY and TAMMY L. MARTIN** did use the minors listed below, whose identities are known to the grand jury, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, where the visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

| Count | Time Frame | Victim |
|---|---|---|
| **2** | 2002 | V-1, a female child born in 1996 |
| **3** | 2001 - 2007 | V-2, a male child born in 1997 |
| **4** | 2004 - 2008 | V-3, a female child born in 2004 |

All in violation of Title 18, United States Code, Sections 2251(a) & (e), and 2(a)

**COUNTS 5 - 7**
**[Sexual Exploitation of a Child]**

In or about the time frames listed below, in Oswego, Onondaga, and/or Jefferson Counties, in the Northern District of New York, defendant **CLIF J. SEAWAY** did use the minors listed below, whose identities are known to the grand jury, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, where the visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

| Count | Time Frame | Victim |
|---|---|---|
| **5** | 2001 | V-1, a female child born in 1996 |
| **6** | 2003 - 2005 | V-1, a female child born in 1996 |
| **7** | 2009 | V-3, a female child born in 2004 |

All in violation of Title 18, United States Code, Sections 2251(a) & (e).

**FORFEITURE ALLEGATION**

The allegations contained in Counts 1 – 7 of this Indictment are hereby realleged and incorporated by reference herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 2253(a)(3).

Pursuant to Title 18, United States Code, Section 2253(a)(3), upon conviction of the offenses alleged in Counts 1 – 7, defendants **CLIF J. SEAWAY, and TAMMY M. MARTIN** shall forfeit to the United States of America any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses. The property subject to forfeiture includes, but is not limited to:

(a) one Sony Cybershot Camcorder serial no. 376475, with 64MB Sony memory card;

(b) one Sandisk 1GB SD card serial no. BB0630005013D;

(c) one 160GB HP external hard drive, serial no. CNU651001X;

(d) one 1TB HP external hard drive, serial no. THUA19A88D;

(e) one 1TB HP hard drive, serial no. WCC0T0556626;

(f) 35 floppy disks;

(g) one Western Digital hard drive, serial no. WMAAU1799995;

(h) one 1TB HP external hard drive, serial no. THUA19A5B7;

(i) Canon Powershot A560 Camera, no. PC1229.

If the property described above, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party,

(c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853 (p), as incorporated by Title 18, United States Code, Section 2253(b) and by Title 28, United States Code, Section 2461(c).

Dated: November 17, 2016

**NAME REDACTED

A TRUE BILL,

[REDACTED]

Grand Jury Foreperson

RICHARD S. HARTUNIAN
United States Attorney

By: [signature]
Lisa M. Fletcher
Assistant United States Attorney
Bar Roll No. 510187

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
NOV 17 2016
AT ___ O'CLOCK ___
Lawrence K. Baerman, Clerk - Syracuse

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 5:16-CR-340(NAM) |
| | ) | |
| **v.** | ) | **Indictment** |
| | ) | |
| **CLIF J. SEAWAY, and TAMMY J. LAMERE** | ) | Violations: 18 U.S.C. § 2251(a) &(e) [Conspiracy to Sexually Exploit a Child] |
| | ) | 18 U.S.C. § 2251(a) [Sexual Exploitation of a Child] |
| | ) | 5 Counts |
| **Defendants.** | ) | County of Offense: Oswego |

**THE GRAND JURY CHARGES:**

**COUNT 1**
**[Conspiracy to Sexually Exploit a Child]**

From in or about 2010 through and including in or about 2013, in Oswego County in the Northern District of New York, defendants **CLIF J. SEAWAY and TAMMY J. LAMERE** conspired to use V-3, a minor female child born in 2004, whose identity is known to the grand jury, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, where the visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2251(a) & (e).

**COUNT 2**
**[Sexual Exploitation of a Child]**

From in or about 2010 thorough 2013, in Oswego County, in the Northern District of New York, defendants **CLIF J. SEAWAY and TAMMY J. LAMERE** did use V-3, a female child

born in 2004, whose identity is known to the grand jury, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, where the visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2251(a) & (e) and 2(a).

**COUNTS 3 - 5**
**[Sexual Exploitation of a Child]**

In or about the years listed below, in Oswego County, in the Northern District of New York, defendant **CLIF J. SEAWAY** did use the minors listed below, whose identities are known to the grand jury, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, where the visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

| Count | Year | Victim |
|---|---|---|
| **3** | 2011 | V-4, a female child born in 2004 |
| **4** | 2013 | V-5, a female child born in 2002 |
| **5** | 2014 | V-3, a female child born in 2004 |

All in violation of Title 18, United States Code, Section 2251(a) & (e).

**FORFEITURE ALLEGATION**

The allegations contained in Counts 1 – 5 of this Indictment are hereby realleged and incorporated by reference herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 2253(a)(3).

Pursuant to Title 18, United States Code, Section 2253(a)(3), upon conviction of the offenses alleged in Counts 1 – 5, defendants **CLIF J. SEAWAY, and TAMMY J. LAMERE** shall forfeit to the United States of America any property, real or personal, used or intended to be

used to commit or to promote the commission of the offenses. The property subject to forfeiture includes, but is not limited to:

(a) one Sony Cybershot Camcorder serial no. 376475, with 64MB Sony memory card;

(b) one Sandisk 1GB SD card serial no. BB0630005013D;

(c) one 160GB HP external hard drive, serial no. CNU651001X;

(d) one 1TB HP external hard drive, serial no. THUA19A88D;

(e) one 1TB HP hard drive, serial no. WCC0T0556626;

(f) 35 floppy disks;

(g) one Western Digital hard drive, serial no. WMAAU1799995;

(h) one 1TB HP external hard drive, serial no. THUA19A5B7;

(i) Canon Powershot A560 Camera, no. PC1229.

If the property described above, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party,

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853 (p), as incorporated by Title 18, United States Code, Section 2253(b) and by Title 28, United States Code, Section 2461(c).

Dated: November 17, 2016

A TRUE BILL, ***NAME REDACTED

Grand Jury Foreperson

RICHARD S. HARTUNIAN
United States Attorney

By:

Lisa M. Fletcher
Assistant United States Attorney
Bar Roll No. 510187

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**NOTICE OF MOTION**
CASE NO. 5:16-CR-339 (NAM)

CLIF J. SEAWAY,

Defendant.

**PLEASE TAKE NOTICE**, that upon the annexed Memorandum of Law, Exhibits, and all other proceedings heretofore had herein, a Motion will be made as follows:

**DATE, PLACE AND TIME OF MOTION:** April 5, 2017, before the Honorable Norman A. Mordue, in the United States District Court for the Northern District of New York, James M. Hanley Federal Building,100 South Clinton Street, Syracuse, New York, 13261, at 10:00 A.M. or as soon thereafter as counsel can be heard.

**TYPE OF MOTION:** Defendant seeks an Order of the Court suppressing physical evidence and statements for such other and further relief as the Court may deem just and proper.

DATED: February 28, 2017
Syracuse, New York

LISA A. PEEBLES
Federal Public Defender

By: *S/Randi J. Bianco, Esq.*
Assistant Federal Public Defender
Bar Roll No. 507514
Office of the Federal Public Defender
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
(315) 701-0080

TO: Lisa Fletcher, Esq., AUSA
Clif Seaway

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

CASE NO. 5:16-CR-0339 (NAM)

**Time Previously Excluded: December 16, 2016-March 15, 2017**

CLIF J. SEAWAY,

Defendant.

---

**MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS**

DATED: February 28, 2017
Syracuse, New York

Respectfully submitted,

LISA A. PEEBLES
Federal Public Defender

By: Randi J. Bianco, Esq.
Assistant Federal Public Defender
Bar Roll No. 507514
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
(315)701-0080

## PRELIMINARY STATEMENT

The evidence in the case against the defendant, Clif Seaway ("Mr. Seaway"), stems from a search warrant that was issued without probable cause. In addition, Mr. Seaway's own statement to police was involuntary. Accordingly, Mr. Seaway now moves to suppress all physical evidence and statements in this case or, in the alternative, for an evidentiary hearing. He submits this memorandum of law in support of that motion.

## BACKGROUND

On September 24, 2015, William B. Raymond III, who was then thirty-five years old and the father of seven children between the ages of seven and sixteen, was arrested and charged with twice raping a thirteen-year-old girl. (Exhibits A, D.) He has referred to the thirteen-year-old victim as his "girlfriend." (Exhibit D.) After his arrest, he was held without bail at the Onondaga County Justice Center. (Exhibit A.)

On January 14, 2016, while still at the Justice Center, Raymond gave a statement to Investigator Miller. (Exhibit D.) Raymond told Investigator Miller that Mr. Seaway, who is his uncle, possessed child pornography. *Id*. Raymond also told Investigator Miller that Mr. Seaway told him he had taken a video and pictures of a child "about 5 or 6 years ago" when he was living in Indian Hill trailer park. *Id*.

Over a month later, based entirely on Raymond's statement and a one-phone-call inquiry into Mr. Seaway's criminal history, Investigator Michael R. Eckler of the New York State Police applied for a search warrant authorizing a search of Mr. Seaway's home and computers. (Ex. C at 7.) Investigator Eckler's application did not contain any description of any attempts to

Case 5:16-cr-00339-NAM Document 27-1 Filed 02/28/17 Page 3 of 7

corroborate any of the information that Raymond had provided. The warrant was issued the same day, February 18, 2016. (Ex. B.)

The search warrant was executed on February 24, 2016. (Ex. E.) All of the evidence in the case against Mr. Seaway, including his own statement to the police, stems from that warrant.

Mr. Seaway gave a statement to police on February 24, 2016. (Ex. E.) The written statement came as a result of a detention that lasted many hours, during which time Mr. Seaway was visibly physically ill.

Mr. Seaway was charged by complaint on March 2, 2016, with violating 18 U.S.C. § 2251(a) (sexual exploitation of a minor). (Dkt. No. 1.) He was indicted on November 17, 2016. (Dkt. No. 17.) The indictment charges him with one count of conspiracy to sexually exploit a child and six counts of sexual exploitation of a child. *Id.* Trial is scheduled for May 1, 2017. (Dkt. No. 26.)

## ARGUMENT

### I. The Search Warrant Was Not Supported by Probable Cause Because the Face of the Application Showed That Raymond Was Unreliable and That No Effort Had Been Made to Corroborate the Information He Provided.

The Fourth Amendment prohibits "unreasonable searches" by the government. U.S. CONST. amend. IV; *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). To be valid under the Fourth Amendment, a search warrant must (1) be based on probable cause, (2) be supported by oath or affirmation, (3) describe with particularity the place to be searched, and (4) describe with particularity the things to be seized. *Groh v. Ramirez,* 540 U.S. 551, 557 (2004).

Probable cause for a search exists "where the known facts and circumstances are sufficient to warrant a [person] of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States,* 517 U.S. 690, 696 (1996).

Where the information needed to supply probable cause comes from an informant, the court must consider the totality of the circumstances, including, but not limited to, "an informant's veracity, reliability and basis of knowledge, and the extent to which an informant's statements—even statements about a suspect's innocent activities—are independently corroborated." *United States v. Gagnon*, 373 F.3d 230, 236 (2d Cir. 2004).

Here, all of the information needed to supply probable cause for the warrant for the search of Mr. Seaway's home came from Raymond. Nothing in the warrant application, however, provided the issuing magistrate with any reason to trust Raymond's veracity or reliability. Indeed, the face of the warrant application showed that Raymond's word should not be trusted. At the time he gave his statement about Mr. Seaway, Raymond was in jail on very serious charges. His very presence in jail facing charges lessens the reliability of his statement because, as the Second Circuit has noted, an informer who is a criminal is less reliable than an innocent bystander with no apparent motive to falsify. *Gagnon*, 373 F.3d at 236. In addition, Raymond, by his own admission, had saved pictures of ex-girlfriends on Mr. Seaway's computer. (Ex. D.) He had every motive in the world to try to place blame for any images discovered on that computer on someone else.

Further, nothing in the warrant application indicates that any effort at all was made to independently corroborate Raymond's statements. There is nothing in the warrant application indicating that officers undertook any investigation at all in the month that elapsed between Raymond's statement and the date of the application. Officers could have, for instance, driven by

Mr. Seaway's property and observed that there was, indeed, an old school bus. They could have run a records search to determine whether Mr. Seaway had ever lived at the Indian Hill trailer park. They could have sought statements from the complainants in Mr. Seaway's previous arrests to see if their recollections supported Raymond's descriptions of Mr. Seaway's activities. The warrant application does not indicate that officers did any of these things.

In sum, the warrant application was based entirely on the word of man with no reason to tell the truth. Such information is insufficient to provide probable cause. The warrant, accordingly, was not supported by probable cause. The defense, therefore, requests that the Court suppress all of the evidence acquired as a result of the warrant or, in the alternative, conduct an evidentiary hearing regarding the issue.

## II. Mr. Seaway is Not Required to File an Affidavit in Support of this Motion Because None of the Pertinent Facts Are Within His Personal Knowledge as Contemplated By Local Rule 12.1(e).

The government may argue that Mr. Seaway is not entitled to an evidentiary hearing because he has not filed an affidavit in support of this motion. In order to receive an evidentiary hearing, a defendant must make a preliminary showing of facts which, if proved, would require the granting of relief. *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992). Often motions to suppress are based on issues regarding consent or other matters within the personal knowledge of the defendant. *See, e.g., United States v. Miller*, 382 F. Supp. 2d 350, 362 (N.D.N.Y. 2005) (In the defendant's affidavit "[h]e denied running the red light [and] stated that initial police questioning was conducted pre-*Miranda*, that he did not consent to a vehicle search, and that he did not own the coat or items seized from the safe.") In this case, however, the relevant facts are *not* within the personal knowledge of Mr. Seaway or of any individual from whom the defense

could obtain an affidavit. Therefore, the absence of an affidavit from Mr. Seaway does not mean that the defense is not entitled to an evidentiary hearing. If the Court finds that information from Mr. Seaway is required, the defense will gladly provide an affidavit along with its reply papers.

**III. Suppression of All of the Physical Evidence and Statements is the Appropriate Remedy.**

"To give effect to the Fourth Amendment's guarantee against unreasonable searches and seizures, and to deter illegal police conduct, the Court must apply the exclusionary rule and suppress any evidence unconstitutionally obtained. *See Nix v. Williams,* 467 U.S. 431, 442–43, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); *Weeks v. United States,* 232 U.S. 383, 398, 34 S.Ct. 341, 58 L.Ed. 652 (1914) . . . . The Supreme Court's fruit-of-the-poisonous-tree doctrine also bars the use of evidence obtained either during or as a direct result of an unlawful invasion. *See Wong Sun v. United States,* 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)." *United States v. Couch*, 378 F. Supp. 2d 50, 62 (N.D.N.Y. 2005). Here, all of the evidence against Mr. Seaway, including his statement to police, was acquired as a result of a warrant unsupported by probable cause. Therefore, the defense requests that the Court suppress all of the evidence.

**IV. The Court Should Suppress Evidence of Mr. Seaway's Statement Because It Was Not Voluntary**

All confessions must be voluntary. Involuntary confessions violate due process and implicate the Fifth Amendment privilege against self-incrimination. *Brown v. Mississippi*, 297 U.S. 278, 286 (1936); *Miranda v. Arizona*, 384 U.S. 436, 460-63 (1966). In determining whether a confession was involuntary, a court looks at the totality of the circumstances, including (1) the characteristics of the accused; (2) the conditions of the interrogation; and (3) the conduct of law enforcement officials. *Green v. Scully*, 850 F.2d 894, 901-02 (2d Cir. 1988). A defendant challenging the voluntariness of a confession has the right to "a fair hearing and a reliable

determination on the issue of voluntariness." *Jackson v. Denno*, 378 U.S. 368, 377 (1964). The inquiry is particularly fact-intensive where a defendant alleges that police coerced a confession by improperly taking advantage of his weakened physical condition.

Here, the interrogation of Mr. Seaway lasted for up to eight hours. In the video of the interrogation, he is visibly and audibly hacking, coughing, and weakened. Therefore, Mr. Seaway requests a hearing on the voluntariness of his confession.

**CONCLUSION**

For the reasons discussed above, the defense requests that the Court suppress all physical evidence and statements in this case. In the alternative, the defense requests an evidentiary hearing.

DATED: February 28, 2017

LISA A. PEEBLES
Federal Public Defender

By: */s/*
Randi J. Bianco, Esq.
Assistant Federal Public Defender
Clinton Exchange, 3rd Floor
4 Clinton Square
Syracuse, New York 13202
(315) 701-0080

TO: Lisa Fletcher, Esq., AUSA (via ECF)
Clif J. Seaway, Cayuga County Jail (via mail)

# Salina man charged with raping 13-year-old girl

Print Email

By Jacob Pucci | jpucci@syracuse.com

Email the author | Follow on Twitter

on October 02, 2015 at 2:21 PM, updated October 02, 2015 at 2:32 PM

William Raymond *Onondaga County Sheriff's Office*

SALINA, N.Y. -- A 35-year-old Salina man was arrested on charges that he twice raped a 13-year-old girl.

William B. Raymond III, of [redacted]., faces two counts each of second-degree rape, second-degree criminal sex act and endangering the welfare of a child, Onondaga County Sheriff's Detective Jon Seeber said.

Deputies were alerted after the girl told a family member about her relationship with Raymond, Seeber said.

Raymond was arrested on Sept. 24 and arraigned in Salina Town Court. Due to Raymond having two or more felony convictions, he was ordered held without bail at the Onondaga County Justice Center.

**Exhibit A**

In 2000, Raymond was convicted of felony grand larceny and in 2012, was arrested for failing to pay restitution in connection with the conviction.

ADVERTISING

inRead invented by Teads

Contact Jacob Pucci: Email | Twitter | 315-766-6747



**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

*100 South Clinton Street, P.O. Box 7198*
*James M. Hanley Federal Building*
*Syracuse, New York 13261-7198*

*Tel.: (315) 448-0672*
*Fax: (315) 448-0658*

July 28, 2016

Randi Juda Bianco
Assistant Federal Public Defender
4 Clinton Square
Syracuse, New York 13202

**Re: United States v. Clif Seaway**

Dear Randi:

Pursuant to your request for additional early discovery, enclosed is a copy of the search warrant that authorized the search of your client's residence, together with the application and supporting documents.

Sincerely,

RICHARD S. HARTUNIAN
United States Attorney

Lisa M. Fletcher
Assistant United States Attorney

Enclosures

# SEARCH WARRANT

## LOCAL CRIMINAL COURT, COUNTY OF OSWEGO, TOWN OF GRANBY, NY

**TO ANY MEMBER OF THE NEW YORK STATE POLICE, U.S. DEPARTMENT OF HOMELAND SECURITY - HOMELAND SECURITY INVESTIGATIONS, AND THE UNITED STATES MARSHAL SERVICE:**

**YOU ARE HEREBY DIRECTED TO SEARCH:**

[redacted] and any other areas the residents may have custody or control of such as, but not limited to, the basement, the garage and other curtilage or vehicles on the property, including a light blue colored bus.

The residence is located on the north side of Germandale Dr., and is approximately ½ mile west of the intersection of County Road 8. The residence is a white colored mobile home with white skirting. There is a wooden front porch with a wooden railing located in front of the entrance door. The entrance door is white in color and there is dark trim along the roof line, and dark colored shutters on the windows. There is one shutter missing from a front window. To the right of the residence there is a light blue colored charter bus located on the property.

**FOR THE FOLLOWING PROPERTY:**

The property referred to and authorized to be seized, searched, held, and subsequently forensically examined is believed to contain evidence that will constitute, substantiate or support violations of Articles 130, 260, and 263 of the Penal Law of the State of New York, and this property is further described as follows:

1. Any and all computers, computer program, computer data and/or computer network information as those terms are defined in Penal Law 156.00.

2. Any computers, central processing units, external and internal drives, storage units or media, terminals and video display units, together with peripheral equipment such as keyboards, printers, modems, scanners, or digital cameras and their internal and external storage media.

3. Any and all computing or data processing software, or data including, but not limited to hard disks, floppy disks, magnetic tapes, and integral RAM or ROM units which may reveal evidence which substantiates violations of the aforementioned NY State Penal Law Statutes.

4. The following records and documents, whether contained or stored on the computer, cell phone, magnetic tape, cassette, CD disk, diskette, photo-optical device, Cloud Storage, or any other storage medium, in the form of Internet history, SMS, MMS, IM:

a. Any access numbers, passcodes, swipe code patterns, passwords, personal identification numbers (PINS), logs, notes, memoranda and correspondence relating to computer, electronic and voice mail systems, Internet addresses and/or related contacts.
b. Any computing or data processing literature, including, but not limited to printed copy, instruction books, notes, papers, or listed computer programs, in whole or in part.
c. Any audio or video cassette tape recordings, books, magazines, periodicals, or other recorded or printed material, the possession of which constitutes a violation of or supports a violation of Articles 130, 260, and/or 263 of the Penal Law of the State of New York.
d. Any and all photographs depicting sexual conduct by a child and/or minors engaged in sexually explicit conduct.

e. Records or correspondence relating to the possession, transmission, collection, trading, or production of the aforementioned photographs and/or videos.

5. Any internet capable device, such as cell phone, tablet, smartphone, gaming system that allows access to the Internet and allows for the transmission of data in violation of or supporting evidence of a violation of Articles 130, 260, 263 of the New York State Penal Law.

**Exhibit B**

- You are directed to seize the same and, without unnecessary delay, return it to this court together with this warrant and a written inventory of such property subscribed and sworn to by you.
- You are directed to execute this warrant between the hours of 6:00am and 9:00pm.
- You are directed to forward seized property for forensic examination.
- You are authorized to convert it to humanly readable and viewable form as necessary.
- You are authorized, in the execution of this warrant, to enter the premises to be searched without giving notice of your authority or purpose.

This search warrant issued this 18th day of February 2016

(Hon. Donald E. Todd)
County Court Judge sitting as a local criminal court pursuant to CPL 10.20(3)

**Exhibit B**

# APPLICATION FOR SEARCH WARRANT
**(Section 690.35 CPL)**

STATE OF NEW YORK
COUNTY OF OSWEGO

LOCAL CRIMINAL COURT
TOWN OF GRANBY

To the Presiding Magistrate, Local Criminal Court, Town of Granby:

I, Inv. Michael R. Eckler, a Police Officer of the State of New York, to wit, an Investigator with the New York State Police, assigned locally to the Computer Crimes Unit – Northern Region, do hereby state that there is reasonable cause to believe that property of a kind or character described in Section 690.10 of the Criminal Procedure Law may be found in or upon a designated or described place, vehicle or person.

**A. THE PROPERTY REFERRED TO AND SOUGHT TO BE SEIZED, SEARCHED, EXAMINED AND HELD (Sec 690.10 NYS CPL)**

Constitutes evidence and tends to demonstrate that an offense was committed in this state, to wit, violations of Articles 130, 260, and 263 of the Penal Law of the State of New York; and

**B. THE PROPERTY REFERRED TO AND SOUGHT TO BE SEIZED, SEARCHED, EXAMINED AND HELD IS DESCRIBED AS:**

1. Any and all computers, computer program, computer data and/or computer network information as those terms are defined in Penal Law 156.00.

2. Any computers, central processing units, external and internal drives, storage units or media, terminals and video display units, together with peripheral equipment such as keyboards, printers, modems, scanners, or digital cameras and their internal and external storage media.

3. Any and all computing or data processing software, or data including, but not limited to hard disks, floppy disks, magnetic tapes, and integral RAM or ROM units which may reveal evidence which substantiates violations of the aforementioned NY State Penal Law Statutes.

4. The following records and documents, whether contained or stored on the computer, cell phone, magnetic tape, cassette, CD disk, diskette, photo-optical device, Cloud Storage, or any other storage medium, in the form of internet history, SMS, MMS, IM:
   a. Any access numbers, passcodes, swipe code patterns, passwords, personal identification numbers (PINS), logs, notes, memoranda and correspondence relating to computer, electronic and voice mail systems, Internet addresses and/or related contacts.
   b. Any computing or data processing literature, including, but not limited to printed copy, instruction books, notes, papers, or listed computer programs, in whole or in part.
   c. Any audio or video cassette tape recordings, books, magazines, periodicals, or other recorded or printed material, the possession of which constitutes or supports evidence of a violation of Articles 130, 260, and or 263 of the Penal Law of the State of New York.
   d. Any and all photographs depicting sexual conduct by a child and/or minors engaged in sexually explicit conduct.
   e. Any records or correspondence relating to the possession, transmission, collection, trading, or production of the aforementioned photographs and/or videos.

5. Any Internet capable device, such as cell phone, tablet, smartphone, gaming system that allows access to the internet and allows for the transmission of data in violation of or supporting a violation of Articles 130, 260, and 263 of the New York State Penal Law.

**C. DESIGNATION OR DESCRIPTION OF PLACE, VEHICLE OR PERSON TO BE SEARCHED:**

[redacted]. Fulton NY, located in the Town of Granby, and any other areas the residents may have custody or control of such as, but not limited to, the basement, the garage and other curtilage or vehicles on the property including the blue colored charter bus located on the property.

The residence is located on the north side of Germandale Dr., and is approximately ½ mile west of the intersection of County Road 8. The residence is a white colored mobile home with white skirting. There is a wooden front porch with a wooden railing located in front of the entrance door. The entrance door is white in color and there is dark trim along the roof line, and dark colored shutters on the windows. There is one shutter missing from a front window. To the right of the residence there is a light blue colored charter bus located on the property. There is a gray colored storage shed with white trim located on the right side of the light blue colored charter bus.

**D. ALLEGATIONS OF FACT IN SUPPORT OF STATEMENT THAT THERE IS REASONABLE CAUSE TO BELIEVE THAT PROPERTY OF A KIND OR CHARACTER DESCRIBED IN SECTION 690.10 OF THE CRIMINAL PROCEDURE LAW MAY BE FOUND IN OR UPON A DESIGNATED OR DESCRIBED PLACE, VEHICLE OR PERSON:**

I am the applicant herein and am a public servant of the kind specified in Section 690.05, Subdivision 1 of the Criminal Procedure Law, my title being that of Investigator with the Division of New York State Police. I am currently assigned to the New York State Police Computer Crime Unit – Central Region. I have been a sworn police officer in NY since January 7, 2002, and member of the New York State Police since April 7, 2003. Your affiant has attended various training classes as it pertains to death investigations, assaults, sex offenses, and drug and narcotic investigations. As part of my tenure as a police officer your affiant has attended numerous state and local training workshops and seminars, on a wide variety of investigations as described above. Your affiant has also received training at the New York State Police Academy. While employed as a police officer your affiant has gained experience by conducting traditional police investigations/operations, and executed or assisted with the execution of search warrants which have resulted in the arrest and or conviction of those responsible. I have been involved in the investigation of offenses relating to computers and the Internet, as well as investigations involving the distribution of child pornography via the Internet. I have received training on the subject of online criminal investigation, the distribution, trading and downloading/sharing of child pornography, and computer evidence handling and forensics. I have received training in Internet investigative techniques as they apply to child pornography investigations. Investigators with the Internet Crimes Against Children Task Force have instructed me in techniques of child pornography investigations. Additionally I have received training in cyber investigations and identifying and seizing electronic media, as well as ways that suspects utilize computers and other electronic media to commit crimes, store evidence of those crimes and conceal evidence of the crimes. I have a Bachelor's degree in Cybersecurity and Information Assurance with a concentration in cybercrime investigations and forensics from Utica College, a Graduate Certificate in Computer Forensics from the University of Central Florida, and a Master's degree in Telecommunications and Network Management from Syracuse University.

Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish reasonable cause to believe that evidence of violations of New York State Penal Law Sections 130, 260, and 263 will be located within the above-described premises.

## E. DEFINITIONS

The following non-exhaustive list of definitions applies to this affidavit:

- "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors, but that are not, in and of themselves, obscene or illegal. In contrast to "child pornography," this material does not necessarily depict minors in sexually explicit poses or positions. Some of the more common types of child erotica include photographs that are not sexually explicit, drawings, sketches, fantasy writing, and diaries.

- "Child Pornography" includes any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct.

- "Cloud Computing" refers to the use of computing resources (hardware and software) that are delivered as a service over a network (typically the Internet). The "Cloud" allows data in the form of documents, pictures, videos, music and any other medium to be uploaded to an account on a service provider's server and accessed by users utilizing various methods such as computers, tablets, smart phones, etc. It is an off-site storage medium for items typically stored/saved on a computer.

- "Cloud Storage" Cloud storage is a service model in which data is maintained, managed and backed up remotely and made available to users over a network (typically the Internet).

- "Computer" as used herein, is defined in article 156.00 of the Penal Law, as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device."

- "Computer hardware" as used herein, consists of all equipment which can receive, capture, collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, or similar computer impulses or data. Computer hardware includes any data-processing devices (including, but not limited to, central processing units, internal and peripheral storage devices such as fixed disks, external hard drives, floppy disk drives, USB flash drives, and diskettes, and other memory storage devices); mobile telephone devices, portable memory devices, portable electronic music players, video gaming systems; peripheral input/output devices (including, but not limited to, keyboards, printers, video display monitors, and related communications devices such as cables and connections), as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (including, but not limited to, physical keys and locks) and wireless devices, capable of connecting other computer hardware to the Internet.

- "Computer passwords and data security devices" as used herein, consist of information or items designed to restrict access to or hide computer software, documentation, or data. Data security devices may consist of hardware, software, or other programming code. A password (a string of alpha-numeric characters) usually operates a sort of digital key to "unlock" particular data security devices. Data security hardware may include encryption devices, chips, and circuit boards. Data security software of digital code may include programming code that creates "test" keys or "hot" keys, which perform certain pre-set security functions when touched. Data security software or code may also encrypt, compress, hide, or "booby-trap" protected data to make it inaccessible or unusable, as well as reverse the progress to restore it.

- "Encrypt" is the process of converting data into a code preventing unauthorized access. It is the process of hiding and or preventing access to the data by unauthorized users, or users who do not have the credentials to access such data.

- "Internet Protocol address" or "IP address" refers to a unique number used by a computer to access the Internet. IP addresses can be dynamic, meaning that the Internet Service Provider (ISP) assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be static, if an ISP assigns a user's computer a particular IP address which is used each time the computer accesses the Internet.

- "Image" or "copy" refers to an accurate reproduction of information contained on an original physical item, independent of the electronic storage device. "Imaging" or "copying" maintains contents, but attributes may change during the reproduction.

- "NCMEC" refers to The National Center for Missing and Exploited Children (NCMEC), which serves as a centralized cyber tip line as it pertains to exploited and missing children. Electronic service providers (ie: Google, Microsoft, Yahoo, AOL, et. Al.) are mandated to report instances of apparent child pornography and/or child exploitation.

- "Sexual Conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any persons.

## F. CHILD PORNOGRAPHY AND THE INTERNET

I am aware that computers and computer technology have revolutionized the way in which child pornography is produced, distributed, stored and communicated as a commodity and a further tool of online child exploitation. For instance:

- Individuals can transfer photographs from a camera onto a computer-readable format with a variety of devices, including scanners, memory card readers, cellular phones and tablets, directly from digital cameras or using the "Cloud".

- Modems allow computers to connect to another computer through the use of telephone, cable, or wireless connection. Electronic contact can be made to literally millions of computers around the world.

- The capability of a computer to store images in digital form makes the computer itself an ideal repository for child pornography. As explained further below, the storage capacity of electronic media used in home computers has increased tremendously within the last several years. These drives can store very large numbers of visual digital image and video files at very high resolution.

- The Internet, the World Wide Web, and other Internet components afford individuals many different, relatively secure and anonymous venues for obtaining, viewing and trading child pornography or for communicating with others to do so or to entice children.

- Individuals can use online resources to retrieve, store and share child pornography, including services offered by Internet Portals such as Google, America Online (AOL), Yahoo! and Hotmail, among others. Online services allow a user to set up an account providing email and instant messaging services, as well as electronic storage of computer files in any variety of formats. A user can set up an online storage account from any computer with access to the Internet. Evidence of such online storage of child pornography is often found on the user's computer. Even in cases where online storage is used, evidence of child pornography can be found on the user's computer in most cases.

- As with most digital technology, computer communications can be saved or stored on hardware and computer storage media used for these purposes. Storing this information can be intentional, i.e., by saving an email as a file on the computer or saving the location of one's favorite websites in, for example, "bookmarked" files. However, digital information can also be retained unintentionally, e.g., traces of the path of an electronic communication may be automatically stored in many places (e.g., temporary files or ISP client software, among others). In addition to electronic communications, a computer user's Internet activities generally leave traces or "footprints" in the web cache and history files of the browser used. Such information is often maintained for very long periods until overwritten by other data.

- The interaction between software applications and the computer operating systems often results in material obtained from the Internet being stored multiple times, and even in different locations, on a computer hard drive without the user's knowledge. Even if the computer user is sophisticated and understands this automatic storage of information on his computer's hard drive, attempts at deleting the material often fail because the material may be automatically stored multiple times and in multiple locations within the computer media. As a result, digital data that may have evidentiary value to this investigation could exist in the user's computer media despite, and long after, attempts at deleting it. A thorough search of this media could uncover evidence of receipt, distribution and possession of child pornography.

- Data that exists on a computer is particularly resilient to complete deletion. Computer files or remnants of such files can be recovered months or even years after they have been stored on a hard drive, deleted, or viewed via the Internet or from external media, such as CDs, DVDs or external hard drives. Electronic files stored on a hard drive can be retained for years at little to no cost. Even when such files have been deleted, they can be recovered months or years later using forensic software. When a person "deletes" a file on a computer, the data contained in the file does not actually disappear.

The Operating System marks the file entry as deleted in its list of all of the files on the storage media. Even the entry that has been marked for deletion, remains until the space is needed for a new entry. The data that was associated with that File Name remains on the hard drive until the space is needed and it is overwritten by new data. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space (space on the hard drive that is not allocated to an active file or that is unused after a file has been allocated to a set block of storage space) for long periods before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file. Similarly, files that have been viewed via the Internet are automatically downloaded into a temporary Internet directory or cache. The browser typically maintains a fixed amount of hard drive space devoted to these files, and the files are only overwritten as they are replaced with more recently viewed Internet pages. Thus, the ability to retrieve content of an electronic file from a hard drive depends less on when the file was downloaded or viewed than on a particular user's operating system, storage capacity, and computer habits.

## G. COMPUTERS AND THE EVIDENCE ASSESSMENT PROCESS IN CHILD PORNOGRAPHY AND CHILD EXPLOITATION CASES

This warrant seeks permission to locate not only computer files that might serve as direct evidence of the crimes described in the warrant, but also for cellular telephones and also for evidence that establishes how computers and cellular telephones were used, the purpose of their use, and who used them. Additionally, the warrant seeks information about the possible location of other evidence.

- This application seeks permission to search and seize records that might be found on computers, cellular telephones and peripheral devices, in whatever form they are found. One form in which the records might be found is stored on a computer's hard drive; another form is other electronic media, such as external hard drives. Some of these electronic records might take the form of files, documents, and other data that is user generated. Some of these electronic records, as explained below, might take a form that becomes meaningful only upon forensic analysis.

- Although some records called for by this warrant might be found in user generated documents (such as word processor, picture, and movie files), computer hard drives can contain other forms of electronic evidence that are not user generated. In particular, a computer hard drive may contain records of how a computer has been used, the purposes for which it was used, and who has used these records. For instance, I have learned from computer forensic experts that:

1. Data on the hard drive not currently associated with any file can provide evidence of a file that was once on the hard drive but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file, or when a particular DVD disc was viewed using Windows Media Player, etc.).

2. Virtual memory paging systems can leave traces of information on the hard drive that show what tasks and processes on the computer were recently in use.

3. Web browsers, email programs, and chat programs store configuration information on the hard drive that can reveal information such as online nicknames and passwords. It can also provide information about who was using the computer, and when they were using the computer.

4. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices, and the times the computer was in use.

5. Computer file systems can record information about the dates files were created and the sequence in which they were created. This information may be evidence of a crime, show the existence and location of evidence in other locations on the hard drive, and may provide information about the user of the computer.

6. Further, in finding evidence of how a computer has been used, the purposes for which it was used, and who has used it, sometimes it is necessary to establish that a particular thing is not present on a hard drive or that a particular person (in the case of a multi-user computer) was not a user of the computer during the time(s) of the criminal activity. For instance, I know that when a computer has more than one user, files can contain information indicating the dates and times that files were created as well as the sequence in which they were created. For example, by reviewing the Internet Browser History, such as Index.dat files (a system file that keeps track of historical activity conducted in the Internet Explorer application), Link (.lnk) files, and thumbs.db

I. **Overview of the Current Investigation:**

On January 15, 2016 William B. Raymond provided a supporting deposition indicating evidence of the aforementioned crimes may be located at [redacted] in the Town of Granby. William Raymond observed images and videos of child pornography while residing at this residence during August through September of 2015. An account of these events is included in the attached supporting deposition. It is alleged by William B. Raymond that his uncle Clif had sexually abused a child and that Clif Seaway possessed photographs he had taken of a young girl who had stayed overnight at his residence several years ago. The deposition is attached for further details.

On January 19, 2016,an inquiry with the Integrated Justice Portal provided information from the New York State Department of Criminal Justice Services that Clif John Seaway Date of birth [redacted] 1956 was arrested by Watertown City Police Department on February 13, 2009 for PL 260.10 Sub01, Act in manner to injure child less than 17.

On January 19, 2016 I contacted the City of Watertown Police Department and spoke to Detective Steve Backus to inquire about further details of the arrest indicated on Clif Seaway's criminal history. Detective Backus advised there was no information in their system for an arrest related to an incident on the date of February13, 2009. Detective Backus further advised Clif Seaway date of birth [redacted]56 was the suspect in a sexual abuse 1st investigation in 2005. An 8 year old female alleged that on or about Sunday September 25, 2005. Clif Seaway had touched the child in her "pee-pee" area and Clif Seaway had the victim touch his penis. The investigation was reported to be closed due to the witness being unavailable for grand jury testimony and negative results in attempting to make contact with the victim and her mother.

On February 17, 2016 an inquiry through the NY Integrated Justice Portal verified the address on file with the NY Department of Motor Vehicles for Clif J. Seaway with the date of birth 0[redacted]/56 is [redacted]. Fulton, NY 13069.

**J. CONCLUSION AND SPECIFIC REQUEST**

Based upon the investigation your Affiant has conducted and the information provided to your Affiant by William B Raymond, your Affiant has cause to believe that a computer or computers located at 118 Germandale Drive in the Town of Granby may contain images of child pornography, and has made these images of child pornography available for distribution via the Internet, in violation of Article 130, 260, and 263 of the Penal Law. Your Affiant further states that there is reason to believe that evidence will be found at 118 Germandale Drive in the Town of Granby that constitutes evidence of this crime. Based upon the training I have received, as well as experience conducting child pornography investigations that have led to the execution of search warrants and subsequent examinations of computer systems, I have learned that people who buy, produce, trade or sell child pornography rarely, if ever, dispose of their sexually explicit materials, and they treat these materials as "prized possessions." In addition, based upon my experience in the field of computer crime investigations, I know that information, including images, can easily exist on a computer for days, months, even years after it is "deleted" by the user. This information can be extracted from the computer during a forensic examination of the system.

I further know that conducting a search of a computer system, documenting the search and making an image or evidential copy is a lengthy process. It is necessary to determine that no security devices are in place that could cause the destruction of evidence during the search. In some cases, it is impossible to even conduct the search without expert assistance. Since computer evidence is extremely vulnerable to tampering or destruction, examination will require removal of the system from its present location and transferal to our

(Windows XP) or thumb cache (Windows 8 and 10) files, the forensic examiner can often determine whether a user actually accessed, or attempted to access, images/videos, and whether that user accessed other information close in time to the file creation dates, times and sequences to establish user identity and exclude others from computer usage during times related to the criminal activity.

7. Evidence of how a digital device has been used, what it has been used for, and who has used it, may be the absence of particular data on a digital device and requires analysis of the digital device as a whole to demonstrate the absence of particular data. Evidence of the absence of particular data on a digital device cannot be segregated from the digital device.

8. The types of evidence described above may be direct evidence of a crime, indirect evidence of a crime indicating the location of evidence or a space where evidence was once located, contextual evidence identifying a computer user, and contextual evidence excluding a computer user. These types of evidence may show ownership, knowledge, and intent. It also may be exculpatory evidence, which I would be required to turn over to the defense in the event charges were bought.

9. This type of evidence is not "data" that can be segregated, that is, this type of data cannot be abstractly reviewed and filtered by a seizing or imaging agent and then transmitted to investigators. Rather, evidence of this type is a conclusion, based on a review of all available facts and the application of knowledge about how a computer behaves and how computers are used. Therefore, contextual information necessary to understand the evidence described in this affidavit falls within the scope of the warrant.

## H. Characteristics of Collectors of Child Pornography:

Consistent with these search results, based on my own knowledge, experience, and training in child exploitation and child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I know there are certain characteristics common to individuals who have a sexual interest in children and receive and/or advertise images of child pornography, including:

- The majority of individuals who collect child pornography are persons who have a sexual attraction to children. They receive sexual gratification and satisfaction from sexual fantasies fueled by depictions of children that are sexual in nature.

- The majority of individuals who collect child pornography collect explicit materials, which may consist of photographs, magazines, motion pictures, video tapes, books, slides, computer graphics or digital or other images for their own sexual gratification. The majority of these individuals also collect child erotica, which may consist of images or text that do not rise to the level of child pornography but which nonetheless enable their sexual fantasies involving children.

- The majority of individuals who collect child pornography often seek out like-minded individuals, either in person or via the Internet, to share information and trade depictions of child pornography and child erotica as a means of gaining status, trust, acceptance and support. The different Internet-based vehicles used by such individuals to communicate with each other include, but are not limited to, peer-to-peer, torrents, e-mail, bulletin boards, internet relay chat, newsgroups, instant messaging, and other similar vehicles.

- The majority of individuals who collect child pornography maintain books, magazines, newspapers and other writings, in hard copy or digital medium, on the subject of sexual activities with children as a way of understanding their own feelings toward children, justifying those feelings and finding comfort for their illicit behavior and desires. Such individuals rarely destroy these materials because of the psychological support they provide.

- The majority of individuals who collect child pornography often collect, read, copy or maintain names, addresses (including e-mail addresses), phone numbers, or lists of persons who have advertised or otherwise made known in publications and on the Internet that they have similar sexual interests. These contacts are maintained as a means of personal referral, exchange or commercial profit. These names may be maintained in the original medium from which they were derived, in telephone books or notebooks, on computer storage devices, or on scraps of paper.

- The majority of individuals who collect child pornography rarely, if ever, dispose of their sexually explicit materials and may go to great lengths to conceal and protect their collection of illicit materials from discovery, theft, and damage.

Exhibit C

Forensic Computer Lab at Division Headquarters in Albany or their designee, which will assist in retrieving the records and data authorized to be seized in a controlled environment.

Your Affiant recognizes that some of the above-described property is data that will be contained on said computer in electronic and machine-readable media, which is not readable, by your deponent in its present state. By this application your Affiant requests authorization for himself and other searching members to seize, examine, listen to, read, view and maintain the above-described property and to convert it to humanly readable and viewable form as necessary.

Wherefore, I respectfully request that the Court issue a search warrant and order of seizure of the aforementioned described property located at [redacted], NY, in the Town of Granby in order that it may be ascertained if any such property constitutes, substantiates or supports the violations of Articles 130, 260, and 263 of the Penal Law of the State of New York. Additionally, it is requested that any and all seized property of the aforementioned described manner be held for analysis and evaluation at the New York State Police Computer Crime Unit Forensic Laboratory in Albany, NY or their designee.

It is further requested that such warrant authorize the executing police officer to enter the premises to be searched without giving notice of his authority or purpose based upon the fact that computer material can readily be destroyed, or encrypted, almost instantly if it is not secured immediately upon arrival at the premises.

Inv. M R E [signature]

Signature

[redacted] (Investigator Michael R. Eckler)

Subscribed and sworn to before me
This 18th day of February 2016.

[signature]

Hon. Donald E. Todd

County Court Judge
Sitting as a local
criminal court pursuant
to CPL 10.20(3)

**Exhibit C**

GENL-4 (04/08)

New York State Police
Page 1 of 2

## SUPPORTING DEPOSITION (CPL § 100.20)

THE PEOPLE OF THE STATE OF NEW YORK
VS

CLIF SEAWAY
DEFENDANT(S)

**LOCATION OF INCIDENT:**

STATE OF NEW YORK, LOCAL CRIMINAL COURT

COUNTY OF OSWEGO

TOWN OF GRANBY

**LOCATION OF DEPOSITION:**

STATE OF NEW YORK

COUNTY OF ONONDAGA

City OF Syracuse

On DATE: 1-14-16 at TIME STARTED 11:30 ☒ AM ☐ PM I, FULL NAME: WILLIAM RAYMOND III

residing at 555 south state street, Syracuse, NY with contact information PHONE NUMBER:

STATE THE FOLLOWING:

I am speaking with Inv. Miller at the Onondaga County Justice Center. I would like to give him information about my Uncle Clif Seaway who lives at [redacted] in the Town of Granby. I used to live there with him from August of 2015 through September 20, 2015. While I lived there with him, he and I worked on computers together, repairing and rebuilding them for other people. I had a girlfriend at the time who was 13 years old. She is the reason that I am locked up here at the jail. I saved some information on Clif's computer off my microSD card from my phone because I was letting my cousin use my microSD card. I started showing my Uncle Clif some pictures that I had on my phone of old girlfriends. I was showing him from his computer because I had saved my files onto his computer. After I showed him some pictures of girls, he said that he has some pictures. His exact words were "Give me an age?" I told him that I didn't care that I liked it all, not realizing what he had on his computer. Clif then showed me pictures of naked female kids that were under 10 years old. I know they were less than 10 years old because I have 7 kids between the ages of 5 and 16. The pictures of the kids were nude and posing in sexual ways. For example, there was a picture of a young girl about 6 years old sitting in a spread eagle position. Another picture I remember was an underage girl on her hands and knees in a doggy style pose and the picture showed her vagina from the back, and she was looking back at the camera. He has a folder on one of his hard drives that he plugs into his main computer tower. This hard drive is in a bronze or gold outer cover. He keeps this folder with his pictures as a hidden folder. He also showed me videos from this folder also. These videos that I saw were of young girls less than 10. One of the videos that I specifically remember was a naked girl approximately 5 or 6 years old laying on a bed. An adult female was rubbing her naked chest and bare vagina in the video, and you could tell that an adult male was filming it because you could see his legs that appeared as an adult male's legs. Another video I remember was of a naked girl around 11 or 12 dancing. She was rubbing herself in a way that appeared as if she was masturbating. I would say that there are at least 100 images and videos on his computer. One time when I was working on an old IBM server at his house, my Uncle Clif asked me to see if there was a DVD hidden inside the server. I told him that I couldn't find the disk for him and then he ended up telling me that the disc was one that he made. He told me that one of his daughter's friends had come over to spend the night when they lived in Indian Hill trailer park. This would have been about 5 or 6 years ago, and his daughter, [redacted], would have been around 7 or 8. He said that his daughter's friend brought over some lacey lingerie to sleep in so he thought someone was abusing her. He told me that he took a video and pictures of her at his trailer. He also told me that he was playing with her, but he was not specific about it and I walked out of the room. When I couldn't find the DVD, my Uncle Clif told me that it was probably out in the bus. He has an old International school bus out behind his trailer. It is painted light blue and he has all sorts of things stored out there.

GENL-4 (04/08)

New York State Police
Page 2 of 2

SUPPORTING DEPOSITION (CPL § 100.20)

THE PEOPLE OF THE STATE OF NEW YORK VS. Clif Seaway
DEFENDANT(S)

He told me that he had bondage items stored out on the bus as well. My Uncle has issues with young kids because I've heard him say that these young kids are made to do these things when he was talking about his videos. I asked him what that meant and he said that they are raised this way. My Uncle also plays this virtual game called "Second Life" and he plays this game as a 5 year old girl. I asked him why he plays as a 5 year old and he told me that he has never grown up. He attaches images of naked kids to his room within this game and allows people to come into his room and view them. I know this because I have watched him play this game on the same computer that he has the child pornography. I have used my Uncle's computer when I lived there as well. I know my Uncle's password for his computer, which is lowercase "seadj123." The only thing I have ever put on my Uncle's computer was the files from my MicroSD card from my cell phone. I put them in a folder that I labeled "Billy's phone."

**NOTICE**
(Penal Law Sec. 210.45)
In a written instrument, any person who knowingly makes a false statement which such person does not believe to be true has committed a crime under the laws of the state of New York punishable as a Class A Misdemeanor.

Affirmed under penalty of perjury
this 14th day of January, 20 16
- or -
*Subscribed and Sworn to before me
this ____ day of ____, 20 ____

(SIGNATURE OF DEPONENT) — Error! Reference source not found.

(WITNESS)

(NAME OF PERSON TAKING DEPOSITION)

TIME ENDED 1:05 ☐ AM ☒ PM

*This form need be sworn to only when specifically required by the court.

Exhibit D

GENL-19 REV (04/08) VOLUNTARY STATEMENT

# NEW YORK STATE POLICE

## VOLUNTARY STATEMENT

COUNTY OF OSWEGO STATEMENT START TIME: 12:43 AM / PM
TOWN OF VOLNEY DATED: FEBRUARY 24, 2016

I, CLIF J. SEAWAY, AGE: 59 AND BORN ON: [redacted]/56, AND RESIDING AT: [redacted] DRIVE IN THE TOWN OF GRANBY, HAVE BEEN ADVISED BY: INV. BENJAMIN MILLER, OF THE NEW YORK STATE POLICE, OF THE FOLLOWING:

xCS I HAVE THE RIGHT TO REMAIN SILENT AND I DO NOT HAVE TO MAKE ANY STATEMENT IF I DO NOT WANT TO.

xCS IF I GIVE UP THAT RIGHT, ANYTHING I DO SAY CAN AND WILL BE USED AGAINST ME IN A COURT OF LAW.

xCS I HAVE THE RIGHT TO HAVE A LAWYER PRESENT BEFORE MAKING ANY STATEMENT OR AT ANY TIME DURING THIS STATEMENT.

xCS IF I SHOULD DECIDE THAT I DO WANT A LAWYER AND CANNOT AFFORD TO HIRE ONE, A LAWYER WILL BE APPOINTED FOR ME FREE OF CHARGE AND I MAY HAVE THAT LAWYER PRESENT BEFORE MAKING ANY STATEMENT.

xCS I ALSO UNDERSTAND THAT I HAVE THE RIGHT TO STOP AT ANY TIME DURING THIS STATEMENT AND REMAIN SILENT AND HAVE A LAWYER PRESENT.

x I FULLY UNDERSTAND THESE RIGHTS AND AT THIS TIME, I AGREE TO GIVE UP MY RIGHTS AND MAKE THE FOLLOWING STATEMENT;

Inv. BM Miller (signature) — WITNESS
x Clif J. Seaway (signature) — CLIF J. SEAWAY

xCS I am speaking with Inv. Benjamin Miller of the New York State Police, and Special Agent Lon Ziankoski of Homeland Security Investigations at the New York State Police in Fulton. The police came to my house today with a search warrant and they told me they were there to look through the house. I told them that I thought that I knew why they were there. I showed the police two VHS tapes that were in the rear bedroom. These were tapes that came out of a cabinet that my nephew, Billy Raymond, had taken from me, and put them in the back room. I have never watched these tapes, but, I suspect that there may be video of an underage girl on them. I only suspect this because I had cameras set up in my house, and Billy took them down and brought them to the back bedroom. I believe Billy could have had sex with her in my house in that bedroom, and he could have taped it with those cameras. I don't know this for sure, but I know one of the charges that Billy is in jail for, is for having sex with this underage girl. I found out later that this girl was 13 years old, but, at the time she was with Billy in my

xCS

Exhibit E

Case 5:16-cr-00340-NAM Document 27 Filed 03/03/17 Page 1 of 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**NOTICE OF MOTION**
CASE NO. 5:16-CR-340 (NAM)

CLIF J. SEAWAY,

Defendant.

**PLEASE TAKE NOTICE**, that upon the annexed Memorandum of Law, Exhibits, and all other proceedings heretofore had herein, a Motion will be made as follows:

**DATE, PLACE AND TIME OF MOTION:** April 5, 2017, before the Honorable Norman A. Mordue, in the United States District Court for the Northern District of New York, James M. Hanley Federal Building,100 South Clinton Street, Syracuse, New York, 13261, at 10:00 A.M. or as soon thereafter as counsel can be heard.

**TYPE OF MOTION:** Defendant seeks an Order of the Court suppressing physical evidence and statements for such other and further relief as the Court may deem just and proper.

DATED: March 3, 2017
Syracuse, New York

LISA A. PEEBLES
Federal Public Defender

By: *S/Randi J. Bianco, Esq.*
Assistant Federal Public Defender
Bar Roll No. 507514
Office of the Federal Public Defender
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
(315) 701-0080

TO: Lisa Fletcher, Esq., AUSA
Clif Seaway

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

CASE NO. 5:16-CR-0340 (NAM)

**Time Previously Excluded: December 16, 2016-March 15, 2017**

CLIF J. SEAWAY,

Defendant.

---

**MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS**

DATED: March 3, 2017
Syracuse, New York

Respectfully submitted,

LISA A. PEEBLES
Federal Public Defender

By: Randi J. Bianco, Esq.
Assistant Federal Public Defender
Bar Roll No. 507514
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
(315)701-0080

## PRELIMINARY STATEMENT

The evidence in the case against the defendant, Clif Seaway ("Mr. Seaway"), stems from a search warrant that was issued without probable cause. In addition, Mr. Seaway's own statement to police was involuntary. Accordingly, Mr. Seaway now moves to suppress all physical evidence and statements in this case or, in the alternative, for an evidentiary hearing. He submits this memorandum of law in support of that motion.

## BACKGROUND

On September 24, 2015, William B. Raymond III, who was then thirty-five years old and the father of seven children between the ages of seven and sixteen, was arrested and charged with twice raping a thirteen-year-old girl. (Exhibits A, D.) He has referred to the thirteen-year-old victim as his "girlfriend." (Exhibit D.) After his arrest, he was held without bail at the Onondaga County Justice Center. (Exhibit A.)

On January 14, 2016, while still at the Justice Center, Raymond gave a statement to Investigator Miller. (Exhibit D.) Raymond told Investigator Miller that Mr. Seaway, who is his uncle, possessed child pornography. *Id*. Raymond also told Investigator Miller that Mr. Seaway told him he had taken a video and pictures of a child "about 5 or 6 years ago" when he was living in Indian Hill trailer park. *Id*.

Over a month later, based entirely on Raymond's statement and a one-phone-call inquiry into Mr. Seaway's criminal history, Investigator Michael R. Eckler of the New York State Police applied for a search warrant authorizing a search of Mr. Seaway's home and computers. (Ex. C at 7.) Investigator Eckler's application did not contain any description of any attempts to

corroborate any of the information that Raymond had provided. The warrant was issued the same day, February 18, 2016. (Ex. B.)

The search warrant was executed on February 24, 2016. (Ex. E.) All of the evidence in the case against Mr. Seaway, including his own statement to the police, stems from that warrant.

Mr. Seaway gave a statement to police on February 24, 2016. (Ex. E.) The written statement came as a result of a detention that lasted many hours, during which time Mr. Seaway was visibly physically ill.

Mr. Seaway was charged by complaint on March 2, 2016, with violating 18 U.S.C. § 2251(a) (sexual exploitation of a minor). (Dkt. No. 1.) He was indicted on November 17, 2016. (Dkt. No. 17.) The indictment charges him with one count of conspiracy to sexually exploit a child and six counts of sexual exploitation of a child. *Id*. Trial is scheduled for May 1, 2017. (Dkt. No. 26.)

## ARGUMENT

### I. The Search Warrant Was Not Supported by Probable Cause Because the Face of the Application Showed That Raymond Was Unreliable and That No Effort Had Been Made to Corroborate the Information He Provided.

The Fourth Amendment prohibits "unreasonable searches" by the government. U.S. CONST. amend. IV; *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). To be valid under the Fourth Amendment, a search warrant must (1) be based on probable cause, (2) be supported by oath or affirmation, (3) describe with particularity the place to be searched, and (4) describe with particularity the things to be seized. *Groh v. Ramirez*, 540 U.S. 551, 557 (2004).

Probable cause for a search exists "where the known facts and circumstances are sufficient to warrant a [person] of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States,* 517 U.S. 690, 696 (1996).

Where the information needed to supply probable cause comes from an informant, the court must consider the totality of the circumstances, including, but not limited to, "an informant's veracity, reliability and basis of knowledge, and the extent to which an informant's statements—even statements about a suspect's innocent activities—are independently corroborated." *United States v. Gagnon*, 373 F.3d 230, 236 (2d Cir. 2004).

Here, all of the information needed to supply probable cause for the warrant for the search of Mr. Seaway's home came from Raymond. Nothing in the warrant application, however, provided the issuing magistrate with any reason to trust Raymond's veracity or reliability. Indeed, the face of the warrant application showed that Raymond's word should not be trusted. At the time he gave his statement about Mr. Seaway, Raymond was in jail on very serious charges. His very presence in jail facing charges lessens the reliability of his statement because, as the Second Circuit has noted, an informer who is a criminal is less reliable than an innocent bystander with no apparent motive to falsify. *Gagnon*, 373 F.3d at 236. In addition, Raymond, by his own admission, had saved pictures of ex-girlfriends on Mr. Seaway's computer. (Ex. D.) He had every motive in the world to try to place blame on someone else for any images discovered on that computer.

Further, nothing in the warrant application indicates that any effort at all was made to independently corroborate Raymond's statements. There is nothing in the warrant application indicating that officers undertook any investigation at all in the month that elapsed between Raymond's statement and the date of the application. Officers could have, for instance, driven by

Mr. Seaway's property and observed whether there was, indeed, an old school bus. They could have run a records search to determine whether Mr. Seaway had ever lived at the Indian Hill trailer park. They could have sought statements from the complainants in Mr. Seaway's previous arrests to see if their recollections supported Raymond's descriptions of Mr. Seaway's activities. The warrant application does not indicate that officers did any of these things.

In sum, the warrant application was based entirely on the word of man with no reason to tell the truth. Such information is insufficient to provide probable cause. The warrant, accordingly, was not supported by probable cause. The defense, therefore, requests that the Court suppress all of the evidence acquired as a result of the warrant or, in the alternative, conduct an evidentiary hearing regarding the issue.

## II. Mr. Seaway is Not Required to File an Affidavit in Support of this Motion Because None of the Pertinent Facts Are Within His Personal Knowledge as Contemplated By Local Rule 12.1(e).

The government may argue that Mr. Seaway is not entitled to an evidentiary hearing because he has not filed an affidavit in support of this motion. In order to receive an evidentiary hearing, a defendant must make a preliminary showing of facts which, if proved, would require the granting of relief. *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992). Often motions to suppress are based on issues regarding consent or other matters within the personal knowledge of the defendant. *See, e.g.*, *United States v. Miller*, 382 F. Supp. 2d 350, 362 (N.D.N.Y. 2005) (In the defendant's affidavit "[h]e denied running the red light [and] stated that initial police questioning was conducted pre-*Miranda*, that he did not consent to a vehicle search, and that he did not own the coat or items seized from the safe.") In this case, however, the relevant facts are *not* within the personal knowledge of Mr. Seaway or of any individual from whom the defense

could obtain an affidavit. Therefore, the absence of an affidavit from Mr. Seaway does not mean that the defense is not entitled to an evidentiary hearing. If the Court finds that information from Mr. Seaway is required, the defense will gladly provide an affidavit along with its reply papers.

**III. Suppression of All of the Physical Evidence and Statements is the Appropriate Remedy.**

"To give effect to the Fourth Amendment's guarantee against unreasonable searches and seizures, and to deter illegal police conduct, the Court must apply the exclusionary rule and suppress any evidence unconstitutionally obtained. *See Nix v. Williams*, 467 U.S. 431, 442–43, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); *Weeks v. United States*, 232 U.S. 383, 398, 34 S.Ct. 341, 58 L.Ed. 652 (1914) . . . . The Supreme Court's fruit-of-the-poisonous-tree doctrine also bars the use of evidence obtained either during or as a direct result of an unlawful invasion. *See Wong Sun v. United States*, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)." *United States v. Couch*, 378 F. Supp. 2d 50, 62 (N.D.N.Y. 2005). Here, all of the evidence against Mr. Seaway, including his statement to police, was acquired as a result of a warrant unsupported by probable cause. Therefore, the defense requests that the Court suppress all of the evidence.

**IV. The Court Should Suppress Evidence of Mr. Seaway's Statement Because It Was Not Voluntary**

All confessions must be voluntary. Involuntary confessions violate due process and implicate the Fifth Amendment privilege against self-incrimination. *Brown v. Mississippi*, 297 U.S. 278, 286 (1936); *Miranda v. Arizona*, 384 U.S. 436, 460-63 (1966). In determining whether a confession was involuntary, a court looks at the totality of the circumstances, including (1) the characteristics of the accused; (2) the conditions of the interrogation; and (3) the conduct of law enforcement officials. *Green v. Scully*, 850 F.2d 894, 901-02 (2d Cir. 1988). A defendant challenging the voluntariness of a confession has the right to "a fair hearing and a reliable

determination on the issue of voluntariness." *Jackson v. Denno*, 378 U.S. 368, 377 (1964). The inquiry is particularly fact-intensive where a defendant alleges that police coerced a confession by improperly taking advantage of his weakened physical condition.

Here, the interrogation of Mr. Seaway lasted for up to eight hours. In the video of the interrogation, he is visibly and audibly hacking, coughing, and weakened. Therefore, Mr. Seaway requests a hearing on the voluntariness of his confession.

**CONCLUSION**

For the reasons discussed above, the defense requests that the Court suppress all physical evidence and statements in this case. In the alternative, the defense requests an evidentiary hearing.

DATED: March 3, 2017

LISA A. PEEBLES
Federal Public Defender

By: */s/*
Randi J. Bianco, Esq.
Assistant Federal Public Defender
Clinton Exchange, 3rd Floor
4 Clinton Square
Syracuse, New York 13202
(315) 701-0080

TO: Lisa Fletcher, Esq., AUSA (via ECF)
Clif J. Seaway, Cayuga County Jail (via mail)

# Salina man charged with raping 13-year-old girl

Print Email

By Jacob Pucci | jpucci@syracuse.com

Email the author | Follow on Twitter

on October 02, 2015 at 2:21 PM, updated October 02, 2015 at 2:32 PM

William Raymond *Onondaga County Sheriff's Office*

SALINA, N.Y. -- A 35-year-old Salina man was arrested on charges that he twice raped a 13-year-old girl.

William B. Raymond III, of [redacted]., faces two counts each of second-degree rape, second-degree criminal sex act and endangering the welfare of a child, Onondaga County Sheriff's Detective Jon Seeber said.

Deputies were alerted after the girl told a family member about her relationship with Raymond, Seeber said.

Raymond was arrested on Sept. 24 and arraigned in Salina Town Court. Due to Raymond having two or more felony convictions, he was ordered held without bail at the Onondaga County Justice Center.

In 2000, Raymond was convicted of felony grand larceny and in 2012, was arrested for failing to pay restitution in connection with the conviction.

ADVERTISING

inRead invented by Teads

Contact Jacob Pucci: Email | Twitter | 315-766-6747

Case 18-1916, Document 47, 10/01/2018, 2400475, Page82 of 143

**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

*100 South Clinton Street, P.O. Box 7198*
*James M. Hanley Federal Building*
*Syracuse, New York 13261-7198*

*Tel.: (315) 448-0672*
*Fax: (315) 448-0658*

July 28, 2016

Randi Juda Bianco
Assistant Federal Public Defender
4 Clinton Square
Syracuse, New York 13202

**Re:** **United States v. Clif Seaway**

Dear Randi:

Pursuant to your request for additional early discovery, enclosed is a copy of the search warrant that authorized the search of your client's residence, together with the application and supporting documents.

Sincerely,

RICHARD S. HARTUNIAN
United States Attorney

Lisa M. Fletcher
Assistant United States Attorney

Enclosures

# SEARCH WARRANT

LOCAL CRIMINAL COURT, COUNTY OF OSWEGO, TOWN OF GRANBY, NY

**TO ANY MEMBER OF THE NEW YORK STATE POLICE, U.S. DEPARTMENT OF HOMELAND SECURITY - HOMELAND SECURITY INVESTIGATIONS, AND THE UNITED STATES MARSHAL SERVICE:**

**YOU ARE HEREBY DIRECTED TO SEARCH:**

[redacted] and any other areas the residents may have custody or control of such as, but not limited to, the basement, the garage and other curtilage or vehicles on the property, including a light blue colored bus.

The residence is located on the north side of Germandale Dr., and is approximately ½ mile west of the intersection of County Road 8. The residence is a white colored mobile home with white skirting. There is a wooden front porch with a wooden railing located in front of the entrance door. The entrance door is white in color and there is dark trim along the roof line, and dark colored shutters on the windows. There is one shutter missing from a front window. To the right of the residence there is a light blue colored charter bus located on the property.

## FOR THE FOLLOWING PROPERTY:

The property referred to and authorized to be seized, searched, held, and subsequently forensically examined is believed to contain evidence that will constitute, substantiate or support violations of Articles 130, 260, and 263 of the Penal Law of the State of New York, and this property is further described as follows:

1. Any and all computers, computer program, computer data and/or computer network information as those terms are defined in Penal Law 156.00.

2. Any computers, central processing units, external and internal drives, storage units or media, terminals and video display units, together with peripheral equipment such as keyboards, printers, modems, scanners, or digital cameras and their internal and external storage media.

3. Any and all computing or data processing software, or data including, but not limited to hard disks, floppy disks, magnetic tapes, and integral RAM or ROM units which may reveal evidence which substantiates violations of the aforementioned NY State Penal Law Statutes.

4. The following records and documents, whether contained or stored on the computer, cell phone, magnetic tape, cassette, CD disk, diskette, photo-optical device, Cloud Storage, or any other storage medium, in the form of Internet history, SMS, MMS, IM:

a. Any access numbers, passcodes, swipe code patterns, passwords, personal identification numbers (PINS), logs, notes, memoranda and correspondence relating to computer, electronic and voice mail systems, Internet addresses and/or related contacts.

b. Any computing or data processing literature, including, but not limited to printed copy, instruction books, notes, papers, or listed computer programs, in whole or in part.

c. Any audio or video cassette tape recordings, books, magazines, periodicals, or other recorded or printed material, the possession of which constitutes a violation of or supports a violation of Articles 130, 260, and/or 263 of the Penal Law of the State of New York.

d. Any and all photographs depicting sexual conduct by a child and/or minors engaged in sexually explicit conduct.

e. Records or correspondence relating to the possession, transmission, collection, trading, or production of the aforementioned photographs and/or videos.

5. Any internet capable device, such as cell phone, tablet, smartphone, gaming system that allows access to the Internet and allows for the transmission of data in violation of or supporting evidence of a violation of Articles 130, 260, 263 of the New York State Penal Law.

- You are directed to seize the same and, without unnecessary delay, return it to this court together with this warrant and a written inventory of such property subscribed and sworn to by you.
- You are directed to execute this warrant between the hours of 6:00am and 9:00pm.
- You are directed to forward seized property for forensic examination.
- You are authorized to convert it to humanly readable and viewable form as necessary.
- You are authorized, in the execution of this warrant, to enter the premises to be searched without giving notice of your authority or purpose.

This search warrant issued this 18th day of February 2016

(Hon. Donald E. Todd)
County Court Judge sitting as a local criminal court pursuant to CPL 10.20(3)

# APPLICATION FOR SEARCH WARRANT
**(Section 690.35 CPL)**

STATE OF NEW YORK
COUNTY OF OSWEGO

LOCAL CRIMINAL COURT
TOWN OF GRANBY

To the Presiding Magistrate, Local Criminal Court, Town of Granby:

I, Inv. Michael R. Eckler, a Police Officer of the State of New York, to wit, an Investigator with the New York State Police, assigned locally to the Computer Crimes Unit – Northern Region, do hereby state that there is reasonable cause to believe that property of a kind or character described in Section 690.10 of the Criminal Procedure Law may be found in or upon a designated or described place, vehicle or person.

**A. THE PROPERTY REFERRED TO AND SOUGHT TO BE SEIZED, SEARCHED, EXAMINED AND HELD (Sec 690.10 NYS CPL)**

Constitutes evidence and tends to demonstrate that an offense was committed in this state, to wit, violations of Articles 130, 260, and 263 of the Penal Law of the State of New York; and

**B. THE PROPERTY REFERRED TO AND SOUGHT TO BE SEIZED, SEARCHED, EXAMINED AND HELD IS DESCRIBED AS:**

1. Any and all computers, computer program, computer data and/or computer network information as those terms are defined in Penal Law 156.00.

2. Any computers, central processing units, external and internal drives, storage units or media, terminals and video display units, together with peripheral equipment such as keyboards, printers, modems, scanners, or digital cameras and their internal and external storage media.

3. Any and all computing or data processing software, or data including, but not limited to hard disks, floppy disks, magnetic tapes, and integral RAM or ROM units which may reveal evidence which substantiates violations of the aforementioned NY State Penal Law Statutes.

4. The following records and documents, whether contained or stored on the computer, cell phone, magnetic tape, cassette, CD disk, diskette, photo-optical device, Cloud Storage, or any other storage medium, in the form of internet history, SMS, MMS, IM:
   a. Any access numbers, passcodes, swipe code patterns, passwords, personal identification numbers (PINS), logs, notes, memoranda and correspondence relating to computer, electronic and voice mail systems, Internet addresses and/or related contacts.
   b. Any computing or data processing literature, including, but not limited to printed copy, instruction books, notes, papers, or listed computer programs, in whole or in part.
   c. Any audio or video cassette tape recordings, books, magazines, periodicals, or other recorded or printed material, the possession of which constitutes or supports evidence of a violation of Articles 130, 260, and or 263 of the Penal Law of the State of New York.
   d. Any and all photographs depicting sexual conduct by a child and/or minors engaged in sexually explicit conduct.
   e. Any records or correspondence relating to the possession, transmission, collection, trading, or production of the aforementioned photographs and/or videos.

5. Any Internet capable device, such as cell phone, tablet, smartphone, gaming system that allows access to the internet and allows for the transmission of data in violation of or supporting a violation of Articles 130, 260, and 263 of the New York State Penal Law.

**C. DESIGNATION OR DESCRIPTION OF PLACE, VEHICLE OR PERSON TO BE SEARCHED:**

[redacted]. Fulton NY, located in the Town of Granby, and any other areas the residents may have custody or control of such as, but not limited to, the basement, the garage and other curtilage or vehicles on the property including the blue colored charter bus located on the property.

The residence is located on the north side of Germandale Dr., and is approximately ½ mile west of the intersection of County Road 8. The residence is a white colored mobile home with white skirting. There is a wooden front porch with a wooden railing located in front of the entrance door. The entrance door is white in color and there is dark trim along the roof line, and dark colored shutters on the windows. There is one shutter missing from a front window. To the right of the residence there is a light blue colored charter bus located on the property. There is a gray colored storage shed with white trim located on the right side of the light blue colored charter bus.

**D. ALLEGATIONS OF FACT IN SUPPORT OF STATEMENT THAT THERE IS REASONABLE CAUSE TO BELIEVE THAT PROPERTY OF A KIND OR CHARACTER DESCRIBED IN SECTION 690.10 OF THE CRIMINAL PROCEDURE LAW MAY BE FOUND IN OR UPON A DESIGNATED OR DESCRIBED PLACE, VEHICLE OR PERSON:**

I am the applicant herein and am a public servant of the kind specified in Section 690.05, Subdivision 1 of the Criminal Procedure Law, my title being that of Investigator with the Division of New York State Police. I am currently assigned to the New York State Police Computer Crime Unit – Central Region. I have been a sworn police officer in NY since January 7, 2002, and member of the New York State Police since April 7, 2003. Your affiant has attended various training classes as it pertains to death investigations, assaults, sex offenses, and drug and narcotic investigations. As part of my tenure as a police officer your affiant has attended numerous state and local training workshops and seminars, on a wide variety of investigations as described above. Your affiant has also received training at the New York State Police Academy. While employed as a police officer your affiant has gained experience by conducting traditional police investigations/operations, and executed or assisted with the execution of search warrants which have resulted in the arrest and or conviction of those responsible. I have been involved in the investigation of offenses relating to computers and the Internet, as well as investigations involving the distribution of child pornography via the Internet. I have received training on the subject of online criminal investigation, the distribution, trading and downloading/sharing of child pornography, and computer evidence handling and forensics. I have received training in Internet investigative techniques as they apply to child pornography investigations. Investigators with the Internet Crimes Against Children Task Force have instructed me in techniques of child pornography investigations. Additionally I have received training in cyber investigations and identifying and seizing electronic media, as well as ways that suspects utilize computers and other electronic media to commit crimes, store evidence of those crimes and conceal evidence of the crimes. I have a Bachelor's degree in Cybersecurity and Information Assurance with a concentration in cybercrime investigations and forensics from Utica College, a Graduate Certificate in Computer Forensics from the University of Central Florida, and a Master's degree in Telecommunications and Network Management from Syracuse University.

Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish reasonable cause to believe that evidence of violations of New York State Penal Law Sections 130, 260, and 263 will be located within the above-described premises.

## E. DEFINITIONS

The following non-exhaustive list of definitions applies to this affidavit:

- "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors, but that are not, in and of themselves, obscene or illegal. In contrast to "child pornography," this material does not necessarily depict minors in sexually explicit poses or positions. Some of the more common types of child erotica include photographs that are not sexually explicit, drawings, sketches, fantasy writing, and diaries.

- "Child Pornography" includes any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct.

- "Cloud Computing" refers to the use of computing resources (hardware and software) that are delivered as a service over a network (typically the Internet). The "Cloud" allows data in the form of documents, pictures, videos, music and any other medium to be uploaded to an account on a service provider's server and accessed by users utilizing various methods such as computers, tablets, smart phones, etc. It is an off-site storage medium for items typically stored/saved on a computer.

- "Cloud Storage" Cloud storage is a service model in which data is maintained, managed and backed up remotely and made available to users over a network (typically the Internet).

- "Computer" as used herein, is defined in article 156.00 of the Penal Law, as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device."

- "Computer hardware" as used herein, consists of all equipment which can receive, capture, collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, or similar computer impulses or data. Computer hardware includes any data-processing devices (including, but not limited to, central processing units, internal and peripheral storage devices such as fixed disks, external hard drives, floppy disk drives, USB flash drives, and diskettes, and other memory storage devices); mobile telephone devices, portable memory devices, portable electronic music players, video gaming systems; peripheral input/output devices (including, but not limited to, keyboards, printers, video display monitors, and related communications devices such as cables and connections), as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (including, but not limited to, physical keys and locks) and wireless devices, capable of connecting other computer hardware to the Internet.

- "Computer passwords and data security devices" as used herein, consist of information or items designed to restrict access to or hide computer software, documentation, or data. Data security devices may consist of hardware, software, or other programming code. A password (a string of alpha-numeric characters) usually operates a sort of digital key to "unlock" particular data security devices. Data security hardware may include encryption devices, chips, and circuit boards. Data security software of digital code may include programming code that creates "test" keys or "hot" keys, which perform certain pre-set security functions when touched. Data security software or code may also encrypt, compress, hide, or "booby-trap" protected data to make it inaccessible or unusable, as well as reverse the progress to restore it.

- "Encrypt" is the process of converting data into a code preventing unauthorized access. It is the process of hiding and or preventing access to the data by unauthorized users, or users who do not have the credentials to access such data.

- "Internet Protocol address" or "IP address" refers to a unique number used by a computer to access the Internet. IP addresses can be dynamic, meaning that the Internet Service Provider (ISP) assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be static, if an ISP assigns a user's computer a particular IP address which is used each time the computer accesses the Internet.

- "Image" or "copy" refers to an accurate reproduction of information contained on an original physical item, independent of the electronic storage device. "Imaging" or "copying" maintains contents, but attributes may change during the reproduction.

- "NCMEC" refers to The National Center for Missing and Exploited Children (NCMEC), which serves as a centralized cyber tip line as it pertains to exploited and missing children. Electronic service providers (ie: Google, Microsoft, Yahoo, AOL, et. Al.) are mandated to report instances of apparent child pornography and/or child exploitation.

- "Sexual Conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any persons.

## F. CHILD PORNOGRAPHY AND THE INTERNET

I am aware that computers and computer technology have revolutionized the way in which child pornography is produced, distributed, stored and communicated as a commodity and a further tool of online child exploitation. For instance:

- Individuals can transfer photographs from a camera onto a computer-readable format with a variety of devices, including scanners, memory card readers, cellular phones and tablets, directly from digital cameras or using the "Cloud".

- Modems allow computers to connect to another computer through the use of telephone, cable, or wireless connection. Electronic contact can be made to literally millions of computers around the world.

- The capability of a computer to store images in digital form makes the computer itself an ideal repository for child pornography. As explained further below, the storage capacity of electronic media used in home computers has increased tremendously within the last several years. These drives can store very large numbers of visual digital image and video files at very high resolution.

- The Internet, the World Wide Web, and other Internet components afford individuals many different, relatively secure and anonymous venues for obtaining, viewing and trading child pornography or for communicating with others to do so or to entice children.

- Individuals can use online resources to retrieve, store and share child pornography, including services offered by Internet Portals such as Google, America Online (AOL), Yahoo! and Hotmail, among others. Online services allow a user to set up an account providing email and instant messaging services, as well as electronic storage of computer files in any variety of formats. A user can set up an online storage account from any computer with access to the Internet. Evidence of such online storage of child pornography is often found on the user's computer. Even in cases where online storage is used, evidence of child pornography can be found on the user's computer in most cases.

- As with most digital technology, computer communications can be saved or stored on hardware and computer storage media used for these purposes. Storing this information can be intentional, i.e., by saving an email as a file on the computer or saving the location of one's favorite websites in, for example, "bookmarked" files. However, digital information can also be retained unintentionally, e.g., traces of the path of an electronic communication may be automatically stored in many places (e.g., temporary files or ISP client software, among others). In addition to electronic communications, a computer user's Internet activities generally leave traces or "footprints" in the web cache and history files of the browser used. Such information is often maintained for very long periods until overwritten by other data.

- The interaction between software applications and the computer operating systems often results in material obtained from the Internet being stored multiple times, and even in different locations, on a computer hard drive without the user's knowledge. Even if the computer user is sophisticated and understands this automatic storage of information on his computer's hard drive, attempts at deleting the material often fail because the material may be automatically stored multiple times and in multiple locations within the computer media. As a result, digital data that may have evidentiary value to this investigation could exist in the user's computer media despite, and long after, attempts at deleting it. A thorough search of this media could uncover evidence of receipt, distribution and possession of child pornography.

- Data that exists on a computer is particularly resilient to complete deletion. Computer files or remnants of such files can be recovered months or even years after they have been stored on a hard drive, deleted, or viewed via the Internet or from external media, such as CDs, DVDs or external hard drives. Electronic files stored on a hard drive can be retained for years at little to no cost. Even when such files have been deleted, they can be recovered months or years later using forensic software. When a person "deletes" a file on a computer, the data contained in the file does not actually disappear.

The Operating System marks the file entry as deleted in its list of all of the files on the storage media. Even the entry that has been marked for deletion, remains until the space is needed for a new entry. The data that was associated with that File Name remains on the hard drive until the space is needed and it is overwritten by new data. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space (space on the hard drive that is not allocated to an active file or that is unused after a file has been allocated to a set block of storage space) for long periods before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file. Similarly, files that have been viewed via the Internet are automatically downloaded into a temporary Internet directory or cache. The browser typically maintains a fixed amount of hard drive space devoted to these files, and the files are only overwritten as they are replaced with more recently viewed Internet pages. Thus, the ability to retrieve content of an electronic file from a hard drive depends less on when the file was downloaded or viewed than on a particular user's operating system, storage capacity, and computer habits.

## G. COMPUTERS AND THE EVIDENCE ASSESSMENT PROCESS IN CHILD PORNOGRAPHY AND CHILD EXPLOITATION CASES

This warrant seeks permission to locate not only computer files that might serve as direct evidence of the crimes described in the warrant, but also for cellular telephones and also for evidence that establishes how computers and cellular telephones were used, the purpose of their use, and who used them. Additionally, the warrant seeks information about the possible location of other evidence.

- This application seeks permission to search and seize records that might be found on computers, cellular telephones and peripheral devices, in whatever form they are found. One form in which the records might be found is stored on a computer's hard drive; another form is other electronic media, such as external hard drives. Some of these electronic records might take the form of files, documents, and other data that is user generated. Some of these electronic records, as explained below, might take a form that becomes meaningful only upon forensic analysis.

- Although some records called for by this warrant might be found in user generated documents (such as word processor, picture, and movie files), computer hard drives can contain other forms of electronic evidence that are not user generated. In particular, a computer hard drive may contain records of how a computer has been used, the purposes for which it was used, and who has used these records. For instance, I have learned from computer forensic experts that:

1. Data on the hard drive not currently associated with any file can provide evidence of a file that was once on the hard drive but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file, or when a particular DVD disc was viewed using Windows Media Player, etc.).

2. Virtual memory paging systems can leave traces of information on the hard drive that show what tasks and processes on the computer were recently in use.

3. Web browsers, email programs, and chat programs store configuration information on the hard drive that can reveal information such as online nicknames and passwords. It can also provide information about who was using the computer, and when they were using the computer.

4. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices, and the times the computer was in use.

5. Computer file systems can record information about the dates files were created and the sequence in which they were created. This information may be evidence of a crime, show the existence and location of evidence in other locations on the hard drive, and may provide information about the user of the computer.

6. Further, in finding evidence of how a computer has been used, the purposes for which it was used, and who has used it, sometimes it is necessary to establish that a particular thing is not present on a hard drive or that a particular person (in the case of a multi-user computer) was not a user of the computer during the time(s) of the criminal activity. For instance, I know that when a computer has more than one user, files can contain information indicating the dates and times that files were created as well as the sequence in which they were created. For example, by reviewing the Internet Browser History, such as Index.dat files (a system file that keeps track of historical activity conducted in the Internet Explorer application), Link (.lnk) files, and thumbs.db

Case 18-1916, Document 47, 10/01/2018, 2400475, Page90 of 143

I. **Overview of the Current Investigation:**

On January 15, 2016 William B. Raymond provided a supporting deposition indicating evidence of the aforementioned crimes may be located at [redacted] in the Town of Granby. William Raymond observed images and videos of child pornography while residing at this residence during August through September of 2015. An account of these events is included in the attached supporting deposition. It is alleged by William B. Raymond that his uncle Clif had sexually abused a child and that Clif Seaway possessed photographs he had taken of a young girl who had stayed overnight at his residence several years ago. The deposition is attached for further details.

On January 19, 2016,an inquiry with the Integrated Justice Portal provided information from the New York State Department of Criminal Justice Services that Clif John Seaway Date of birth [redacted], 1956 was arrested by Watertown City Police Department on February 13, 2009 for PL 260.10 Sub01, Act in manner to injure child less than 17.

On January 19, 2016 I contacted the City of Watertown Police Department and spoke to Detective Steve Backus to inquire about further details of the arrest indicated on Clif Seaway's criminal history. Detective Backus advised there was no information in their system for an arrest related to an incident on the date of February13, 2009. Detective Backus further advised Clif Seaway date of birth [redacted]56 was the suspect in a sexual abuse 1st investigation in 2005. An 8 year old female alleged that on or about Sunday September 25, 2005. Clif Seaway had touched the child in her "pee-pee" area and Clif Seaway had the victim touch his penis. The investigation was reported to be closed due to the witness being unavailable for grand jury testimony and negative results in attempting to make contact with the victim and her mother.

On February 17, 2016 an inquiry through the NY Integrated Justice Portal verified the address on file with the NY Department of Motor Vehicles for Clif J. Seaway with the date of birth 0[redacted]/56 is [redacted]. Fulton, NY 13069.

J. **CONCLUSION AND SPECIFIC REQUEST**

Based upon the investigation your Affiant has conducted and the information provided to your Affiant by William B Raymond, your Affiant has cause to believe that a computer or computers located at 118 Germandale Drive in the Town of Granby may contain images of child pornography, and has made these images of child pornography available for distribution via the Internet, in violation of Article 130, 260, and 263 of the Penal Law. Your Affiant further states that there is reason to believe that evidence will be found at 118 Germandale Drive in the Town of Granby that constitutes evidence of this crime. Based upon the training I have received, as well as experience conducting child pornography investigations that have led to the execution of search warrants and subsequent examinations of computer systems, I have learned that people who buy, produce, trade or sell child pornography rarely, if ever, dispose of their sexually explicit materials, and they treat these materials as "prized possessions." In addition, based upon my experience in the field of computer crime investigations, I know that information, including images, can easily exist on a computer for days, months, even years after it is "deleted" by the user. This information can be extracted from the computer during a forensic examination of the system.

I further know that conducting a search of a computer system, documenting the search and making an image or evidential copy is a lengthy process. It is necessary to determine that no security devices are in place that could cause the destruction of evidence during the search. In some cases, it is impossible to even conduct the search without expert assistance. Since computer evidence is extremely vulnerable to tampering or destruction, examination will require removal of the system from its present location and transferal to our

(Windows XP) or thumb cache (Windows 8 and 10) files, the forensic examiner can often determine whether a user actually accessed, or attempted to access, images/videos, and whether that user accessed other information close in time to the file creation dates, times and sequences to establish user identity and exclude others from computer usage during times related to the criminal activity.

7. Evidence of how a digital device has been used, what it has been used for, and who has used it, may be the absence of particular data on a digital device and requires analysis of the digital device as a whole to demonstrate the absence of particular data. Evidence of the absence of particular data on a digital device cannot be segregated from the digital device.

8. The types of evidence described above may be direct evidence of a crime, indirect evidence of a crime indicating the location of evidence or a space where evidence was once located, contextual evidence identifying a computer user, and contextual evidence excluding a computer user. These types of evidence may show ownership, knowledge, and intent. It also may be exculpatory evidence, which I would be required to turn over to the defense in the event charges were bought.

9. This type of evidence is not "data" that can be segregated, that is, this type of data cannot be abstractly reviewed and filtered by a seizing or imaging agent and then transmitted to investigators. Rather, evidence of this type is a conclusion, based on a review of all available facts and the application of knowledge about how a computer behaves and how computers are used. Therefore, contextual information necessary to understand the evidence described in this affidavit falls within the scope of the warrant.

## H. Characteristics of Collectors of Child Pornography:

Consistent with these search results, based on my own knowledge, experience, and training in child exploitation and child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I know there are certain characteristics common to individuals who have a sexual interest in children and receive and/or advertise images of child pornography, including:

- The majority of individuals who collect child pornography are persons who have a sexual attraction to children. They receive sexual gratification and satisfaction from sexual fantasies fueled by depictions of children that are sexual in nature.

- The majority of individuals who collect child pornography collect explicit materials, which may consist of photographs, magazines, motion pictures, video tapes, books, slides, computer graphics or digital or other images for their own sexual gratification. The majority of these individuals also collect child erotica, which may consist of images or text that do not rise to the level of child pornography but which nonetheless enable their sexual fantasies involving children.

- The majority of individuals who collect child pornography often seek out like-minded individuals, either in person or via the Internet, to share information and trade depictions of child pornography and child erotica as a means of gaining status, trust, acceptance and support. The different Internet-based vehicles used by such individuals to communicate with each other include, but are not limited to, peer-to-peer, torrents, e-mail, bulletin boards, internet relay chat, newsgroups, instant messaging, and other similar vehicles.

- The majority of individuals who collect child pornography maintain books, magazines, newspapers and other writings, in hard copy or digital medium, on the subject of sexual activities with children as a way of understanding their own feelings toward children, justifying those feelings and finding comfort for their illicit behavior and desires. Such individuals rarely destroy these materials because of the psychological support they provide.

- The majority of individuals who collect child pornography often collect, read, copy or maintain names, addresses (including e-mail addresses), phone numbers, or lists of persons who have advertised or otherwise made known in publications and on the Internet that they have similar sexual interests. These contacts are maintained as a means of personal referral, exchange or commercial profit. These names may be maintained in the original medium from which they were derived, in telephone books or notebooks, on computer storage devices, or on scraps of paper.

- The majority of individuals who collect child pornography rarely, if ever, dispose of their sexually explicit materials and may go to great lengths to conceal and protect their collection of illicit materials from discovery, theft, and damage.

Forensic Computer Lab at Division Headquarters in Albany or their designee, which will assist in retrieving the records and data authorized to be seized in a controlled environment.

Your Affiant recognizes that some of the above-described property is data that will be contained on said computer in electronic and machine-readable media, which is not readable, by your deponent in its present state. By this application your Affiant requests authorization for himself and other searching members to seize, examine, listen to, read, view and maintain the above-described property and to convert it to humanly readable and viewable form as necessary.

Wherefore, I respectfully request that the Court issue a search warrant and order of seizure of the aforementioned described property located at [redacted], NY, in the Town of Granby in order that it may be ascertained if any such property constitutes, substantiates or supports the violations of Articles 130, 260, and 263 of the Penal Law of the State of New York. Additionally, it is requested that any and all seized property of the aforementioned described manner be held for analysis and evaluation at the New York State Police Computer Crime Unit Forensic Laboratory in Albany, NY or their designee.

It is further requested that such warrant authorize the executing police officer to enter the premises to be searched without giving notice of his authority or purpose based upon the fact that computer material can readily be destroyed, or encrypted, almost instantly if it is not secured immediately upon arrival at the premises.

Inv. MRE

Signature

[redacted] (Investigator Michael R. Eckler)

Subscribed and sworn to before me

This 18th day of February 2016.

[signature]

Hon. Donald E. Todd

County Court Judge sitting as a local criminal court pursuant to CPL 10.20(3)

Case 18-1916, Document 47, 10/01/2018, 2400475, Page93 of 143

GENL-4 (04/08)

New York State Police

SUPPORTING DEPOSITION (CPL § 100.20)

THE PEOPLE OF THE STATE OF NEW YORK
VS

CLIF SEAWAY
DEFENDANT(S)

| ***LOCATION OF INCIDENT:*** | ***LOCATION OF DEPOSITION:*** |
|---|---|
| STATE OF NEW YORK, LOCAL CRIMINAL COURT | STATE OF NEW YORK |
| COUNTY OF OSWEGO | COUNTY OF ONONDAGA |
| TOWN OF GRANBY | City OF Syracuse |

On DATE: 1-14-16 at TIME STARTED: 11:30 ☒ AM ☐ PM I, FULL NAME: WILLIAM RAYMOND III

residing at 555 south state street, Syracuse, NY with contact information PHONE NUMBER:

STATE THE FOLLOWING:

I am speaking with Inv. Miller at the Onondaga County Justice Center. I would like to give him information about my Uncle Clif Seaway who lives at [redacted] in the Town of Granby. I used to live there with him from August of 2015 through September 20, 2015. While I lived there with him, he and I worked on computers together, repairing and rebuilding them for other people. I had a girlfriend at the time who was 13 years old. She is the reason that I am locked up here at the jail. I saved some information on Clif's computer off my microSD card from my phone because I was letting my cousin use my microSD card. I started showing my Uncle Clif some pictures that I had on my phone of old girlfriends. I was showing him from his computer because I had saved my files onto his computer. After I showed him some pictures of girls, he said that he has some pictures. His exact words were "Give me an age?" I told him that I didn't care that I liked it all, not realizing what he had on his computer. Clif then showed me pictures of naked female kids that were under 10 years old. I know they were less than 10 years old because I have 7 kids between the ages of 5 and 16. The pictures of the kids were nude and posing in sexual ways. For example, there was a picture of a young girl about 6 years old sitting in a spread eagle position. Another picture I remember was an underage girl on her hands and knees in a doggy style pose and the picture showed her vagina from the back, and she was looking back at the camera. He has a folder on one of his hard drives that he plugs into his main computer tower. This hard drive is in a bronze or gold outer cover. He keeps this folder with his pictures as a hidden folder. He also showed me videos from this folder also. These videos that I saw were of young girls less than 10. One of the videos that I specifically remember was a naked girl approximately 5 or 6 years old laying on a bed. An adult female was rubbing her naked chest and bare vagina in the video, and you could tell that an adult male was filming it because you could see his legs that appeared as an adult male's legs. Another video I remember was of a naked girl around 11 or 12 dancing. She was rubbing herself in a way that appeared as if she was masturbating. I would say that there are at least 100 images and videos on his computer. One time when I was working on an old IBM server at his house, my Uncle Clif asked me to see if there was a DVD hidden inside the server. I told him that I couldn't find the disk for him and then he ended up telling me that the disc was one that he made. He told me that one of his daughter's friends had come over to spend the night when they lived in Indian Hill trailer park. This would have been about 5 or 6 years ago, and his daughter, [redacted] would have been around 7 or 8. He said that his daughter's friend brought over some lacey lingerie to sleep in so he thought someone was abusing her. He told me that he took a video and pictures of her at his trailer. He also told me that he was playing with her, but he was not specific about it and I walked out of the room. When I couldn't find the DVD, my Uncle Clif told me that it was probably out in the bus. He has an old International school bus out behind his trailer. It is painted light blue and he has all sorts of things stored out there.

GENL-4 (04/08)

New York State Police
Page 2 of 2

'SUPPORTING DEPOSITION (CPL § 100.20)

THE PEOPLE OF THE STATE OF NEW YORK VS. Clif Seaway
DEFENDANT(S)

He told me that he had bondage items stored out on the bus as well. My Uncle has issues with young kids because I've heard him say that these young kids are made to do these things when he was talking about his videos. I asked him what that meant and he said that they are raised this way. My Uncle also plays this virtual game called "Second Life" and he plays this game as a 5 year old girl. I asked him why he plays as a 5 year old and he told me that he has never grown up. He attaches images of naked kids to his room within this game and allows people to come into his room and view them. I know this because I have watched him play this game on the same computer that he has the child pornography. I have used my Uncle's computer when I lived there as well. I know my Uncle's password for his computer, which is lowercase "seadj123." The only thing I have ever put on my Uncle's computer was the files from my MicroSD card from my cell phone. I put them in a folder that I labeled "Billy's phone."

**NOTICE**
**(Penal Law Sec. 210.45)**
**In a written instrument, any person who knowingly makes a false statement which such person does not believe to be true has committed a crime under the laws of the state of New York punishable as a Class A Misdemeanor.**

Affirmed under penalty of perjury
this 14th day of January , 20 16
- or -
*Subscribed and Sworn to before me
this ______ day of ______ , 20 ___

(SIGNATURE OF DEPONENT) — Error! Reference source not found.

(WITNESS)

(NAME OF PERSON TAKING DEPOSITION)

TIME ENDED 1:05 ☐ AM ☒ PM

*This form need be sworn to only when specifically required by the court.

GENL-19 REV (04/08) VOLUNTARY STATEMENT

# NEW YORK STATE POLICE

## VOLUNTARY STATEMENT

COUNTY OF OSWEGO
TOWN OF VOLNEY

STATEMENT START TIME: 12:43 AM PM
DATED: FEBRUARY 24, 2016

I, CLIF J. SEAWAY, AGE: 59 AND BORN ON: [redacted]/56, AND RESIDING AT: [redacted] DRIVE IN THE TOWN OF GRANBY, HAVE BEEN ADVISED BY: INV. BENJAMIN MILLER, OF THE NEW YORK STATE POLICE, OF THE FOLLOWING:

x CS I HAVE THE RIGHT TO REMAIN SILENT AND I DO NOT HAVE TO MAKE ANY STATEMENT IF I DO NOT WANT TO.

x CS IF I GIVE UP THAT RIGHT, ANYTHING I DO SAY CAN AND WILL BE USED AGAINST ME IN A COURT OF LAW.

x CS I HAVE THE RIGHT TO HAVE A LAWYER PRESENT BEFORE MAKING ANY STATEMENT OR AT ANY TIME DURING THIS STATEMENT.

x CS IF I SHOULD DECIDE THAT I DO WANT A LAWYER AND CANNOT AFFORD TO HIRE ONE, A LAWYER WILL BE APPOINTED FOR ME FREE OF CHARGE AND I MAY HAVE THAT LAWYER PRESENT BEFORE MAKING ANY STATEMENT.

x CS I ALSO UNDERSTAND THAT I HAVE THE RIGHT TO STOP AT ANY TIME DURING THIS STATEMENT AND REMAIN SILENT AND HAVE A LAWYER PRESENT.

I FULLY UNDERSTAND THESE RIGHTS AND AT THIS TIME, I AGREE TO GIVE UP MY RIGHTS AND MAKE THE FOLLOWING STATEMENT;

Inv. B Miller
WITNESS

x Clif J Seaway
CLIF J. SEAWAY

x CS I am speaking with Inv. Benjamin Miller of the New York State Police, and Special Agent Lon Ziankoski of Homeland Security Investigations at the New York State Police in Fulton. The police came to my house today with a search warrant and they told me they were there to look through the house. I told them that I thought that I knew why they were there. I showed the police two VHS tapes that were in the rear bedroom. These were tapes that came out of a cabinet that my nephew, Billy Raymond, had taken from me, and put them in the back room. I have never watched these tapes, but, I suspect that there may be video of an underage girl on them. I only suspect this because I had cameras set up in my house, and Billy took them down and brought them to the back bedroom. I believe Billy could have had sex with her in my house in that bedroom, and he could have taped it with those cameras. I don't know this for sure, but I know one of the charges that Billy is in jail for, is for having sex with this underage girl. I found out later that this girl was 13 years old, but, at the time she was with Billy in my

xCS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

CLIF J. SEAWAY,

Defendant.

Crim. No. 5:16-CR-339 (NAM), and
Crim. No. 5:16-CR-340 (NAM)

GOVERNMENT'S RESPONSE TO
DEFENDANT'S OMNIBUS MOTIONS

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, submits this memorandum in response to the defendant's motions to suppress, filed on February 28, 2017 (16-CR-339) and March 3, 2017 (16-CR-340). As the two motions are identical in all respects, they are consolidated herein for response. The defendant is requesting (1) suppression of statements he made to law enforcement, and (2) suppression of evidence obtained pursuant to the execution of a state search warrant.

For the reasons set forth below, the Government maintains that the defendant's motions should be denied. The recording of the defendant's interview with law enforcement (Government's Exhibit 1)[1] proves the voluntariness of the defendant's statements, and even if the search warrant were lacking in probable cause, which it is not, law enforcement relied on it in good faith in collecting the evidence of the defendant's crimes. Additionally, the defendant's motions do not raise any issue of fact warranting a hearing.[2]

---

1 The defendant was provided with this videotaped interview in discovery.

2 While the defendant moves for suppression, or "[i]n the alternative," a suppression hearing, he does not identify any issue of fact requiring a hearing. Defendant's Motion, p. 6.

Case 5:16-cr-00339-NAM Document 30 Filed 03/24/17 Page 2 of 15

**I. Factual Background**

William Raymond is defendant Clif Seaway's nephew. He was arrested in Onondaga County in September, 2015 for statutory rape of a 13 yo girl, and is currently serving a 5-year sentence for Rape in the Second Degree and Criminal Sexual Act in the Second Degree. While incarcerated, he indicated, on more than one occasion, that he had information about his uncle Clif Seaway. In January, 2016 New York State Police (NYSP) Investigator Benjamin Miller interviewed Raymond while Raymond was incarcerated at the Onondaga County Justice Center. Raymond told Inv. Miller that he had lived with Seaway in August and September of 2015, and that while there, he and Seaway worked on computers together, repairing and rebuilding them for other people. While chatting about "old girlfriends" Raymond said he showed some pictures of his old girlfriends to Seaway, Seaway told Raymond that he has some pictures too, and said to Raymond: "Give me an age." Raymond said he didn't care, and Seaway showed him pictures and videos of naked children who were clearly under 10 years old. From Raymond's description, the images and videos were clearly child pornography, likely from the Internet. On another occasion, Seaway told Raymond that he had photographed one of his daughter's friends while she spent the night.

Based upon Raymond's information, the NYSP obtained a search warrant for Seaway's residence, and executed that warrant together with Homeland Security Investigations (HSI) on February 23, 2016. That warrant, issued on February 18, 2016 by Hon. Donald E. Todd, Oswego County Court Judge, is Exhibit B to the Defendant's Motion. The Application and Affidavit of New York State Police Inv. Michael Eckler, upon which the warrant is based, is Exhibit C to the Defendant's Motion. Raymond's sworn affidavit was incorporated by reference and attached to Inv. Eckler's application.

A large number of items of electronic media were seized from Seaway's residence, including from within a bus on the property that was used for storage purposes. Forensic previews conducted while the warrant was being executed located digital files of produced child pornography involving Seaway and co-defendants Tammy Martin and Tammy Lamere. Some of the recovered images were shown to Seaway during a *Mirandized* and recorded interview, conducted contemporaneously with the search. (Exhibit 1)

The interview of Seaway took place at the NYSP barracks in Fulton, New York. The entirety of the interview is video and audio recorded, and a full copy of the interview is provided as the Government's Exhibit 1 to this motion response. The videotaped interview shows that Seaway was properly given his *Miranda* warnings, and agreed to talk with investigators. (Exhibit 1, time marker 09:50). He was interviewed by NYSP Inv. Benjamin Miller and HSI SA Lon Ziankoski. Seaway was not handcuffed or otherwise restrained, and the door to the interview was left open during the entirety of the interview. The recording shows that while the interview was lengthy, Seaway's statements were not coerced, and were entirely voluntary. He never asked to stop the interview, and was cooperative throughout. While he may have had an occasional cough, Seaway never expressed any distress, nor did he ask to stop speaking to the officers. He was allowed to walk in and out of the interview room unrestrained. See e.g. Exhibit 1, time marker 13:13 – 13:18.

Seaway was provided with beverages and food, including water, coffee, and a donut (*see*, e.g., Exhibit 1, time markers 10:02; 11:19; 11:20; 11:57), and engaged in a collegial conversation with the investigators. Seaway even laughed when telling investigators about taking a picture of a minor with a dog choker tied to his penis. Exhibit 1, time marker 11:22. He was allowed cigarette and bathroom breaks upon request. *See*, e.g. Exhibit 1, time markers 12:00 – 12:10; 12:37 – 12:39;

13:13 – 13:16; 14:25 – 14:29; 14:30 – 14:43; 16:03 – 16:07. There were other breaks in the conversation as well. *See*, e.g. Exhibit 1, time markers 12:00 – 12:21; 12:37 – 12:42; 16:08 – 16:10.

In the interview, Seaway admitted that he and Tammy Martin took sexually explicit photos of themselves and the children – and indicated that where he is in an image, Tammy took the picture, and where she is in an image, he took it. Seaway identified an image of Tammy Martin performing oral sex on V2 (a male child born in 1997) when the child was 3 – 4 years old, and stated that he took the image. Seaway also admitted to many acts of sexual abuse with V3 (a female child born in 2004), and stated that he photographed much of it. He stated that the abuse of V3 stopped, at her request, when she turned 9 ½. Seaway stated that he and Tammy Martin did not believe they were hurting the children.

Seaway further admitted sexual contact with V1 (a female child born in 1996) when she was 4 – 5 years old, to having abused a child named L.T. when she was 4 – 5 years old, but stated that L.T. died when she was 7. (Agents found a L.T. who may have been this child. L.T. is deceased, but died as an adult, not a child). Seaway also admitted abusing V3 with Tammy Lamere, that Lamere had taken photos of V3 performing oral sex on Seaway, and that Seaway had taken photos of V3 touching Lamere's vagina and breasts.

As a result of information obtained during the search at Seaway's residence, and his statements to police, Tammy Lamere was located and interviewed by NYSP and HSI. She admitted in a *Mirandized* written statement that when she first started visiting Seaway he showed her naked and sexually explicit images of V3, including pictures where Seaway was abusing V3. Lamere admitted that she participated in the sexual abuse of V3, when V3 was 4 or 5 years old, and that Seaway may have taken some pictures. Lamere further admitted that after she moved to

Oswego County in 2010, the abuse, and photographing of it, continued. She stated that the pictures were always taken with her camera, which she let Seaway use, and that he would download them to his computer before deleting them from her camera. (Metadata confirms that many of the recovered images were produced with the same model as the camera seized from Lamere's residence).

Lamere consented to a search of electronic media at her home, which revealed images of child pornography. The NYSP obtained a search warrant authorizing further forensic examination of that media, as well as a search of Lamere's residence for additional evidence. Additional incriminating image and video files were recovered from Lamere's media.[3]

Also on February 24, 2016, Tammy Martin was located in Jefferson County, *Mirandized*, and interviewed by the NYSP. Martin admitted that when V2 was still in diapers, Clif Seaway asked her to put V3's penis in her mouth. She said she did not want to do it, but Seaway insisted, and so she did – on about 3 or 4 separate occasions. Martin further admitted to at least two incidents where she had mouth to vagina contact with V3 at Seaway's request. She did not discuss whether pictures were taken.

Forensic examination of the media seized from the defendant's residence shows that Seaway maintained an organized collection of child pornography, including produced images of V1, V2, and V3, as well as produced images of V4 (a female child born in 2004), and V5 (a female child born in 2002). Seaway's organizational structure included folders with names representing dates and victims. He also kept several backups and copies on multiple pieces of media, including each item listed in the forfeiture allegation (except for the cameras, which were used to produce

---

[3] Seaway's allegation that "[a]ll of the evidence in the case against Mr. Seaway" stems from Inv. Eckler's warrant is accordingly incorrect. Relevant and incriminating evidence, which Seaway lacks standing to challenge, was also located on items obtained from Lamere's residence.

the images, not to store them). In all, forensic examination found a collection of several thousand images of child pornography produced by Seaway, sometimes with Martin, and sometimes with Lamere, on approximately 471 separate dates, from approximately May 29, 2001, to approximately April 16, 2014. Seaway also maintained an extremely large collection (tens of thousands of images) of internet child pornography, including images of infants and toddlers. The defendant's possession of this child pornography is not charged in either of the instant indictments.

## II. Argument

### A. Evidence Obtained from the Search Warrant Issued for Seaway's Residence Should Not Be Suppressed[4]

#### 1. The Warrant is Supported by Sufficient Probable Cause[5]

Probable cause is "a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983), quoted in *United States v. Smith*, 9 F.3d 1007, 1012 (2d Cir. 1993). Probable cause exists if, given all of the circumstances set forth in the affidavit, "there is a fair probability that contraband or evidence of a crime will be found in a particular place," *United States v. Grubbs*, 547 U.S. 90, 95 (2006) (quoting *Gates*, 462 U.S. at 238-39), and requires only a "probability or substantial chance of criminal activity." *United States v. Bakhtiari*, 913 F.2d 1053, 1062 (2d Cir. 1990); *United States v. Salameh*, 152 F.3d 88, 112-13 (2d Cir. 1998). Moreover, probable cause determinations by judges are to be paid great deference, and any doubts should be

---

[4] As indicated in the Summary of Facts, above, evidence of Seaway's crimes was also discovered on electronic media seized, from the home of Tammy Lamere, with her consent. Seaway does not have standing to challenge that seizure, or the later search (with a warrant) of those items.

[5] The defendant does not challenge the particularity of the warrant itself, only the probable cause set forth in the application and affidavit in support of the warrant.

resolved in favor of upholding the warrant. *Gates*, 462 U.S. at 236; *Smith*, 9 F.3d at 1012. The reviewing court should ensure only that the issuing judge had a "substantial basis" for the probable cause determination. *Gates*, 462 U.S. at 236.

Here, the defendant's challenge to the search warrant's probable cause is limited to one issue only – the reliability of the informant. Importantly, the defendant does not allege that, if believed, the information provided by William Raymond was insufficient to establish that child pornography would be found at Seaway's residence. The defendant challenges the warrant solely on what he characterizes as a failure to corroborate Raymond's statements. Defendant's Motion, pp. 3 - 4.

The Application for the search warrant of the defendant's residence consisted of the sworn affidavit of NYSP Michael Eckler (Defendant's Exhibit C) *together with* the supporting deposition of William Raymond (Defendant's Exhibit D), which was incorporated by reference and attached to Inv. Eckler's Affidavit. See Defendant's Exhibit C, p. 7 (incorporating Raymond's affidavit, and indicating its attachment).

In addition to Raymond's affidavit, the Application contained information from Inv. Eckler detailing, among other things, Inv. Eckler's training and experience, the interplay between child pornography and the internet, including the storage capabilities of electronic media.[6] Inv. Eckler also corroborated Raymond's statement regarding the location of Seaway's residence. While redacted in the filed exhibit, Inv. Eckler's affidavit confirms that the address on file for Seaway at

[6] While Inv. Eckler's affidavit also includes other information about Seaway, including a 2009 arrest for Endangering the Welfare of a Child - for which no further information could be found, and information that he was a suspect in a closed 2005 sexual abuse investigation involving an 8 year old child, Defendant's Exhibit C, p. 7, the Government is not requesting that this Court use that information in reviewing the probable cause finding. *See United States v. Falso*, 544 F.3d 100, 121 - 124 (2d Cir. 2008), *cert. denied* 558 U.S. 933 (2009).

the Department of Motor Vehicles is the same as the address provided by Raymond as the location where he observed Seaway in possession of child pornography. Defendant's Exhibit C, p. 7; Defendant's Exhibit D, p. 1.

Raymond provided his information in a face-to-face interview with NYSP Inv. Benjamin Miller at the Onondaga County Justice Center, a factor in favor of its veracity. *United States v. Salazar*, 945 F.2d 47, 50 – 51 (2d Cir. 1991) ("a face-to-face informant must, as a general matter, be thought more reliable than an anonymous telephone tipster, for the former runs the greater risk that he may be held accountable if his information proves false.") Raymond then provided and signed a written affidavit under penalty of perjury, with a written warning that false statements are punishable as a crime in the state of New York, another factor in favor of his statement's reliability. *United States v. Hernandez*, 85 F.3d 1023, 1028 (2d Cir. 1996) (finding an informant's allegations "significantly more reliable" when given "under threat of the criminal sanction for perjury.")

Raymond revealed that Seaway is his uncle, a fact not in dispute, and a factor that law enforcement, and the issuing judge, could reasonably rely on in favor of Raymond's basis of knowledge of the facts he related. Even more compelling, however, is the amount of detail in Raymond's statement. *Id*. ("[a] detailed eye-witness report of a crime is self-corroborating; it supplies its own indicia of reliability"), quoting *United States v. Elliott*, 893 F.2d 220, 223 (9th Cir.), modified, 904 F.2d 25 (9th Cir. 1990); *see also United States v. Monk*, 499 F. Supp.2d 268, 271-72 (E.D.N.Y. 2007). Here, Raymond describes specific dates when he lived with Seaway, and demonstrates first-hand knowledge of the defendant, his residence, the items located at the premises. Raymond specified that he worked on computers with Seaway, detailed specific conversations he had with Seaway about sexually explicit images of children (e.g. "After I showed him some pictures of girls, he said he had some pictures. His exact words were "Give me an

age?"), and described with particularity a number of specific files Seaway had shown him depicting minors engaged in sexually explicit conduct. Raymond also specified the type of media on which Seaway kept some of these files, and their location on that media: "He has a folder on one of his hard drives that he plugs into his main computer tower. This hard drive is in a bronze or gold outer cover. He keeps this folder with his pictures as a hidden folder." Defendant's Exhibit D, p. 1. Raymond also particularly described that Seaway had an old school bus, painted light blue, on his property that was used for storage. *Id*. The probable cause to issue the warrant also included Inv. Eckler's statements regarding "Child Pornography and the Internet," and his descriptions of how child pornography, and related evidence, is stored on electronic media, can be maintained thereon indefinitely, and can be extracted by forensic means. Defendant's Exhibit C, pp. 4 – 5.

A "totality of the circumstances" analysis supports a finding that sufficient probable cause existed, and that the issuing judge reasonably credited Raymond's statement in authorizing the warrant. "Even if we entertain some doubt as to an informant's motives,[7] his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to greater weight than might otherwise be the case." *Gates*, 462 U.S. at 234. An informant's "'veracity,' 'reliability' and 'basis of knowledge,'" are not to be "rigidly exacted in every case," but instead "understood simply as closely intertwined issues that may usefully

[7] The defendant argues that Raymond's veracity is tainted by his status as an inmate. Defendant's Motion, p. 3, but the case upon which he relies does not hold that Raymond is therefore unreliable. Instead, it simply acknowledges that "criminal informants" are less reliable than innocent bystanders. *United States v. Gagnon*, 373 F.3d 230, 236 (2d Cir. 2004). *Gagnon* also holds, consistent with the Government's arguments herein, that a face-to-face informant (such as Raymond) is more reliable than an anonymous tipster. *Id*. Again, favoring the finding of probable cause under the requisite totality-of-the-circumstances analysis.

illuminate the commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." *Id*. at 230.

As Judge Todd reasonably credited Raymond's statement in making his probable cause assessment, and as the totality of the circumstances supported that finding, the warrant was properly authorized, and, the evidence seized as a result should not be suppressed.

**2. Law Enforcement Executed the Warrant in Good Faith**

Even if Judge Todd relied on Raymond's affidavit in error, which he did not, law enforcement nevertheless relied in good faith on the warrant he issued, and suppression is not warranted under the good faith exception.

The good faith exception permits the introduction of evidence despite deficiencies in a probable cause showing, so long as the agents executing the warrant acted reasonably and in good faith. In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court held that evidence obtained pursuant to a facially valid search warrant, later found to be invalid, was admissible if the executing officers acted in good faith and in objectively reasonable reliance on the warrant. The Supreme Court held that the exclusionary rule "cannot be expected, and should not be applied, to deter objectively reasonable law enforcement activity." *Id*. at 899.

The exclusionary rule is a judicially created remedy that, "when applicable, forbids the use of improperly obtained evidence at trial." *Herring v. United States*, 555 U.S. 135, 139 (2009). The Supreme Court has "repeatedly rejected the argument that exclusion is a necessary consequence of a Fourth Amendment violation." *Id*. at 141. To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system, accordingly, it "applies only where it "'result[s] in appreciable deterrence,'" and where the benefits of deterrence outweigh the

costs. *Id*. (quoting *United States v. Leon*) (internal citations omitted). Suppression of evidence seized pursuant to a warrant thus remains an appropriate remedy only if: (1) the judge who issued the warrant "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth"; (2) the issuing judge wholly abandoned his judicial role; (3) the affidavit is so lacking in indicia of probable cause that reliance on the warrant was unreasonable; or (4) the warrant was so facially deficient that law enforcement officers cannot reasonably presume it to be valid. *Leon,* 468 U.S. at 923; *see United States v. Singh*, 390 F.3d 168, 181 (2d Cir. 2004).

Here, the judge was not misled, there was no false information in either the affidavit of Inv. Eckler, or the attached affidavit of William Raymond, there is no evidence, or even any allegation, that the judge abandoned his judicial role and the warrant is not so facially deficient that law enforcement's reliance on it was unreasonable. *See United States v. Falso*, 544 F.3d 110, 128 (2d Cir. 2008) ("Once the district court ruled on the legal sufficiency of the facts alleged in the affidavit, the officers were justified in executing the warrant.") citing *United States v. Cancelmo*, 64 F.3d 804, 809 (2d Cir. 1995) ("[W]e decline to hold that the agents acted unreasonably in accepting the magistrate judge's legal conclusion that probable cause existed."). Accordingly, even if probable cause were lacking, which, again, it is not, suppression is not an appropriate remedy.

**B. The Defendant's Statements**

Seaway seeks to suppress the statements he made to NYSP Inv. Benjamin Miller and HSI SA Lon Ziankoski. The sole ground he raises is voluntariness, and then only in regard to his physical condition. He does not allege any infirmities with the advisement of his *Miranda* warnings, nor with his waiver of those rights. Moreover, he does not make out any coercion, duress, or other form of misconduct by law enforcement.

A defendant's confession is admissible so long as the defendant knowingly and voluntarily waived his Fifth Amendment rights after having been advised of them pursuant to *Miranda*. The Government must prove, by a preponderance of the evidence and under the totality of the circumstances, that a defendant voluntarily relinquished his rights, and did so with an awareness of his rights and the consequences thereof. *Moran v. Burbine*, 475 U.S. 412, 421 (1986); *Colorado v. Connelly*, 479 U.S. at 168. Here, the recording of the defendant's interview with law enforcement confirms that he was advised of his rights, indicated that he understood those rights, and waived them. (Exhibit 1, time marker 09:50). He also reviewed, initialed, and signed a written version of those rights at the time the written statement was taken from him. *See* Exhibit 1, time marker 16:51; and Defendant's Exhibit E (the signed *Miranda* waiver page of his written statement.); *see also United States v. Washington*, 431 U.S. 181, 188 (1977) ("it seems self-evident that one who is told he is free to refuse to answer questions is in a curious posture to later complain that his answers were compelled.")

As the defendant was so clearly advised of, understood, and waived his rights, his suppression motion is based upon a conclusory allegation that the statements were nevertheless involuntary, because, he claims, "he [wa]s visibly and audibly hacking, coughing, and weakened." Defendant's Motion, p. 6. This is a mischaracterization of the defendant's condition. The videotaped interview (a review of the video shows that the word "interrogation" is hardly accurate) speaks for itself. While the defendant occasionally coughs, he never appears "weakened" or otherwise in distress. The conversation cannot be characterized in any way other than cooperative and collegial – and completely voluntary. There is simply no view of the evidence that the defendant's statements were the product of unlawful police conduct.

Moreover, as a part of his interview, Seaway assisted Inv. Miller in preparing a summary of his statements in a written affidavit. When Inv. Miller completed typing a draft, Seaway requested that the statement be read to him. Exhibit 1, time marker 16:22. Inv. Miller then read the entire draft to him from the computer on which it had been prepared, while the defendant appears to listen intently, acknowledging the accuracy of the statements. After reading the statement to the defendant, Inv. Miller asked him if it was accurate, and whether there was anything that needed to be changed. The defendant stated that the statement was accurate, and there was nothing to change. Exhibit 1, time marker 16:23 – 16:34. Inv. Miller then printed out the statement and presented it to the defendant for signature. In doing so, the defendant asked whether he had to sign it, and Inv. Miller told him that he did not have to sign it. The defendant agreed to sign the statement. He was advised that the first page included the rights that Inv. Miller had read to him, and was asked to initial each. The defendant agreed, and signed. Exhibit 1, time marker 16:46 – 16:51.

With the benefit of a videotape of the entire interview (Government Exhibit 1), the Court can review the challenged interview itself, as it actually happened - neither colored by a party's characterization of the defendant's physical condition, nor dependent upon any witness' testimony about what happened a year ago. As such, no hearing is necessary, and a review of the videotape, the best evidence, proves that suppression is unwarranted.

**III. Government's Cross-Motion for Discovery**

Pursuant to Rule 16(b) (1), the United States respectfully moves this Court for an order directing the defendant to:

(A) Permit the United States to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies of portions thereof, which are within the possession,

custody, or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial; and

(B) Permit the United States to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony.

(C) Order the defendant to disclose to the government a written summary of testimony the defendant intends to use under Rules 702, 703 and 705 of the Federal Rules of Evidence as evidence at trial. This summary must describe the opinions of the witnesses, the bases and reasons therefore, and the witnesses' qualifications.

**IV. Conclusion**

For all of the reasons set forth above, the defendant's motions to suppress his statements and the evidence derived from the search warrant issued by Hon. Donald E. Todd should be denied without need for an evidentiary hearing. Additionally, the Court should grant the Government's cross motion for discovery.

Dated: March 24, 2017

Richard S. Hartunian
United States Attorney

*/s/Lisa M. Fletcher*

By: Lisa M. Fletcher
Assistant U.S. Attorney
Bar Roll No. 510187

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

****************************************
UNITED STATES OF AMERICA,

v.

CLIF J. SEAWAY,

Defendant.
****************************************

Criminal Action No.
5:16-CR-339 (NAM) and
5:16-CR-340 (NAM)

CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2017, I electronically filed the GOVERNMENT'S RESPONSE TO DEFENDANT'S OMNIBUS MOTIONS with the Clerk of the District Court using the CM/ECF system.

Randi Bianco, Esq.

/s/

Paula Briggs

EXHIBIT 1
of the [28] Response to the [27] Motion to Suppress

SEALED DOCUMENT (Exhibit 1) - maintained in Clerk's Office and not available for electronic viewing FILE UNDER SEAL pursuant to the [29] Order filed on 3/24/2017.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

**UNITED STATES OF AMERICA**

**-v-** **5:16-CR-339 (NAM)**

**CLIF J. SEAWAY and TAMMY M. MARTIN,**

**Defendants.**

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

APPEARANCES:

United States Attorney, Northern District of New York
Lisa M. Fletcher, Esq., Assistant United States Attorney
100 South Clinton Street
Syracuse, New York 13261

Office of the Federal Public Defender, Northern District of New York
Juan J. Rodriguez, Esq., Assistant Federal Public Defender
Randi Juda Bianco, Esq., Assistant Federal Public Defender
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
Attorneys for Defendant Clif J. Seaway

Law Office of H. Dana Vanhee PLLC
H. Dana VanHee, Esq., of counsel
120 East Washington Street, Suite 721
Syracuse, New York 13202
Attorney for Defendant Tammy M. Martin

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## INTRODUCTION

On November 17, 2016, a grand jury indicted Defendants for one count of Conspiracy to Sexually Exploit a Child, 18 U.S.C. § 2251(a),(e), and six counts of Sexual Exploitation of a Child, 18 U.S.C. § 2251(a), charging that on six occasions between 2002 and 2009, Defendants used minors to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct (Dkt. No. 17). Presently before the Court is the motion (Dkt. No. 27) by

Defendant Clif J. Seaway ("Seaway") to suppress physical evidence and statements. As explained below, the motion is denied.

**BACKGROUND**

In September 2015, William Raymond ("Raymond"), Seaway's nephew, was arrested for statutory rape of a 13 year old girl. While incarcerated, Raymond indicated that he had information about Seaway. On January 14, 2016, Raymond gave a written statement, sworn under penalty of perjury, to New York State Police Investigator Benjamin Miller, stating that during August and September, 2015, he lived with Seaway and that together they worked on computers for other people. Raymond's statement continues:

> After I showed him some pictures of girls, he said that he has some pictures. His exact words were "Give me an age?" I told him that I didn't care that I liked it all, not realizing what he had on his computer. Clif then showed me pictures of naked female kids that were under 10 years old. I know they were less than 10 years old because I have 7 kids between the ages of 5 and 16. The pictures of the kids were nude and posing in sexual ways.

The statement continues with specific descriptions of images and videos. Raymond specified the type of media on which Seaway kept some of the files and their location on that media.

On February 18, 2016, New York State Police obtained a search warrant for Seaway's residence and computers, issued by Oswego County Court Judge Donald E. Todd. The application included the affidavit of New York State Police Investigator Michael Eckler and incorporated by reference Raymond's statement, which was attached.

New York State Police executed the search warrant on February 24, 2016. On the same date, police interviewed Seaway. During the interview, which was videotaped, Seaway admitted engaging in numerous acts of sexual abuse with minor children. As part of the interview, he signed a written statement that included a voluntary waiver of his *Miranda* rights. Seaway now

moves to suppress the evidence seized in the search as well as his videotaped and written statements.

**SEARCH WARRANT**

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Because "probable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules," courts analyze the totality of the circumstances in evaluating whether a warrant is supported by probable cause. *Illinois v. Gates*, 462 U.S. 213, 230-32 (1983). Where a warrant application is supported by an affidavit, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id*. at 238. "[W]here [the] circumstances are detailed, where reason for crediting the source of the information is given, and when a [judge] has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner." *United States v. Ventresca*, 380 U.S. 102, 109 (1965) (quoted in *Rivera v. United* States, 928 F.2d 592, 602 (2d Cir. 1991)). When reviewing a challenged warrant, a court accords "considerable deference to the probable cause determination of the issuing [judge]." *United States v. Thomas*, 788 F.3d 345, 350 (2d Cir. 2015). Thus, "the task of a reviewing court is simply to ensure that the totality of the circumstances afforded the [judge] 'a substantial basis' for making the requisite probable cause

determination." *Id.* (quoting *Gates*, 462 U.S. at 238).

In urging suppression of the evidence seized pursuant to the search warrant, Seaway argues that the warrant was not supported by probable cause. He contends that the face of the application showed that Raymond was unreliable and that no effort had been made to corroborate the information he provided. Defendant points to the Second Circuit's statement in *United States v. Gagnon* that, where the information needed to supply probable cause comes from an informant, the court must consider the totality of the circumstances, including, but not limited to, "an informant's veracity, reliability and basis of knowledge, and the extent to which an informant's statements – even statements about a suspect's innocent activities – are independently corroborated." 373 F.3d 230, 236 (2d Cir. 2004). Defendant argues:

> Here, all of the information needed to supply probable cause for the warrant for the search of Mr. Seaway's home came from Raymond. Nothing in the warrant application, however, provided the issuing magistrate with any reason to trust Raymond's veracity or reliability. Indeed, the face of the warrant application showed that Raymond's word should not be trusted. At the time he gave his statement about Mr. Seaway, Raymond was in jail on very serious charges. His very presence in jail facing charges lessens the reliability of his statement because, as the Second Circuit has noted, an informer who is a criminal is less reliable than an innocent bystander with no apparent motive to falsify. In addition, Raymond, by his own admission, had saved pictures of ex-girlfriends on Mr. Seaway's computer. He had every motive in the world to try to place blame for any images discovered on that computer on someone else.
>
> Further, nothing in the warrant application indicates that any effort at all was made to independently corroborate Raymond's statements.

(Case citation and citation to record omitted.) The Court finds no factual issues requiring a hearing.[1]

[1] Seaway does not submit an affidavit in support of the motion and does not request a hearing on the search warrant issue.

The fact that Raymond was in jail for a serious crime undermines his veracity to some degree. In addition, it appears that, except for confirming Seaway's address, police did not attempt to corroborate Raymond's information. Nevertheless, interpreting Raymond's declaration in a commonsense manner, the Court finds that under the totality of the circumstances, County Court Judge Todd had a substantial basis for concluding that probable cause existed. *See Gates*, 462 U.S. at 236. In his face-to-face interview with Investigator Miller, Raymond explained that he was Seaway's nephew. He gave the police Defendant's address, which the police confirmed. He explained why he was at Seaway's home at the time of the incident and gave Investigator Miller a first-hand, detailed description of the conversation that led Seaway to show Raymond the photographs and videos. Raymond gave explicit details about the photographs and videos and explained that he knew the children were under 10 years old because he had children himself. Raymond's first-hand observation of the photographs and videos and his detailed descriptions of them, as well as his detailed and plausible description of the surrounding circumstances, establish the basis of his knowledge and are strong indicia of the reliability of his statement. In addition, Raymond's description of the manner in which Seaway stored the files is consistent with the affidavit of Investigator Eckler and provides additional indicia of reliability. The search warrant was supported by probable cause, and the evidence seized is admissible.

Although it is not necessary to reach the issue, the Court holds that the agents executing the warrant acted reasonably and in good faith and in objectively reasonable reliance on the warrant.[2] *See United States v. Leon*, 468 U.S. 897 (1984). Raymond's motion insofar as it

---

[2] Evidence obtained pursuant to a warrant should be excluded in any of the following circumstances: "(1) where the issuing magistrate has been knowingly misled; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; [or] (4) where the warrant is so facially

challenges the issuance of the warrant is denied.

**SEAWAY'S VERBAL AND WRITTEN STATEMENTS**

On the day police executed the search warrant, Seaway was interviewed at New York State Police barracks by Investigator Miller and Homeland Security Special Agent Lon Ziankoski. The Government explains that "[f]orensic previews conducted while the warrant was being executed located digital files of produced child pornography involving Seaway and co-defendants Tammy Martin and Tammy Lamere. Some of the recovered images were shown to Seaway during a Mirandized and recorded interview, conducted contemporaneously with the search." The entire interview was videotaped and has been submitted to the Court.

Seaway's only challenge to the interview is the following, in the memorandum of law submitted by counsel: "Here, the interrogation of Mr. Seaway lasted for up to eight hours. In the video of the interrogation, he is visibly and audibly hacking, coughing, and weakened. Therefore, Mr. Seaway requests a hearing on the voluntariness of his confession."

In *Miranda v. Arizona*, the Supreme Court held:

> Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently. If, however, he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning. Likewise, if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him.

384 U.S. 436, 444-45 (1966). The Defendant may waive such rights, provided the waiver is made

---

deficient that reliance upon it is unreasonable." *United States v. Moore*, 968 F.2d 216, 222 (2d Cir. 1992).

voluntarily, knowingly and intelligently. *Moran v. Burbine*, 475 U.S. 412, 421. As the *Moran* court explains:

> The inquiry has two distinct dimensions. First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of the circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived.

*Id.* (citations omitted).

The Court has watched the entire video of Seaway's interview. The video demonstrates conclusively that Seaway was given the proper *Miranda* warnings and that he waived them, both verbally and in writing, voluntarily, knowingly, and intelligently. The totality of the circumstances demonstrates that the waiver was the product of a free and deliberate choice rather than intimidation, coercion, or deception and that it was made with the requisite level of comprehension. Indeed, he does not claim otherwise.

Further, the video demonstrates that Seaway gave his verbal and written confessions voluntarily. In determining the voluntariness of a confession, this Court evaluates the totality of the circumstances, including "1) the accused's characteristics, 2) the conditions of the interrogation, and 3) the conduct of the police." *Parsad v. Greiner*, 337 F.3d 175, 183 (2d Cir. 2003). Seaway himself submits no affidavit supporting counsel's assertion that the confession was involuntary because he was "hacking, coughing, and weakened." Nothing in the video would support such an assertion. Although Seaway occasionally experienced a hacking cough, certainly a man with a bad cough can give a voluntary confession. As for being "weakened," the video demonstrates that Seaway spoke freely and willingly to Investigator Miller and Special Agent

Case 5:16-cr-00339-NAM Document 34 Filed 06/22/17 Page 8 of 9

Ziankoski, occasionally joked and laughed, and took bathroom breaks. He exhibited no confusion, incoherence, or reticence. He was given drinks and food, did not request more food or other consideration, and expressed no discomfort, exhaustion, or weakness. At the end of the interview he willingly gave a written waiver and confession. He does not now claim that he requested counsel, nor does he claim coercion, duress, or other misconduct by law enforcement; in any event, such a claim would be defeated by the plain evidence of the video. There is nothing in the video to indicate that Seaway's verbal and written statements were not voluntary in all respects. There is no basis for an evidentiary hearing and no basis to suppress Seaway's statements. The motion is denied.

**EXCLUSION OF TIME**

Upon stipulation of the parties, the Court previously excluded certain periods of time, including the period from December 16, 2016 to and including March 15, 2017 (Dkt. No. 26). The speedy trial clock remained stopped until Seaway's motion (Dkt. No. 27) was ready for decision upon the Government's filing of its opposition on March 24, 2017 is excluded under 18 U.S.C. § 3161(h)(1)(D). The 30-day period from March 24, 2017, when the motion was ready for decision, until April 23, 2017, is excluded automatically under 18 U.S.C. § 3161(h)(1)(H). The motions have been under advisement before the Court from April 23, 2017 until the date of this decision. The Northern District of New York is a congested court, and numerous other matters have required this Court's attention during this time period. In view of the extremely serious nature of the charges, the important and complex legal issues raised in the pending motion, and the need to review and analyze the lengthy video, the motion required considerable research and careful consideration by the Court. Accordingly, considering all relevant factors, and having due

Case 5:16-cr-00339-NAM Document 34 Filed 06/22/17 Page 9 of 9

regard to the public's interest in a speedy trial as well as Defendants' interests in prompt disposition of the charges against them, the Court finds that a speedy trial exclusion in the interests of justice is warranted in order to provide Defendant with thorough consideration of this motion. Therefore, the Court is constrained to exclude from the speedy trial clock the time from April 23, 2017 to the date of this decision pursuant to 18 U.S.C. § 3161(h)(7). The time from March 15, 2017 to and including June 22, 2017 is thus excluded from the speedy trial clock for both Defendants.

**CONCLUSION**

It is therefore

ORDERED that the motion to suppress (Dkt. No. 27) by Defendant Clif J. Seaway is denied; and it is further

ORDERED that the period from March 15, 2017 until the date of the decision herein on June 22, 2017 is excluded in computing time under the Speedy Trial Act in the interests of justice.

IT IS SO ORDERED.

Date: June 22, 2017
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

**UNITED STATES OF AMERICA**

**-v-** **5:16-CR-339 (NAM)**

**CLIF J. SEAWAY and TAMMY M. MARTIN,**

**Defendants.**

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

**UNITED STATES OF AMERICA**

**-v-** **5:16-CR-340 (NAM)**

**CLIF J. SEAWAY and TAMMY J. LAMERE,**

**Defendants.**

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

APPEARANCES:

United States Attorney, Northern District of New York
Lisa M. Fletcher, Esq., Assistant United States Attorney
100 South Clinton Street
Syracuse, New York 13261

Office of the Federal Public Defender, Northern District of New York
Courtenay K. McKeon, Esq., Assistant Federal Public Defender
Randi Juda Bianco, Esq., Assistant Federal Public Defender
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
Attorneys for Defendant Clif J. Seaway

Law Office of H. Dana Vanhee PLLC
H. Dana VanHee, Esq., of counsel
120 East Washington Street, Suite 721
Syracuse, New York 13202
Attorney for Defendant Tammy M. Martin

Office of Robert G. Wells
Robert G. Wells, Esq., of counsel
120 East Washington Street
825 University Building
Syracuse, New York 13202
Attorney for Defendant Tammy J. Lamere

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

The Government moves to sever defendant Clif Seaway from codefendant Tammy Lamere in *United States v. Seaway and Lamere* (5:16-CR-340, Dkt. No. 41). It further moves to consolidate for trial the offenses charged against Seaway in that case and in *United States v. Seaway and Martin* (5:16-CR-339, Dkt. No. 42). Tammy Martin, Seaway's codefendant in case 5:16-CR-339, entered a guilty plea, and her sentencing is scheduled for January 8, 2018. As explained briefly below, the motions are granted.

The Court ordered a psychiatric examination of defendant Tammy Lamere (5:16-CR-340, Dkt. No. 40). Lamere's counsel makes no objection to the motion to sever the charges against Lamere from those against Seaway. Seaway's counsel informed the Court: "After reviewing the government's motion to consolidate the above indictments and to sever codefendant Tammy LeMere from Mr. Seaway's trial, the defense offers no objections." (5:16-CR-339, Dkt. No. 43.) Accordingly, severance is granted.

With respect to consolidation, the Court notes that the crimes charged against Seaway in the two indictments are of the same or similar character and were committed as part of a common scheme or plan; therefore, they could have been joined in a single indictment. *See* Fed. R. Crim. P. 8(a); 13. In deciding whether to order joinder of indictments for trial, a court must balance the "promotion of the economical and efficient administration of criminal justice by the avoidance of needless multiple trials and the protection of criminal defendants from the unfair prejudice that may be caused by the joining of indictments." *United States v. Halper*, 590 F.2d 422, 428 (2d Cir. 1978). "Unfair prejudice" means "a serious risk that a joint trial would compromise a specific trial right … or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Rittweger*, 524 F.3d 171, 179 (2d Cir. 2008). On the question of

prejudice, it is significant that, if the cases against Seaway were tried separately, evidence of the crimes charged in indictment 5:16-CR-339 would be admissible at the trial on indictment 5:16-CR-340, and *vice versa*, because evidence of prior convictions or acts of child molestation are typically admissible to prove propensity in prosecutions such as these.[1] *See* Fed. R. Evid. 414(a). "The presumption is that [such] evidence ... is typically relevant and probative, and that its probative value is not outweighed by any risk of prejudice." *United States v. Larson*, 112 F.3d 600, 604 (2d Cir. 1997); *accord United States v. Levy*, 594 F.Supp.2d 427, 440 (S.D.N.Y. 2009), *aff'd* 385 F.App'x 20 (2d Cir. 2010). Thus, while such evidence may be "highly prejudicial," it is admissible unless it is "unfairly prejudicial." *United States v. Davis*, 624 F.3d 508, 512 (2d Cir. 2010). Seaway does not argue that admission of such evidence in these cases would be unfairly prejudicial, nor does the Court find unfair prejudice on this or any other ground. Balancing the relevant factors, the Court finds that the charges against Seaway in these two prosecutions may be consolidated "without interfer[ing] with substantial justice." *Halper*, 590 F.2d at 428. Accordingly, the Court in its discretion grants consolidation.

It is therefore

ORDERED that the Government's motion in *United States v. Seaway and Martin* (5:16-CR-339, Dkt. No. 42) is granted and the charges against Seaway are consolidated for trial with those against him in *United States v. Seaway and Lamere* (5:16-CR-340); and it is further

ORDERED that the Government's motion in *United States v. Seaway and Lamere* (5:16-CR-340, Dkt. No. 41) is granted; the charges against Clif Seaway are severed from those against codefendant Tammy Lamere; and the charges against Seaway are consolidated for trial

---

[1] An "offense of child molestation" includes, *inter alia*, sexual exploitation of a minor, 18 U.S.C. § 2251(a); *see* Fed.R.Evid. 414(d).

with those against him in *United States v. Seaway and Martin* (5:16-CR-339); and it is further

ORDERED that case 5:16-CR-0339 is now designated as the lead case as to Defendant Clif Seaway for trial purposes. **ALL FUTURE FILINGS as to Defendant Seaway including ALL PRETRIAL DOCUMENTS MUST BE FILED ONLY IN THE LEAD CASE, 5:16-CR-339. NO FURTHER FILINGS SHALL BE DOCKETED IN THE MEMBER CASE as to Defendant Seaway ONLY, 5:16-CR-340**, and it is further

ORDERED that the Clerk is directed to docket this Memorandum-Decision and Order in both *United States v. Seaway and Martin* (5:16-CR-339) and *United States v. Seaway and Lamere* (5:16-CR-340); and it is further

ORDERED that the Court grants the joint request of the Government and Seaway's defense attorney (Dkt. No. 44) to send a questionnaire, which has been approved by both parties, to the prospective jurors in advance of trial.

IT IS SO ORDERED.

Date: September 20, 2017
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

CLIF J. SEAWAY,

Defendant.

5:16-CR-339(L) (NAM)
5:16-CR-340(M) (NAM)

---

Hon. Norman A. Mordue, Senior U.S. District Judge:

# VERDICT FORM

**PLEASE NOTE: Your verdict should be reported to the Judge on this verdict form, which must be signed by the jury foreperson. <u>Each question must be answered unanimously.</u>**

**Please first answer Questions 1-7, which relate to the Indictment in Case No. 16-CR-339.**

**<u>Question 1</u>**

**Count 1: Conspiracy to Sexually Exploit a Child [18 U.S.C. § 2251(e)].**

As for Count 1, how do you, the jury, find the Defendant?

Guilty: ✓ Not Guilty: ____________

**<u>Question 2</u>**

**Count 2: Sexual Exploitation of a Child [18 U.S.C. § 2251(a)].**

As for Count 2, how do you, the jury, find the Defendant?

Guilty: X Not Guilty: ____________

**<u>Question 3</u>**

**Count 3: Sexual Exploitation of a Child [18 U.S.C. § 2251(a)].**

As for Count 3, how do you, the jury, find the Defendant?

Guilty: X Not Guilty: ____________

**<u>Question 4</u>**

**Count 4: Sexual Exploitation of a Child [18 U.S.C. § 2251(a)].**

As for Count 4, how do you, the jury, find the Defendant?

Guilty: X Not Guilty: ____________

**Question 5**

**Count 5: Sexual Exploitation of a Child [18 U.S.C. § 2251(a)].**

As for Count 5, how do you, the jury, find the Defendant?

Guilty: X Not Guilty: ______

**Question 6**

**Count 6: Sexual Exploitation of a Child [18 U.S.C. § 2251(a)].**

As for Count 6, how do you, the jury, find the Defendant?

Guilty: X Not Guilty: ______

**Question 7**

**Count 7: Sexual Exploitation of a Child [18 U.S.C. § 2251(a)].**

As for Count 7, how do you, the jury, find the Defendant?

Guilty: X Not Guilty: ______

**Please proceed to Questions 8-12, which relate to the Indictment in Case No. 16-CR-340.**

**Question 8**

**Count 1: Conspiracy to Sexually Exploit a Child [18 U.S.C. § 2251(e)].**

As for Count 1, how do you, the jury, find the Defendant?

Guilty: X Not Guilty: ______

**Question 9**

**Count 2: Sexual Exploitation of a Child [18 U.S.C. § 2251(a)].**

As for Count 2, how do you, the jury, find the Defendant?

Guilty: X  Not Guilty: ______

**Question 10**

**Count 3: Sexual Exploitation of a Child [18 U.S.C. § 2251(a)].**

As for Count 3, how do you, the jury, find the Defendant?

Guilty: X  Not Guilty: ______

**Question 11**

**Count 4: Sexual Exploitation of a Child [18 U.S.C. § 2251(a)].**

As for Count 4, how do you, the jury, find the Defendant?

Guilty: X  Not Guilty: ______

**Question 12**

**Count 5: Sexual Exploitation of a Child [18 U.S.C. § 2251(a)].**

As for Count 5, how do you, the jury, find the Defendant?

Guilty: X  Not Guilty: ______

Date: December 14, 2017

United States District Court
Northern District of New York
Chambers of
Norman A. Mordue
Chief Judge
100 S. Clinton Street
Syracuse, NY 13261-7336

13 22 PM 12/14/17

James B Miller CSO

18-1916, Document 47, 10/01/2018, 2400475, Page130
16-cr-00339-NAM Document 102 Filed 12/14/17 Pag

A. 127

DEFENDANT: Clif J. Seaway
CASE NUMBER: DNYN516CR000339-001 & DNYN516CR000340-001

# UNITED STATES DISTRICT COURT

## Northern District of New York

UNITED STATES OF AMERICA

**v.**

**CLIF J. SEAWAY**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: DNYN516CR000339-001
DNYN516CR000340-001

USM Number: 24077-052

Randi Juda Bianco, Esq.
4 Clinton Square, Third Floor
Syracuse, NY 13202
315-701-0080
Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s) of the on.

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☒ was found guilty on Counts 1-7 (5:16-cr-339) and Counts 1-5 (5:16-cr-340) of the Indictments on December 14, 2017 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses under Indictment 16-CR-339-001:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2251(a) and (e) | Conspiracy to Sexually Exploit a Child | 2008 | 1 |
| 18 U.S.C. § 2251(a) and (e) | Sexual Exploitation of a Child | 2002 | 2 |
| 18 U.S.C. § 2251(a) and (e) | Sexual Exploitation of a Child | 2007 | 3 |
| 18 U.S.C. § 2251(a) and (e) | Sexual Exploitation of a Child | 2008 | 4 |
| 18 U.S.C. § 2251(a) and (e) | Sexual Exploitation of a Child | 2001 | 5 |
| 18 U.S.C. § 2251(a) and (e) | Sexual Exploitation of a Child | 2005 | 6 |
| 18 U.S.C. § 2251(a) and (e) | Sexual Exploitation of a Child | 2009 | 7 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed in accordance with 18 U.S.C. § 3553 and the Sentencing Guidelines.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 3, 2018
Date of Imposition of Judgment

AO 245B NNY (Rev. 03/18) Judgment in a Criminal Case
Sheet 1A
Case 18-1916, Document 47, 10/01/2018, 2400475, Page132 of 143
Judgment – Page **2** of **9**

DEFENDANT: Clif J. Seaway
CASE NUMBER: DNYN516CR000339-001 & DNYN516CR000340-001

Norman A. Mordue
Senior U.S. District Judge

May 8, 2018
Date

A. 129

Case 18-1916, Document 47, 10/01/2018, 2400475, Page133 of 143
Case 5:16-cr-00339-NAM Document 119 Filed 05/08/18 Page 3 of 9

DEFENDANT: Clif J. Seaway
CASE NUMBER: DNYN516CR000339-001 & DNYN516CR000340-001

## ADDITIONAL COUNTS OF CONVICTION

The defendant is adjudicated guilty of these offenses under Indictment 16-CR-340-001:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2251(a) and (e) | Conspiracy to Sexually Exploit a Child | 2013 | 1 |
| 18 U.S.C. §§ 2251(a) and (e) | Sexual Exploitation of a Child | 2013 | 2 |
| 18 U.S.C. §§ 2251(a) and (e) | Sexual Exploitation of a Child | 2011 | 3 |
| 18 U.S.C. §§ 2251(a) and (e) | Sexual Exploitation of a Child | 2013 | 4 |
| 18 U.S.C. §§ 2251(a) and (e) | Sexual Exploitation of a Child | 2014 | 5 |

Case 18-1916, Document 47, 10/01/2018, 2400475, Page134 of 143
Case 5:16-cr-00339-NAM Document 119 Filed 05/08/18 Page 4 of 9

DEFENDANT: Clif J. Seaway
CASE NUMBER: DNYN516CR000339-001 & DNYN516CR000340-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**4,320 months (or 360 years). This term consists of 360 months on each count of conviction; all to run consecutively with each other.**

☒ The court makes the following recommendations to the Bureau of Prisons:

As requested, the Court recommends the defendant be placed at FCC Tucson to serve his sentence.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ☐ a.m. ☐ p.m. on.

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

**I have executed this judgment as follows:**

Defendant delivered on ______________________________ to ______________________________
at ______________________________ with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

______________________________
BY DEPUTY UNITED STATES MARSHAL

DEFENDANT: Clif J. Seaway
CASE NUMBER: DNYN516CR000339-001 & DNYN516CR000340-001

## SUPERVISED RELEASE

The Court imposed a sentence with the understanding that you will not be released from prison. However, in the event that you are released, you will be on supervised release for a term of:

**Life on each count to run concurrently.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. § § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(deselect if inapplicable)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that you pay in accordance with the Schedule of Payments sheet of this judgment.

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

Case 18-1916, Document 47, 10/01/2018, 2400475, Page136 of 143
Case 5:16-cr-00339-NAM Document 119 Filed 05/08/18 Page 6 of 9

DEFENDANT: Clif J. Seaway
CASE NUMBER: DNYN516CR000339-001 & DNYN516CR000340-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

14. You must provide the probation officer with access to any requested financial information.

15. You must submit your person, and any property, house, residence, vehicle, papers, effects, computer, electronic communications devices, and any data storage devices or media, to search at any time, with or without a warrant, by any federal probation officer, or any other law enforcement officer from whom the Probation Office has requested assistance, with reasonable suspicion concerning a violation of a condition of probation or supervised release or unlawful conduct by you. Any items seized may be removed to the Probation Office or to the office of their designee for a more thorough examination.

DEFENDANT: Clif J. Seaway
CASE NUMBER: DNYN516CR000339-001 & DNYN516CR000340-001

## SPECIAL CONDITIONS OF SUPERVISION

**No special conditions have been imposed due to the unlikeliness of the defendant's release.**

## DEFENDANT'S ACKNOWLEDGMENT OF APPLICABLE CONDITIONS OF SUPERVISION

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

The conditions of supervision have been read to me. I fully understand the conditions and have been provided a copy of them. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant　　　　Date

U.S. Probation Officer/Designated Witness　　　　Date

DEFENDANT: Clif J. Seaway
CASE NUMBER: DNYN516CR000339-001 & DNYN516CR000340-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment * | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 1,200 | Waived | Waived | N/A |

☐ The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | $ | $ | |
| **Totals** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Clif J. Seaway
CASE NUMBER: DNYN516CR000339-001 & DNYN516CR000340-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ In full immediately; or

B ☐ Lump sum payment of $ due immediately; balance due

☐ not later than, or

☐ in accordance with ☐ D, ☐ E, ☐ F, or ☐ G below; or

C ☐ Payment to begin immediately (may be combined with ☐ D, ☐ E, or ☐ G below); or

D ☐ Payment in equal installments of $ over a period of, to commence after the date of this judgment; or

E ☐ Payment in equal installments of $ over a period of, to commence after release from imprisonment to a term of supervision; or

F ☐ Payment during the term of supervised release will commence within after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

G ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to **Clerk, U.S. District Court, Federal Bldg., 100 S. Clinton Street, P.O. Box 7367, Syracuse, N.Y. 13261-7367,** unless otherwise directed by the court, the probation officer, or the United States attorney. If a victim cannot be located, the restitution paid to the Clerk of the Court for that victim shall be sent to the Treasury, to be retrieved when the victim is located.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

☐ Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

**The property outlined in the Preliminary Order of Forfeiture signed by the Court on February 9, 2018.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CLIF J. SEAWAY,<br><br>Defendant | ) ) ) ) ) ) ) ) | CRIMINAL CASE NO. 16-CR-339 (NAM) |

**NOTICE OF APPEAL**

Notice is hereby given that the above-named Defendant hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment entered on May 3, 2018.

Respectfully submitted,

LISA A. PEEBLES
FEDERAL PUBLIC DEFENDER

By:

*S/James P. Egan, Esq.*
Assistant Federal Public Defender
Bar Roll No. 515300
Office of the Federal Public Defender
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
315-701-0080

TO: United States Attorneys Office

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 16-CR-340 (NAM) |
| v. | ) | |
| | ) | |
| CLIF J. SEAWAY, | ) | |
| Defendant. | ) | |

NOTICE OF APPEAL

Notice is hereby given that the above-named Defendant hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment entered on May 3, 2018.

Respectfully submitted,

LISA A. PEEBLES
FEDERAL PUBLIC DEFENDER

By:

*S/James P. Egan, Esq.*
Assistant Federal Public Defender
Bar Roll No. 515300
Office of the Federal Public Defender
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
315-701-0080

TO: United States Attorney's Office

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**ELECTRONIC NOTICE OF CRIMINAL APPEAL & CLERK'S CERTIFICATION**

Dear Clerk of the Court,

Please take notice that on May 10, 2018 the court received a notice of appeal. This notice serves to inform you of the pending appeal and provides you with the information needed to process the appeal.

I, LAWRENCE K. BAERMAN, CLERK, U.S. District Court for the Northern District of New York, DO, HEREBY CERTIFY that the foregoing docket entries, with the exception of the documents listed below, are maintained electronically on the court's CM/ECF system and constitute the Record on Appeal in the below listed action.

The following documents *are not* available electronically. Please notify the Albany Clerk's Office if you need any of the following documents:

Docket No.(s): #65- Sealed Application; #66- Sealed Sealing Order;#67 Sealed Witness List(Gov't); and #68 Sealed court Ordered Voir Dire by Gov't; #90 Sealed Document and #91 Sealed Motion in Limine; #117- Sealed Psychiatric Report.

IN TESTIMONY WHEREOF, I have hereunto set my hand and caused the Seal of said Court to be hereto affixed at the City of Albany, New York, this 14th day of May, 2018.

Lawrence K. Baerman, Clerk
U.S. District Court

By: s/ M.Gallup-Hughes
Deputy Clerk

**Case Information**

Case Name & Case No. United States of America v. Clif J. Seaway 5:16-cr-339
Docket No. of Appeal: 121
Document Appealed: 119- Judgment

Fee Status: Paid ___ Due ___ Waived (IFP/CJA) X

Counsel: CJA X Retained ___ Pro Se ___

Time Status: Timely X Untimely ___

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**ELECTRONIC NOTICE OF CRIMINAL APPEAL & CLERK'S CERTIFICATION**

Dear Clerk of the Court,

Please take notice that on September 14, 2018 the court received a notice of appeal. This notice serves to inform you of the pending appeal and provides you with the information needed to process the appeal.

I, JOHN M. DOMURAD, CLERK, U.S. District Court for the Northern District of New York, DO, HEREBY CERTIFY that all the foregoing docket entries are maintained electronically on the court's CM/ECF system and constitute the Record on Appeal in the below listed action.

IN TESTIMONY WHERE OF, I have hereunto set my hand and caused the Seal of said Court to be hereto affixed at the City of Syracuse, New York, this 19th day of September, 2018.

John M. Domurad, Clerk
U.S. District Court

s/ Joanne Bleskoski

By: Joanne Bleskoski
Deputy Clerk

**Case Information**

Case Name & Case No. USA v. Clif J. Seaway ~ 5:16-CR-340 (NAM)

Docket No. of Appeal: 69 – Notice of Appeal filed on 9/14/2018

Document Appealed: 63 – Judgment filed on 5/8/2018

Fee Status: Waived _X_

Counsel: OFPD _X_

Time Status: Untimely _X_