# 18-1468-CR(L)

## 18-1916-CR(MEM), 18-2795-CR(MEM)

IN THE

# United States Court of Appeals

### FOR THE SECOND CIRCUIT

➤➤ ◄◄

UNITED STATES OF AMERICA,

*Appellee,*

*v.*

TAMMY M. MARTIN,

*Defendant,*

*and*

CLIF J. SEAWAY, TAMMY J. LAMERE,

*Defendants-Appellants.*

———————————

*On Appeal from the United States District Court
for the Northern District of New York*

## APPENDIX FOR DEFENDANT-APPELLANT
## TAMMY J. LAMERE

STEVEN DAVID CLYMER
United States Attorney's Office for the
   Northern District of New York
*Attorneys for Appellee*
100 South Clinton Street
Syracuse, New York 13261
315-448-0672

ROBERT G. WELLS
*Attorneys for Defendant-Appellant
   Tammy J. Lamere*
120 East Washington Street, Suite 825
Syracuse, York, New York 13202
315-472-4489

*(Additional Counsel on the Reverse)*

JAMES EAGAN,
  Assistant Federal Public Defender
OFFICE OF THE FEDERAL PUBLIC DEFENDER
*Attorneys for Defendant-Appellant*
  *Clif J. Seaway*
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
315-701-0080

# **Table of Contents**

**Page**

District Court Docket Entries ................................................................. A1

Criminal Complaint, filed March 2, 2016 ............................................ A12

Indictment, filed November 17, 2016.................................................... A18

Order of the Honorable Norman A. Mordue,

    dated August 22, 2017 .................................................................... A22

Offer of Proof, dated December 18, 2017 ............................................ A25

Transcript of the Proceedings regarding Change of Plea held before

    the Honorable Norman A. Mordue on December 18, 2017 .......... A32

Government's Sentencing Memorandum, dated March 30, 2018........ A61

Defendant's First Sentencing Memorandum, filed May 2, 2018 ......... A67

Transcript of the Proceedings on Sentencing held before the

    Honorable Norman A. Mordue on June 18, 2018 ........................ A75

Judgment of the United States District Court, Northern District of

    New York, dated June 18, 2018.................................................... A89

Notice of Appeal, dated June 20, 2018................................................. A96

i

APPEAL,CLOSED,MEMBER

**U.S. District Court**
**Northern District of New York − Main Office (Syracuse) [NextGen CM/ECF**
**Release 1.2 (Revision 1.2)] (Syracuse)**
**CRIMINAL DOCKET FOR CASE #: 5:16−cr−00340−NAM All Defendants**
*Internal Use Only*

Case title: USA v. Seaway et al
Magistrate judge case number: 5:16−mj−00091−TWD

Date Filed: 11/17/2016
Date Terminated: 06/22/2018

Assigned to: Senior Judge Norman
A. Mordue

**Defendant (1)**

**Clif J. Seaway**
*TERMINATED: 05/08/2018*

represented by **James P. Egan**
Office of the Federal Public Defender − Syracuse
Office
Northern District of New York
4 Clinton Square, 3rd Floor
Syracuse, NY 13202
315−701−0080
Fax: 315−701−0081
Email: james.egan@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community*
*Defender Appointment*
*Bar Status: Active*
*Fee Status: waived_2017*

**Randi Juda Bianco**
Office of the Federal Public Defender − Syracuse
Office
Northern District of New York
4 Clinton Square, 3rd Floor
Syracuse, NY 13202
315−701−0080
Fax: 315−701−0081
Email: randi_bianco@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community*
*Defender Appointment*
*Bar Status: Active*
*Fee Status: waived_2017*

**Courtenay K. McKeon**
Office of the Federal Public Defender − Syracuse
Office
Northern District of New York
4 Clinton Square, 3rd Floor
Syracuse, NY 13202
315−701−0080
Fax: 315−701−0081
Email: courtenay_mckeon@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community*
*Defender Appointment*

# A2

*Bar Status: Active*
*Fee Status: waived_2017*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:2251.F−SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (1) | 4,320 months (or 360 years) This term consists of 360 months on each count of conviction: all to run consecutively with each other. Supervised release of life on each count to run concurrently. |
| 18:2251.F−SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (2) | 4,320 months (or 360 years) This term consists of 360 months on each count of conviction: all to run consecutively with each other. Supervised release of life on each count to run concurrently. |
| 18:2251.F−SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (3) | 4,320 months (or 360 years) This term consists of 360 months on each count of conviction: all to run consecutively with each other. Supervised release of life on each count to run concurrently. |
| 18:2251.F−SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (4) | 4,320 months (or 360 years) This term consists of 360 months on each count of conviction: all to run consecutively with each other. Supervised release of life on each count to run concurrently. |
| 18:2251.F−SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (5) | 4,320 months (or 360 years) This term consists of 360 months on each count of conviction: all to run consecutively with each other. Supervised release of life on each count to run concurrently. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: Senior Judge Norman A. Mordue

**Defendant (2)**

**Tammy J. Lamere**
*TERMINATED: 06/22/2018*

represented by **Robert G. Wells**
Office of Robert G. Wells
120 East Washington Street
825 University Building
Syracuse, NY 13202
315−472−4489
Fax: 315−472−1456
Email: dfndr@hotmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*
*Bar Status: Active*
*Fee Status: paid_2017*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:2251.F−SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (1) | 360 months imprisonment on each Count to be served concurrently. 15 years supervised release to follow. |
| 18:2251.F−SEXUAL EXPLOITATION OF CHILDREN with forfeiture allegation (2) | 360 months imprisonment on each Count to be served concurrently. 15 years supervised release to follow. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:2251.F SEXUAL EXPLOITATION OF CHILDREN | |

---

**Plaintiff**

| **USA** | represented by | **Lisa M. Fletcher** |
|---|---|---|

Office of the United States Attorney − Syracuse
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261−7198
315−448−0672
Fax: 315−448−0658
Email: lisa.fletcher@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*
*Bar Status: Active*
*Fee Status: waived_2017*

**Carina Hyatt Schoenberger**
U.S. Attorney's Office − Syracuse, NY
100 South Clinton Street, Room 900
Syracuse, NY 13261
315−448−0672
Fax: 315−448−0658
Email: carina.schoenberger@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*
*Bar Status: Active*
*Fee Status: waived_2017*

**Tamara Thomson**
Office of United States Attorney − Syracuse Office
100 South Clinton Street

# A4

P.O. Box 7198
Syracuse, NY 13261
315−448−0672
Fax: 315−448−0658
Email: tamara.thomson@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*
*Bar Status: Active*
*Fee Status: waived_2017*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 03/02/2016 | 1 | COMPLAINT as to Tammy J. Lamere (1). (sg) [5:16−mj−00091−TWD] (Entered: 03/02/2016) |
| 03/02/2016 | 2 | (Court only) Arrest Warrant Issued by Judge Magistrate Judge Therese Wiley Dancks on 3/2/2016 in case as to Tammy J. Lamere. (sg) [5:16−mj−00091−TWD] (Entered: 03/02/2016) |
| 03/02/2016 | 3 | APPLICATION for Writ of Habeas Corpus ad prosequendum by USA as to Tammy J. Lamere. (sg) [5:16−mj−00091−TWD] (Entered: 03/02/2016) |
| 03/02/2016 | 4 | ORDER granting 3 Application for Writ of Habeas Corpus ad prosequendum as to Tammy J. Lamere (1). Defendant to appear on 3/3/2016 in U.S. District Court. Signed by Magistrate Judge Therese Wiley Dancks on 3/2/2016. (sg) [5:16−mj−00091−TWD] (Entered: 03/02/2016) |
| 03/02/2016 | | (Court only) ***Location start as to Tammy J. Lamere (LO) − defendant in custody of Oswego County. (sg) [5:16−mj−00091−TWD] (Entered: 03/02/2016) |
| 03/03/2016 | | TEXT Minute Entry for proceedings held before Magistrate Judge Therese Wiley Dancks:Initial Appearance as to Tammy J. Lamere held on 3/3/2016. Appearances: AUSA Lisa Fletcher for the Government; Robert G. Wells, Esq. for Defendant; USPO Ellen Phillips. Defendant appears with counsel, copy of the complaint provided. Defendant is advised of rights, charges and maximum penalties if convicted. Judge Dancks finds that defendant does qualify for court appointed counsel based on the Financial Affidavit submitted, and appoints Mr. Wells as CJA counsel for Defendant. Court does advise Defendant, however, that should it be determined that Defendant has the means to retain counsel, the Court may request Defendant to repay any attorney's fees incurred by the Court. Government moves for detention. Defendant waives immediate Detention Hearing and Preliminary Hearing, reserving rights to reapply to the Court for the scheduling of such hearings. The Court accepts Defendant's waiver of immediate Detention Hearing and Preliminary Hearing as knowing and voluntary. Defendant remanded to the custody of the U.S. Marshals. (Court Reporter (Diane Martens: 10:33AM−10:40AM) (sg) [5:16−mj−00091−TWD] (Entered: 03/03/2016) |
| 03/03/2016 | 5 | CJA 20 appointing Robert G. Wells, Esq. as CJA appointed counsel to defendant Tammy J. Lamere. Refer to the Court's website: http://www.nynd.uscourts.gov/cja.cfm for comprehensive information relating to court appointed representation. Attorneys are reminded that CJA vouchers are to be submitted to the court no later than 45 days after the final disposition of the case, unless good cause is shown. Please refer to Appendix II of the CJA Plan (Guidelines for Submitting Claims for Reimbursement Pursuant to the Criminal Justice Act of the Northern District of New York) SO ORDERED by Magistrate Judge Therese Wiley Dancks on 3/3/2016. (sg) [5:16−mj−00091−TWD] (Entered: 03/03/2016) |
| 03/03/2016 | | (Court only) ***Procedural Interval start as to Tammy J. Lamere (P1) ***Location start as to Tammy J. Lamere (LC) (sg) [5:16−mj−00091−TWD] (Entered: 03/03/2016) |
| 03/03/2016 | 6 | Arrest Warrant issued on 3/2/2016 by Magistrate Judge Therese Wiley Dancks returned Executed on 3/3/2016 in case as to Tammy J. Lamere, signed by Lon Ziankoski, Special Agent, Homeland Security Investigations. (sg) [5:16−mj−00091−TWD] (Entered: 03/03/2016) |

| | | |
|---|---|---|
| 03/03/2016 | 7 | NOTICE OF ATTORNEY APPEARANCE: Carina Hyatt Schoenberger appearing for USA (Schoenberger, Carina) [5:16−mj−00091−TWD] (Entered: 03/03/2016) |
| 03/08/2016 | 8 | STIPULATION by USA to 90 day extension of time (Schoenberger, Carina) [5:16−mj−00091−TWD] (Entered: 03/08/2016) |
| 03/08/2016 | 9 | NOTICE OF ATTORNEY APPEARANCE: Robert G. Wells appearing for Tammy J. Lamere (Wells, Robert) [5:16−mj−00091−TWD] (Entered: 03/08/2016) |
| 03/08/2016 | 10 | STIPULATION AND ORDER FOR ENLARGEMENT OF TIME as to Tammy J. Lamere : Time excluded from 3/8/2016 until 6/6/2016. Signed by Magistrate Judge Therese Wiley Dancks on 3/8/2016. (sg) [5:16−mj−00091−TWD] (Entered: 03/08/2016) |
| 06/03/2016 | 11 | STIPULATION by USA to 90 day extension of time (Schoenberger, Carina) [5:16−mj−00091−TWD] (Entered: 06/03/2016) |
| 06/06/2016 | 12 | STIPULATION AND ORDER FOR ENLARGEMENT OF TIME as to Tammy J. Lamere : Time excluded from 6/6/2016 until 9/6/2016. Signed by Magistrate Judge Therese Wiley Dancks on 6/6/2016. (sg) [5:16−mj−00091−TWD] (Entered: 06/06/2016) |
| 09/02/2016 | 13 | STIPULATION by USA to 60 Day Extension of Time (Fletcher, Lisa) [5:16−mj−00091−TWD] (Entered: 09/02/2016) |
| 09/08/2016 | 14 | STIPULATION AND ORDER FOR ENLARGEMENT OF TIME as to Tammy J. Lamere : Time excluded from 9/6/2016 until 11/5/2016. Signed by Magistrate Judge Therese Wiley Dancks on 9/6/2016. (sg) [5:16−mj−00091−TWD] (Entered: 09/08/2016) |
| 11/02/2016 | 15 | STIPULATION by USA to 60 Day Extension of Time (Fletcher, Lisa) [5:16−mj−00091−TWD] (Entered: 11/02/2016) |
| 11/02/2016 | 16 | STIPULATION AND ORDER FOR ENLARGEMENT OF TIME as to Tammy J. Lamere : Time excluded from 11/5/2016 until 1/4/2017. Signed by Magistrate Judge Therese Wiley Dancks on 11/2/2016. (sg) [5:16−mj−00091−TWD] (Entered: 11/02/2016) |
| 11/17/2016 | 17 | INDICTMENT as to Clif J. Seaway (1) count(s) 1−5, Tammy J. Lamere (2) count(s) 1−2, with Forfeiture Allegation. (sg) (Entered: 11/18/2016) |
| 11/17/2016 | | TEXT Minute Entry for proceedings held before Magistrate Judge Therese Wiley Dancks on 11/17/2016: GRAND JURY makes a partial report and returns Indictment as to Clif J. Seaway and Tammy J. Lamere. No special requests. Tally Sheet is ordered sealed. (Court Reporter S. Byrne) (sg) (Entered: 11/18/2016) |
| 11/18/2016 | | (Court only) ***Chambers notes: MJ case number 5:16−MJ−90 as to Clif J. Seaway previously merged with case number 5:16−CR−339 and could not be merged again. For record of proceedings before Indictment please see case 5:16−MJ−90. (sg) (Entered: 11/18/2016) |
| 11/18/2016 | 18 | TEXT NOTICE to Counsel for defendant CLIF J. SEAWAY: An 17 Indictment dated 11/17/2016 has been filed with the Court. In the event Defendant Seaway wishes to waive appearance for an arraignment, both the Defendant and Defendant's counsel must complete and electronically file with the Court the attached form by 11/30/2016. If the Court does not receive the form by the above date the Court will IMMEDIATELY schedule the arraignment of your client. Because of Speedy Trial issues, the Court appearance for arraignment may be scheduled with very little advanced notice. (sg) (Entered: 11/18/2016) |
| 11/18/2016 | 19 | TEXT NOTICE to Counsel for Defendant TAMMY J. LAMERE: An 17 Indictment dated 11/17/2016 has been filed with the Court. In the event Defendant Lamere wishes to waive appearance for an arraignment, both the Defendant and Defendant's counsel must complete and electronically file with the Court the attached form by 11/30/2016. If the Court does not receive the form by that date the Court will IMMEDIATELY schedule the arraignment of your client. Because of Speedy Trial issues, the Court appearance for arraignment may be scheduled with very little advanced notice. (sg) (Entered: 11/18/2016) |

| 11/22/2016 | 20 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Clif J. Seaway (Bianco, Randi) (Entered: 11/22/2016) |
| 11/22/2016 | 21 | TEXT ORDER approving 20 Waiver of Presence at Arraignment and entry of plea of not guilty to 17 Indictment as to Defendant Clif J. Seaway. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 11/22/2016. (sg) (Entered: 11/22/2016) |
| 11/29/2016 | 22 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Tammy J. Lamere (Wells, Robert) (Entered: 11/29/2016) |
| 12/02/2016 | 23 | TEXT ORDER approving 22 Waiver of Presence at Arraignment and entry of plea of not guilty to 17 Indictment as to Defendant Tammy J. Lamere. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 12/2/2016. (sg) (Entered: 12/02/2016) |
| 12/02/2016 | 24 | CRIMINAL PRETRIAL SCHEDULING ORDER as to Clif J. Seaway and Tammy J. Lamere: Motions to be filed by 12/27/2016. Jury Trial set for 1/23/2017 at 9:30 AM in Syracuse before Senior Judge Norman A. Mordue. Signed by Magistrate Judge Therese Wiley Dancks on 11/29/2016. (sg) (Entered: 12/02/2016) |
| 01/27/2017 | 25 | STIPULATION by USA to 90 Day Extension of Time (Fletcher, Lisa) (Entered: 01/27/2017) |
| 02/01/2017 | 26 | ORDER TO CONTINUE − Ends of Justice as to Clif J. Seaway and Tammy J. Lamere. Time excluded from 2/1/17 until 5/2/17. Jury Trial is set for 5/8/2017 at 09:00 AM in Syracuse before Senior Judge Norman A. Mordue. All pretrial papers are due on or before 4/24/17/ Motions to be filed by 3/6/2017. Signed by Senior Judge Norman A. Mordue on 2/1/2017. (jlm) (Entered: 02/01/2017) |
| 03/03/2017 | 27 | MOTION to Suppress by Clif J. Seaway as to Clif J. Seaway, Tammy J. Lamere. Motion Hearing set for 4/5/2017 10:00 AM in Syracuse before Senior Judge Norman A. Mordue Response to Motion due by 3/20/2017. No Reply Permitted. (Attachments: # 1 Memorandum of Law, # 2 Exhibit(s))(Bianco, Randi) (Attachment 2 replaced on 3/21/2017) (jlm) (Entered: 03/03/2017) |
| 03/21/2017 | | CLERK'S CORRECTION OF DOCKET ENTRY re 27 Motion to Suppress. Exhibits replaced with a redaction. (jlm) (Entered: 03/21/2017) |
| 03/24/2017 | 28 | RESPONSE in Opposition by USA as to Clif J. Seaway re 27 MOTION to Suppress (Fletcher, Lisa) (Additional attachment(s) added on 3/24/2017: # 1 Exhibit 1 − Sealed) (jlr, ). (Attachment 1 replaced on 4/19/2017) (jlr, ). (Entered: 03/24/2017) |
| 03/24/2017 | 29 | Letter APPLICATION from Lisa M. Fletcher, AUSA as to Clif J. Seaway requesting To seal Exhibit 1 of the 28 Response. (jlm) (Entered: 03/24/2017) |
| 03/24/2017 | 30 | Order to Seal Document (Exhibit 1) of the Government's 28 Response as to Clif J. Seaway. Signed by Senior Judge Norman A. Mordue on 3/24/17. (jlm) (Entered: 03/24/2017) |
| 03/29/2017 | | (Court only) ***Motions terminated as to Tammy J. Lamere: 27 MOTION to Suppress filed by Clif J. Seaway. Counsel picked both defts and this motion was filed by Deft Seaway. (jlm) (Entered: 03/29/2017) |
| 04/04/2017 | | TEXT NOTICE − The 27 MOTION to Suppress by Clif J. Seaway is on submit. NO appearances. The is No oral argument on the scheduled motion return date, unless Judge Mordue's chambers sua sponte directs and schedules oral argument. (jlm) (Entered: 04/04/2017) |
| 05/08/2017 | | (Court only) Terminate Deadlines and Hearings as to Clif J. Seaway, and Tammy J. Lamere. (jlm) (Entered: 05/08/2017) |
| 06/22/2017 | 31 | ORDER denying the defendant's 27 Motion to Suppress as to Clif J. Seaway (1). The period from March 15, 2017 until the date of the decision herein onJune 22, 2017 is excluded in computing time under the Speedy Trial Act in the interests of justice. Signed by Senior Judge Norman A. Mordue on 6/22/17.(jlm) (Entered: 06/22/2017) |
| 07/07/2017 | 32 | STIPULATION by USA to 115 Day Extension of Time (Fletcher, Lisa) (Entered: 07/07/2017) |

| 07/10/2017 | 33 | ORDER TO CONTINUE − Ends of Justice as to Clif J. Seaway, Tammy J. Lamere Time excluded from 7/10/17 until 10/25/17. Firm Date for the Jury Trial − reset to 10/25/2017 09:00 AM in Syracuse before Senior Judge Norman A. Mordue. Signed by Senior Judge Norman A. Mordue on 7/10/17. (jlm) (Entered: 07/10/2017) |
|---|---|---|
| 07/20/2017 | 34 | NOTICE OF ATTORNEY APPEARANCE: Courtenay K. McKeon appearing for Clif J. Seaway as substituted with/for Attorney: Juan J. Rodriguez, Esq. (McKeon, Courtenay) (Entered: 07/20/2017) |
| 07/21/2017 | | (Court only) ***Staff Notes as to Clif J. Seaway: Confirmed with Attorney McKeon that she is co−counsel with Attorney Bianco. The notice of appearance states that Attorney McKeon is substituted counsel for Attorney Rodriguez. Attorney Rodriguez did not file a notice of appearance in this case and was not added to the docket. (hmr) (Entered: 07/21/2017) |
| 07/31/2017 | 35 | NOTICE OF HEARING as to Clif J. Seaway and Tammy J. Lamere. The Jury Trial is set for 10/25/2017 at 09:00 AM in Syracuse before Senior Judge Norman A. Mordue. This is a FIRM trial date. Counsel shall file All Court Order Pretrial Papers on or before 10/2/2017. (jlm) (Entered: 07/31/2017) |
| 08/15/2017 | | TEXT NOTICE OF HEARING as to Tammy J. Lamere. A Change of Plea Hearing is set for 8/21/2017 at 11:00 AM in Syracuse before Senior Judge Norman A. Mordue. (jlm) (Entered: 08/15/2017) |
| 08/18/2017 | 36 | Letter from ROBERT G. WELLS as to Tammy J. Lamere requesting REMOVE CHANGE OF PLEA APPEARANCE FROM CALENDAR (Attachments: # 1 Exhibit(s) Certificate of Electronic Service)(Wells, Robert) (Entered: 08/18/2017) |
| 08/18/2017 | 37 | TEXT ORDER as to Tammy J. Lamere Denying the 36 Letter from ROBERT G. WELLS as to Tammy J. Lamere requesting adjournment of the Plea Appearance from the calendar scheduled for Monday, August 21, 2017 at 11:00 a.m. Counsel shall appear as scheduled. So Ordered by Senior Judge Norman A. Mordue on 8/18/17. (jlm) (Entered: 08/18/2017) |
| 08/21/2017 | 38 | NOTICE OF ATTORNEY APPEARANCE: Carina Hyatt Schoenberger appearing for USA as co−counsel with Attorney Lisa M. Fletcher (Schoenberger, Carina) (Entered: 08/21/2017) |
| 08/21/2017 | 39 | ORAL MOTION for Psychiatric Exam by Robert Wells, Esq., for Tammy J. Lamere. (jlm) (Entered: 08/21/2017) |
| 08/21/2017 | | TEXT Minute Entry for Motion Hearing as to Tammy J. Lamere held on 8/21/2017 re 39 ORAL MOTION for Psychiatric Exam filed by Tammy J. Lamere before Senior Judge Norman A. Mordue. APPR: Lisa Fletcher, AUSA; Robert G. Wells, Esq. No objection by Government. Judge signs order. Defendant remanded. (Court Reporter Eileen McDonough) (jlm) (Entered: 08/21/2017) |
| 08/21/2017 | | (Court only) ***Chambers notes: In chambers conference prior to the status hearing, all papers submitted by attorney Wells related to the request for a psych exam were returned to counsel by the Judge. The papers were not in proper form. Counsel makes oral request. (jlm) (Entered: 08/22/2017) |
| 08/22/2017 | 40 | ORDER granting the 39 Motion for Psychiatric Exam as to Tammy J. Lamere (2). Signed by Senior Judge Norman A. Mordue on 8/22/2017.(jlm) (Entered: 08/22/2017) |
| 09/05/2017 | 41 | MOTION to Consolidate Cases by USA as to Clif J. Seaway. Motion Hearing set for 10/4/2017 10:00 AM in Syracuse before Senior Judge Norman A. Mordue Response to Motion due by 9/18/2017 Reply to Response to Motion due by 9/25/2017. (Fletcher, Lisa) (Entered: 09/05/2017) |
| 09/07/2017 | | TEXT NOTICE TO COUNSEL: The 41 Motion will be heard on submission of the papers. No reply is permitted. (rjb, ) (Entered: 09/07/2017) |
| 09/18/2017 | 42 | Letter Motion from AUSA Lisa Fletcher Requesting the Court to Send Attached Questionnaire to Prospective Jurors as to Clif J. Seaway (Attachments: # 1 Juror Questionnaire)(Fletcher, Lisa) Modified on 9/20/2017 (jlm) (Entered: 09/18/2017) |
| 09/19/2017 | 43 | Letter from Randi J. Bianco, Esq. as to Clif J. Seaway requesting list of names of jury pool (Bianco, Randi) (Entered: 09/19/2017) |

| | | |
|---|---|---|
| 09/20/2017 | 44 | ORDER granting the 41 Motion to Consolidate Cases as to Clif J. Seaway (1) for trial; and granting the 42 Joint Letter Motion as to Clif J. Seaway (1) to send a questionnaire, which has been approved by both parties, to the prospective jurors in advance of trial. Case no. 5:16−cr−0339 is now designated as the lead case as to Defendant Clif Seaway for trial purposes. The charges against Clif Seaway are severed from those against codefendant Tammy Lamere in 5:16−CR−0340. ALL FUTURE FILINGS as to Defendant SEAWAY MUST BE FILED ONLY IN THE LEAD CASE, 5:16−CR−339. NO FURTHER FILINGS SHALL BE DOCKETED IN THE MEMBER CASE as to Defendant Seaway, 5:16−CR−340. Signed by Senior Judge Norman A. Mordue on 9/20/2017.(jlm) (Entered: 09/20/2017) (Entered: 09/20/2017) |
| 09/20/2017 | | (Court only) Defendant Tammy J. Lamere severed from Codefendant(s). (jlm) ` (Entered: 09/20/2017) |
| 09/20/2017 | | (Court only) ***Set Member Flag as to Clif J. Seaway; 5:16−cr−0339 is LEAD case as to deft Seaway ONLY.(jlm) (Entered: 09/20/2017) |
| 09/25/2017 | 45 | NOTICE OF ATTORNEY APPEARANCE: Tamara Thomson appearing for USA as co−counsel with Attorney Lisa M. Fletcher *for the forfeiture aspects of the case* (Thomson, Tamara) (Entered: 09/25/2017) |
| 10/19/2017 | 46 | Letter from AUSA Lisa Fletcher and AUSA Carina Schoenberger as to Clif J. Seaway requesting an adjournment of trial (Fletcher, Lisa) (Entered: 10/19/2017) |
| 11/20/2017 | 47 | Letter Motion from USA Regarding Defendant's Contribution to Cost of Legal Fees as to Tammy J. Lamere (Thomson, Tamara) Modified on 11/21/2017 (jlm). (Entered: 11/20/2017) |
| 11/21/2017 | 48 | ORDER REFERRING LETTER MOTION as to Tammy J. Lamere to Magistrate Dancks. RE 47 MOTION for Hearing/or consideration on costs of appointed counsel filed by USA. So Ordered by Senior Judge Norman A. Mordue on 11/20/17. (jlm) (Entered: 11/21/2017) |
| 11/22/2017 | 49 | TEXT ORDER as to Tammy J. Lamere: Court has reviewed the government's letter motion (Dkt. No. 47 ) for a hearing pursuant to 18 USC Section 3006A(F), and for an interim order for the Bureau of Prisons to hold on deposit all funds held in defendant's inmate trust account except funds earned by defendant from prison employment. Letter motion granted. The Bureau of Prisons shall place a hold on all funds deposited in defendant's inmate trust account except funds earned by defendant from prison employment until further order of this court. A hearing will be scheduled, a separate text notice will be issued setting the date and time. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 11/22/2017.(sg) (Entered: 11/22/2017) |
| 11/22/2017 | 50 | TEXT ORDER as to Tammy J. Lamere: In light of the defendant currently undergoing a court ordered psychiatric examination, counsel are directed to advise the Court when said examination is completed so that a hearing may scheduled before Magistrate Judge Dancks to determine defendant's current financial eligibility for court appointed counsel. SO ORDERED by Magistrate Judge Therese Wiley Dancks on 11/22/2017. (sg) (Entered: 11/22/2017) |
| 11/28/2017 | 51 | Psychiatric Report Received (Sealed) as to Tammy J. Lamere (jlm) Modified on 11/28/2017 (jlm). (Entered: 11/28/2017) |
| 11/30/2017 | | TEXT NOTICE OF HEARING as to Tammy J. Lamere. A Competency Hearing is set for 12/18/2017 at 10:30 AM in Syracuse before Senior Judge Norman A. Mordue. (jlm) (Entered: 11/30/2017) |
| 12/11/2017 | | (Court only) ***Procedural Interval start as to Clif J. Seaway (jlm) (Entered: 12/14/2017) |
| 12/14/2017 | 52 | JURY VERDICT (Redacted) as to Clif J. Seaway (1) Guilty on Count 1−5. Also filed in Lead Case 5:16−cr−0339. (jlm) (Entered: 12/14/2017) |
| 12/14/2017 | | TEXT NOTICE − Counsel are directed to file forthwith any exhibit and witness lists in reference to the Competency Hearing scheduled as to Tammy J. Lamere scheduled for December 18, 2017 at 10:30 am.(jlm) (Entered: 12/14/2017) |

# A9

| 12/18/2017 | 53 | OFFER OF PROOF filed by the Government as to Tammy J. Lamere. (Attachments: # 1 Certificate of Service)(Fletcher, Lisa) (Entered: 12/18/2017) |
|---|---|---|
| 12/18/2017 |  | TEXT Minute Entry for Competency Hearing as to Tammy J. Lamere held on 12/18/2017 before Senior Judge Norman A. Mordue. APPR: Lisa Fletcher, AUSA; Carina Schoenberger, AUSA; Roberts Wells, Esq. Judge finds defendant competent to stand trial; Defendant wishes to proceed to a plea. A Change of Plea Hearing as to Tammy J. Lamere held on 12/18/2017. Plea entered by Tammy J. Lamere (2) of Guilty to Counts 1 and 2 of the Indictment. Defendant admits to the forfeiture allegations contained in the Indictment. No plea agreement. Defendant remanded. (Court Reporter Eileen McDonough) (jlm) (Entered: 12/18/2017) |
| 12/18/2017 | 54 | GUIDELINE ORDER as to Tammy J. Lamere. Sentencing is set for 4/18/2018 at 10:00 AM in Syracuse before Senior Judge Norman A. Mordue. Government and Defendant Sentencing Memo Deadline 3/28/2018. All letters of support shall be electronically filed in accordance with General Orders 22 and 52 and shall be filed by 4/18/18. Signed by Senior Judge Norman A. Mordue on 12/18/17. (jlm) (Entered: 12/18/2017) |
| 01/02/2018 | 55 | Letter from Tamara Thomson as to Tammy J. Lamere requesting that the proposed Preliminary Order of Forfeiture be filed and a copy returned (Attachments: # 1 Proposed Order/Judgment proposed Preliminary Order of Forfeiture)(Thomson, Tamara) (Entered: 01/02/2018) |
| 01/12/2018 | 56 | PRELIMINARY ORDER DIRECTING FORFEITURE OF SPECIFIC PROPERTY: as noted herein, as to Tammy J. Lamere. Signed by Senior Judge Norman A. Mordue on 1/12/2018. {Electronically certified copy sent to Tamara B. Thomson, AUSA} (jmb) (Entered: 01/12/2018) |
| 02/28/2018 | 57 | SERVICE by Publication of Notice of Forfeiture; Last publication date 2/24/18 in www.forfeiture.gov filed by USA (Thomson, Tamara) (Entered: 02/28/2018) |
| 03/08/2018 | 58 | PRESENTENCE INVESTIGATION REPORT − INITIAL DISCLOSURE [LODGED] as to Tammy J. Lamere. The Presentence Investigation Report in this matter is now available for review. Any objections to the report shall be served on the Probation Office within 14 days of this notice, by mailing a hard copy to the Probation Officer. Please contact the probation officer who prepared the report if you have any questions.**[This document has been electronically lodged with the Court and is viewable by ONLY the attorney for the government, the attorney for the defendant, and the presiding judge. It is not a filed document, therefore is not available for public inspection. Any further distribution or dissemination is prohibited.]** (dct, ) (Entered: 03/08/2018) |
| 03/28/2018 |  | TEXT NOTICE OF HEARING as to Tammy J. Lamere. The Sentencing is reset for 5/23/2018 at 10:00 AM in Syracuse before Senior Judge Norman A. Mordue. All sentencing memoranda shall be filed on or before 5/2/18. Any letters of support shall be filed electronically on or before 5/2/18.(jlm) (Entered: 03/28/2018) |
| 03/29/2018 | 59 | PRESENTENCE INVESTIGATION REPORT − FINAL DISCLOSURE [LODGED] as to Tammy J. Lamere. The final version of the Presentence Investigation Report, including all revisions and the most recent Addendum is now available for review. This version of the report will be used by the Court at the time of sentencing. **[This document has been electronically lodged with the Court and is viewable by ONLY the attorney for the government, the attorney for the defendant, and the presiding judge. Any further distribution or dissemination is prohibited.]** (Bates, Nicole) (Entered: 03/29/2018) |
| 03/30/2018 | 60 | SENTENCING MEMORANDUM by USA as to Tammy J. Lamere (Fletcher, Lisa) (Entered: 03/30/2018) |
| 04/11/2018 | 61 | PRESENTENCE INVESTIGATION REPORT − FINAL DISCLOSURE [LODGED] as to Clif J. Seaway. The final version of the Presentence Investigation Report, including all revisions and the most recent Addendum is now available for review. This version of the report will be used by the Court at the time of sentencing. **[This document has been electronically lodged with the Court and is viewable by ONLY the attorney for the government, the attorney for the defendant, and the presiding judge. Any further distribution or dissemination is prohibited.]** (Bates, Nicole) (Entered: 04/11/2018) |

| 05/02/2018 | 62 | First SENTENCING MEMORANDUM by Tammy J. Lamere (Attachments: # 1 Exhibit(s) Certificate of Service)(Wells, Robert) (Entered: 05/02/2018) |
|---|---|---|
| 05/03/2018 | | TEXT Minute Entry for Sentencing held on 5/3/2018 for Clif J. Seaway (1) before Senior Judge Norman A. Mordue. APPR: Lisa Fletcher, AUSA Carina Schoenberger, AUSA; Randi Juda Bianco, Esq.; Courtenay McKeon, Esq. Victims speak. Defendant is sentenced on Counts 1−7 of Indictment 5:16−cr−339 and Counts 1−5 of the Indictment in 5:16−cr−340 to 4,320 months (or 360 years) This term consists of 360 months on each count of conviction: all to run consecutively with each other. $1,200 special assessment, waived pursuant to 18 USC 3573. No fine imposed. Supervised release of life on each count to run concurrently. Defendant remanded to the custody of the USM. Judge recommends that the defendant be housed at FCI Tucson. (Court Reporter Eileen McDonough) (jlm) (Entered: 05/03/2018) |
| 05/08/2018 | 63 | JUDGMENT as to Clif J. Seaway (1), Count(s) 1−5 in 5:16−cr−340−001, for a total of 4,320 months between 5:16−cr−339−001 and 5:16−cr−340−001 (or 360 years per count in each case). This term consists of 360 months on each count of conviction, all to run consecutively with each other. Supervised release of life on each count to run concurrently. Signed by Senior Judge Norman A. Mordue on 5/8/2018. (plp) (Entered: 05/08/2018) |
| 05/08/2018 | 64 | STATEMENT OF REASONS [LODGED] as to Clif J. Seaway **[This document has been electronically lodged with the Court and is viewable by ONLY the attorney for the government, the attorney for the defendant, and the presiding judge. It is not a filed document, therefore is not available for public inspection. Any further distribution or dissemination is prohibited.]** (plp, ) (Entered: 05/08/2018) |
| 05/15/2018 | | TEXT NOTICE OF HEARING as to Tammy J. Lamere. The Sentencing is reset for 6/18/2018 at10:00 AM in Syracuse before Senior Judge Norman A. Mordue. (jlm) (Entered: 05/15/2018) |
| 06/18/2018 | | Minute Entry for Sentencing held on 6/18/2018 for Tammy J. Lamere (2) before Senior Judge Norman A. Mordue. APPR: Lisa Fletcher, AUSA; Carina Schoenberger, AUSA; Robert Wells, Esq. Defendant is sentenced on Counts 1−2 of the Indictment to 360 months imprisonment on each Count to be served concurrently. 15 years supervised release to follow. $200.00 Special Assessment and $8,000 fine, both due immediately. Forfeiture as listed in Preliminary Order of Forfeiture; Appeal rights explained. Defendant remanded. (Court Reporter Jodi Hibbard) (jlm) (Entered: 06/18/2018) |
| 06/22/2018 | 65 | JUDGMENT as to Tammy J. Lamere (2). Defendant sentenced on Counts 1−2 of the Indictment to 360 months imprisonment on each Count to be served concurrently. 15 years supervised release to follow. Signed by Senior Judge Norman A. Mordue on 6/22/2018. (jlm) (Entered: 06/22/2018) |
| 06/22/2018 | 66 | STATEMENT OF REASONS [LODGED] as to Tammy J. Lamere **[This document has been electronically lodged with the Court and is viewable by ONLY the attorney for the government, the attorney for the defendant, and the presiding judge. It is not a filed document, therefore is not available for public inspection. Any further distribution or dissemination is prohibited.]** (plp, ) (Entered: 06/22/2018) |
| 06/25/2018 | 67 | NOTICE OF APPEAL by Tammy J. Lamere re 65 Judgment, No fee paid. (Wells, Robert) (Entered: 06/25/2018) |
| 06/26/2018 | 68 | ELECTRONIC NOTICE AND CERTIFICATION as to Tammy J. Lamere sent to US Court of Appeals, re: 67 Notice of Appeal − Final Judgment. (Attachments: # 1 Criminal Appeals Packet)(see) (Entered: 06/26/2018) |
| 06/26/2018 | | NOTICE as to Tammy J. Lamere − Attorneys appointed pursuant to the Criminal Justice Act are reminded that CJA Vouchers are to be submitted no later than 45 days after the final disposition of the case, unless good cause is shown. Refer to the Court's website: http://www.nynd.uscourts.gov/criminal−justice−act for comprehensive information relating to court appointed representation. (see) (Entered: 06/26/2018) |
| 06/26/2018 | | (Court only) ***Set Closed Flag as to Clif J. Seaway and Tammy J. Lamere (see) (Entered: 06/26/2018) |

| 09/14/2018 | 69 | NOTICE OF APPEAL: filed by Clif J. Seaway No fee paid. (Egan, James) Modified on 9/19/2018 to remove Tammy J. Lamere from docket text. (jmb) (Entered: 09/14/2018) |
| 09/19/2018 | 70 | ELECTRONIC NOTICE AND CERTIFICATION: as to Clif J. Seaway sent to US Court of Appeals regarding the # 69 Notice of Appeal − Final Judgment. (jmb) (Entered: 09/19/2018) |
| 09/19/2018 | 71 | Supplemental Electronic Certification Sent to USCA as to Clif J. Seaway regarding the # 69 Notice of Appeal − Final Judgment. **Supplemented to note that although the appeal in this case was untimely filed, a timely appeal was filed in LEAD case 5:16−CR−339 (NAM) on 5/10/2018** (jmb) (Entered: 09/19/2018) |

**A12**

AO 91 (Rev. 11/11) Criminal Complaint

> U.S. DISTRICT COURT - N.D. OF N.Y.
> **FILED**
> MAR 0 2 2016
> AT_____ O'CLOCK_____
> Lawrence K. Baerman, Clerk - Syracuse

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| **v.** | ) |
| | ) |
| | ) Case No. 5:16- MJ- 91 (TWD) |
| | ) |
| | ) |
| TAMMY J. LAMERE, | ) |
| **Defendant.** | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of 2010 to 2014 in the county of Oswego in the Northern District of New York the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2251(a) | Sexual exploitation of a minor |

This criminal complaint is based on these facts:
See attached affidavit

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Lon Ziankoski, Special Agent
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   3/2/2016

_____
*Judge's signature*

City and State:   Syracuse, New York          Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
_____
*Printed name and title*

**A13**

## AFFIDAVIT

I, Lon Ziankoski, having been first duly sworn, do hereby depose and state as follows:

1.       I am a Special Agent assigned to Homeland Security Investigations (HSI) within the Department of Homeland Security and have been employed in that capacity since September 2011.  I am currently assigned to the HSI office in Syracuse, New York where I am responsible for conducting investigations of criminal violations of immigration and customs laws and related statutes.  As an HSI Special Agent my duties include the enforcement of federal criminal statutes involving child exploitation laws.  I have worked closely with other law enforcement officers who have engaged in numerous investigations involving child exploitation and child pornography and who have received training in the area of child pornography and child exploitation.  Since becoming employed as a federal agent, I have completed the Criminal Investigator Training Program and ICE Special Agent Training at the Federal Law Enforcement Training Center in Brunswick, Georgia.  I have also received Internet Crimes Against Children (ICAC) certification in Undercover Chat Investigations.  Prior to appointment as an Agent, Affiant was employed as an Oswego County Sheriff's Deputy for approximately two years.  I served honorably in the United States Army, 10th Mountain Division as a Non-Commissioned Officer with deployments in support of Operation Enduring Freedom and Operation Iraqi Freedom.  Your affiant has earned a Bachelor's Degree in Biology from Rochester Institute of Technology, a Doctorate in Chiropractic from Palmer College, and a Master's in Business Administration from Sul Ross Texas State University.

2.       I am an investigative or law enforcement officer of the United States within the meaning of Title 18 United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses

1

enumerated in Title 18, United States Code, Section 2516(1).  As a Special Agent, I am authorized to seek and execute federal arrest and search warrants for Title 18 criminal offenses, including offenses related to the sexual exploitation of minors, specifically those involving the production of child pornography in violation of Title 18, United States Code, Section 2251(a).

3.    I make this affidavit in support of a criminal complaint and arrest warrant charging Tammy J. LAMERE with knowingly employing, using, persuading, inducing, or enticing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce, in violation of Title 18 United States Code, Section 2251(a).

4.    The statements contained in this affidavit are based upon my investigation, information provided by other law enforcement officers, and on my experience and training as a Special Agent.  As this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause to believe that Tammy J. LAMERE has violated Title 18, United States Code, Section 2251(a).

**<u>Details of the Investigation</u>**

5.    Based upon a child exploitation investigation by the New York State Police, Computer Crimes Unit (NYSP CCU), on February 24, 2016, Honorable Don Todd, Justice, Oswego County Court, issued a search warrant for the Fulton, New York residence of the main subject of this investigation, hereto referred to as Target A.  The search warrant was executed on February 24, 2016, and approximately 57 pieces of electronic equipment were seized from Target A.

2

6.      Investigator Michael Eckler of the NYSP CCU conducted an on-scene preview examination of items seized from Target A's residence.  In his examination of an HP 1 terabyte external hard drive (manufactured in Malaysia), Inv. Eckler identified approximately 101 gigabytes of saved images and video files that constitute child pornography within the meaning of 18 U.S.C. § 2256(8).  These images include visual depictions of sexual abuse of multiple child victims performed by multiple adult suspects.  Some, but not all of the depicted child victims have been identified and interviewed by law enforcement.  Some, but not all of the adult suspects have been identified and interviewed by law enforcement.  Target A and Tammy LAMERE are two of the adults who have been identified as participants in the depicted abuse, and they have both been interviewed.

7.      After being advised of his *Miranda* rights, Target A waived his rights and agreed to speak with your affiant and Investigator Ben Miller of the NYSP.  During this interview, Target A admitted to sexually abusing, among other children, child victim 1 (V-1), whose true identity is known to your affiant, and who was born in 2004.  According to Target A, the abuse of V-1 occurred from the time V-1 was 6 months old through and including nine-and-a-half years of age.  Target A also provided information that other unidentified suspects participated in the abuse.  Your affiant showed Target A a picture file recovered by Inv. Eckler that depicts an adult female lying on her back kissing a nude prepubescent girl.  Target A identified the adult female as TAMMY LAMERE and the prepubescent girl as V-1.

8.      Target A also provided a sworn statement, in which, among other things, he described an incident that occurred approximately a year and a half ago at LAMERE's residence in Fulton, NY. Target A, speaking about himself, LAMERE (who goes by the name "Lil"), and V-1, stated that "the three of us went in the bedroom and we all got on the bed."  He further stated, "Lil kissed and licked [V-1] on her vagina and nipples," and admitted that he "took

3

pictures of this while it was happening." He further stated, "Lil took pictures of [V-1] giving me oral sex, there may have been video taken of this at Lil's house."

9.      Based upon information provided by Target A, NYSP located LAMERE at her residence in Fulton, NY. After being advised of her *Miranda* rights, LAMERE waived her rights and consented to a recorded interview with NYSP Investigator Miller. During the interview, LAMERE admitted to abusing V-1, and provided a sworn statement regarding the abuse. LAMERE admitted to rubbing V-1's vagina and performing oral sex on the child on multiple occasions. LAMERE stated, "[during these times of touching [V-1], [Target A] would take pictures, [V-1] would take pictures, and I would take pictures." LAMERE stated, the pictures were always taken with my camera which I let [Target A] use."

10.      During Inv. Eckler's preview examination of the HP 1 terabyte external hard drive (manufactured in Malaysia); he observed a movie file, entitled "TD7620.AVI." The video is 3 minutes and 1 second in length. Your affiant has viewed the video which depicts LAMERE and V-1 licking an adult male's nude penis, and V-1 performing oral sex on the adult male while LAMERE is positioned behind her. This video is consistent with statements provided by LAMERE, who admitted to this type of activity with Target A and V-1.

11.      Among items obtained from LAMERE's residence by written consent was a Canon powershot digital camera. On February 27, 2016, Senior Inv. Stonebarger performed a limited preview examination of the Canon powershot camera (manufactured in Malaysia), and identified on the camera images of the sexual abuse of V-1 committed by Target A and LAMERE in a residence recognized as LAMERE's residence in Fulton, NY.

## Conclusion

12.      Based upon the above information, there is probable cause to believe that Tammy

4

J. LAMERE has violated Title 18 United States Code, Section 2251(a) which prohibits knowingly using, persuading, inducing, or enticing a minor to engage in sexually explicit conduct for the purpose of producing visual depiction using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce. Your affiant therefore requests that a criminal complaint and arrest warrant be issued pursuant to this violation of federal law.

Lon Ziankoski
Special Agent
Homeland Security Investigations

Sworn to me this 2nd
day of March, 2016

Hon. Thérèse Wiley Dancks
United States Magistrate Judge

**A18**

U.S. DISTRICT COURT - N.D. OF N.Y.

F I L E D

NOV 17 2016

AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Syracuse

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    5:16-CR-*340(NAM)* |
| | ) | |
| **v.** | ) | **Indictment** |
| | ) | |
| **CLIF J. SEAWAY, and** | ) | Violations:    18 U.S.C. § 2251(a) &(e) |
| **TAMMY J. LAMERE** | ) | [Conspiracy to Sexually |
| | ) | Exploit a Child] |
| | ) | |
| | ) | 18 U.S.C. § 2251(a) |
| | ) | [Sexual Exploitation of a |
| | ) | Child] |
| | ) | |
| | ) | 5 Counts |
| | ) | |
| **Defendants.** | ) | County of Offense:    Oswego |

## THE GRAND JURY CHARGES:

### COUNT 1
### [Conspiracy to Sexually Exploit a Child]

From in or about 2010 through and including in or about 2013, in Oswego County in the

Northern District of New York, defendants **CLIF J. SEAWAY and TAMMY J. LAMERE**

conspired to use V-3, a minor female child born in 2004, whose identity is known to the grand

jury, to engage in sexually explicit conduct for the purpose of producing visual depictions of such

conduct, where the visual depictions were produced using materials that had been mailed, shipped,

and transported in and affecting interstate and foreign commerce by any means, including by

computer, in violation of Title 18, United States Code, Sections 2251(a) & (e).

### COUNT 2
### [Sexual Exploitation of a Child]

From in or about 2010 thorough 2013, in Oswego County, in the Northern District of New

York, defendants **CLIF J. SEAWAY and TAMMY J. LAMERE** did use V-3, a female child

born in 2004, whose identity is known to the grand jury, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, where the visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2251(a) & (e) and 2(a).

### COUNTS 3 - 5
### [Sexual Exploitation of a Child]

In or about the years listed below, in Oswego County, in the Northern District of New York, defendant **CLIF J. SEAWAY** did use the minors listed below, whose identities are known to the grand jury, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, where the visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

| Count | Year | Victim |
|-------|------|--------|
| 3 | 2011 | V-4, a female child born in 2004 |
| 4 | 2013 | V-5, a female child born in 2002 |
| 5 | 2014 | V-3, a female child born in 2004 |

All in violation of Title 18, United States Code, Section 2251(a) & (e).

### FORFEITURE ALLEGATION

The allegations contained in Counts 1 – 5 of this Indictment are hereby realleged and incorporated by reference herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 2253(a)(3).

Pursuant to Title 18, United States Code, Section 2253(a)(3), upon conviction of the offenses alleged in Counts 1 – 5, defendants **CLIF J. SEAWAY, and TAMMY J. LAMERE** shall forfeit to the United States of America any property, real or personal, used or intended to be

2

used to commit or to promote the commission of the offenses.  The property subject to forfeiture includes, but is not limited to:

    (a)    one Sony Cybershot Camcorder serial no. 376475, with 64MB Sony memory card;

    (b)    one Sandisk 1GB SD card serial no. BB0630005013D;

    (c)    one 160GB HP external hard drive, serial no. CNU651001X;

    (d)    one 1TB HP external hard drive, serial no. THUA19A88D;

    (e)    one 1TB HP hard drive, serial no. WCC0T0556626;

    (f)    35 floppy disks;

    (g)    one Western Digital hard drive, serial no. WMAAU1799995;

    (h)    one 1TB HP external hard drive, serial no. THUA19A5B7;

    (i)    Canon Powershot A560 Camera, no. PC1229.

If the property described above, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party,

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853 (p), as incorporated by Title 18, United States Code, Section 2253(b) and by Title 28, United States Code, Section 2461(c).

Dated:   November 17, 2016

A TRUE BILL,     \*\*\*NAME REDACTED

Grand Jury Foreperson

RICHARD S. HARTUNIAN
United States Attorney

By:

Lisa M. Fletcher
Assistant United States Attorney
Bar Roll No. 510187

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      vs.                               5:16-CR-340 (NAM)

TAMMY J. LAMERE,

            Defendant.
_____

APPEARANCES:                             OF COUNSEL:


Hon. Grant Jaquith, Esq.               Lisa Fletcher, Esq.
Acting United States Attorney
100 South Clinton Street PO Box 7198
Syracuse, NY 13261

Office of Robert G. Wells             Robert G. Wells, Esq.
120 East Washington Street
825 University Building
Syracuse, NY 13202
Attorney for Defendant

NORMAN A. MORDUE, SENIOR U.S. DISTRICT COURT JUDGE


**ORDER**

     Defendant Tammy J. Lamere is charged by Indictment with Conspiracy to Exploit a

Child, in violation of 18 U.S.C. §§ 2251(a) and (e); and Sexual Exploitation of Children, in

violation of 18 U.S.C. §§ 2251(a) and (e).  At defendant's initial appearance on March 3, 2016,

before Magistrate Therese Wiley Dancks, the government moved for her detention, pursuant to 18

U.S.C. § 3142(f), and defendant waived the detention and preliminary hearings, after which the

defendant was detained pending trial.

Defendant's counsel has requested that the court order a mental health evaluation in order to assess the defendant's ability to understand the proceedings against her and to assist her counsel in defending against the pending charges. (Dkt. No. 39.)  At a Court status hearing held on August 21, 2017, the government notified the Court that it does not oppose the request of defendant's counsel for such evaluation.

Based upon this agreement of the parties, the statement of defendant's counsel, and the Court's observations during the hearing on August 21, 2017, to address the request of defendant's attorney, I find the existence of a substantial question as to whether the defendant is able to fully understand the nature and consequences of the proceedings against her and to properly assist in her defense.

**WHEREFORE**, it is hereby

**ORDERED**, that a psychiatric or psychological examination of the defendant shall be conducted, pursuant to 18 U.S.C. § 4241(b), and a report of that determination shall be filed with the Court and served upon counsel for both parties in accordance with 18 U.S.C. § 4247(b) and (c); and it is further

**ORDERED**, that the defendant is committed to the custody of the Attorney General for a reasonable period, not to exceed thirty days, for such a psychiatric or psychological examination to determine her current mental competence, pursuant to 18 U.S.C. § 4241 and 4247, to be conducted in a suitable facility, as designated by the Bureau of Prisons ("BOP"); and it is further

**ORDERED**, that the United States Marshal's service shall transport the defendant to the institution so designated by the BOP for the required examination; and it is further

**ORDERED**, that pursuant to 18 U.S.C. § 3161(h)(1)(A), the Court finds that the time period from August 21, 2017, up until and including the conclusion of any hearing to determine the

mental capacity of defendant Tammy J. Lemere is excluded for the purposes of calculating when

trial must begin under the governing speedy trial provisions, including 18 U.S.C. §§ 3161 *et seq.*

**IT IS SO ORDERED.**

Date:   August 22, 2017

Norman A. Mordue
Senior U.S. District Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.     5:16-CR-340 (NAM) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TAMMY J. LAMERE,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**OFFER OF PROOF**

In anticipation of the defendant's scheduled change of plea, the United States submits this Offer of Proof to provide the Court with and advise the defendant concerning the potential maximum penalties, a non-exhaustive list of adverse consequences that may flow from conviction, the elements of the offense(s), and a factual basis for the defendant's guilty plea. **The government respectfully requests that the Court ask the defendant to acknowledge the accuracy of the factual basis or to state with specificity any disagreement with any of the facts described in it.**

1)      **Potential Maximum Penalties:** The Court can impose the following maximum penalties for the offenses to which the defendant is pleading guilty and may be required to impose mandatory minimum terms of imprisonment, all as set out below:

a)  **Maximum term of imprisonment:** 30 years per count, pursuant to 18 U.S.C. § 2251(e). (if applicable; otherwise delete:)

b)  **Mandatory minimum term of imprisonment:** 15 years per count, pursuant to 18 U.S.C. § 2251(e).

c)  **Maximum fine:** $250,000, pursuant to 18 U.S.C. 3571(b) (3).

(1) **Supervised release term:**  In addition to imposing any other penalty, the sentencing court must require the defendant to serve a term of supervised release between 5 years and life, to begin after imprisonment.  *See* 18 U.S.C. § 3583(k).  A violation of the conditions of supervised release during that time period may result in the defendant being sentenced to an additional term of imprisonment of up to 3 years.

d) **Special Assessment:** The defendant will pay an assessment of $100 per count of conviction pursuant to 18 U.S.C. § 3013.

e) **Required Registration for Sex Offenders:** Under the Sex Offender Registration and Notification Act, the defendant, as a result of the conviction in this case, must register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, where the defendant is an employee, and where the defendant is a student.  For initial registration purposes, the defendant also must register in New York as a result of this conviction, even if the defendant resides in a different jurisdiction.  A sex offender who knowingly fails to register or update a required registration may be subject to prosecution under 18 U.S.C. § 2250, and face a penalty of up to ten years imprisonment. Further, notwithstanding the description set out above of the consequences of a violation of the conditions of supervised release, if the defendant, while on supervised release, commits any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, of Title 18 for which imprisonment for a term longer than 1 year can be imposed, the court will revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years on the violation.

f) **Additional Special Assessment:**      In addition to the assessment imposed under § 3013, unless the court finds him to be indigent the defendant shall pay an additional assessment

of $5,000 pursuant to 18 U.S.C. § 3014(a).  This assessment is payable only after the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal convictions on which this assessment is based. 18 U.S.C. § 3014(b).

g) **Forfeiture:** Pursuant to 18 U.S.C. § 2253 and 21 U.S.C. § 853(p), the Court may enter an order directing forfeiture to the United States of the property described in the Forfeiture Allegation in the indictment described above, and the Bill of Particulars filed in this matter, or to any substitute assets, or to a money judgment, all as more fully set out below:

1.   one Sony Cybershot Camcorder serial no. 376475, with 64MB Sony memory card;
2.   one Sandisk 1GB SD card serial no. BB0630005013D;
3.   one 160GB HP external hard drive, serial no. CNU651001X;
4.   one 1TB HP external hard drive, serial no. THUA19A88D;
5.   one 1TB HP hard drive, serial no. WCC0T0556626;
6.   35 floppy disks;
7.   one Western Digital hard drive, serial no. WMAAU1799995;
8.   one 1 TB HP external hard drive, serial no. THUA19A5B7;
9.   Canon Powershot A560 camera, no. PC1229;
10.  Nikon Coolpix camera, serial no. 30807203;
11.  Custom built personal computer, bar code no. 11147107061500213;
12.  HP Tower PC, serial no. MXV8490DH2;
13.  Seagate hard drive, serial no. 5LS1YRHB;
14.  one SD card, numbered 83B1000TE20B and 800731400000.

h) **Other Adverse Consequences:**

(1)   Conviction of a felony may result in the loss of civil rights, including, but not limited to, the right to vote and the right to possess firearms.

(2)     A felony conviction may adversely affect the defendant's ability to hold certain professional licenses and may impair the defendant's ability to do business with federal, state, and local governments or to receive benefits from such governments.

2)      **Elements of Offenses:**

   a)   **For Count One, Conspiracy to Sexually Exploit a Child:**

   (1)   Two or more persons conspired to use a minor to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct where the visual depictions were produced using materials that had been mailed, shipped, or transported in or affecting interstate commerce; and

   (2)   The defendant joined the conspiracy, either at its inception or sometime during its existence, knowing the purpose of the conspiracy and intending to help it succeed.

   b)   **For Count Two, Sexual Exploitation of a Child:**

   (1)   The victim was under the age of eighteen;

   (2)   The defendant used the victim to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct; and

   (3)   The visual depiction was produced using materials that had been mailed, shipped, or transported in or affecting interstate commerce.

3)      **Factual Basis for Guilty Plea:**

From in or about 2010 through 2013, in Oswego County in the Northern District of New York, defendant Tammy Lamere conspired with co-defendant Clif Seaway to sexually abuse V-3, a minor female child born in 2004, whose identity is known to the defendant and the Court, for the purpose of producing visual depictions of that conduct.  As a part of the conspiracy, Lamere and Seaway engaged the child in sexual conduct, and both produced images and videos of the abuse using a Canon Powershot A560 camera, manufactured in Malaysia.  The images and videos produced during the conspiracy were then catalogued and maintained by co-conspirator Seaway

on an external hard drive also manufactured in Malaysia.  The camera used to produce the images was recovered from Lamere's home during an investigation into the child's abuse.  Also during that investigation, Lamere admitted to police that over a period of time she and Seaway engaged the child in sexually explicit conduct both at Seaway's residence and at Lamere's home, both in Oswego County.  She admitted that during the abuse she and Seaway would take pictures using Lamere's camera, that she let Seaway use the camera for that purpose, and that Seaway would thereafter transfer the images to a computer and delete them from the camera.

During the course of the conspiracy the defendant and Seaway aided and abetted one another in the sexual exploitation of V-3.  In that regard, if Lamere was engaging in sexually explicit conduct with the child, Seaway was producing visual depictions of the abuse, and if Seaway was engaging the child in sexually explicit conduct, Lamere was producing visual depictions of the abuse.  The following are descriptions of some of the visual depictions actually produced by the defendant and Seaway, as charged in Count 2 of the Indictment.  Lamere was involved with Seaway in the sexual exploitation of V-3 for the purpose of producing all of the following depictions, each of which was filmed by Lamere or Seaway, using the Canon PowerShot A560 camera (manufactured in Malaysia) recovered from Lamere's residence:

1.     Image **TD523.jpg**, produced on July 15, 2010, depicts Tammy Lamere and V-3 both engaged in mouth to penis contact with Clif Seaway.

2.     Image **TD529.jpg**, produced on July 15, 2010, 17 minutes after image TD523 (described above), depicts Clif Seaway engaged in mouth to vagina contact with V-3.

3.     Video **TD7620.avi**, produced on August 31, 2012, depicts Tammy Lamere and V-3 engaged, at the same time, in mouth to penis contact with Clif Seaway.  In the video, after Lamere and V-3 remove their mouths from Seaway's penis, Lamere points to Seaway's penis, indicating

to V-3 that the child alone should continue with mouth to penis contact with Seaway, and the child

complies.

4.      Image **TD9116.jpg**, produced on July 13, 2013 depicts Tammy Lamere naked in

bed with V-3, who is also naked. In the image, the child is kneeling next to Lamere and has her

mouth on Lamere's breast.

5.      Image **TD9128.jpg**, produced on July 13, 2013, about one hour after image

TD9116 (described above), depicts Tammy Lamere penetrating V-3's vagina with her finger.

6.      Image **TD9141.jpg**, produced on July 13, 2013, six minutes after image TD9128

(described above), depicts V-3 engaged in mouth to penis contact with Clif Seaway.


 Respectfully submitted,

 GRANT C. JAQUITH
 Acting United States Attorney

 /s/

_____          _____
 Lisa M. Fletcher                                                             12/18/2017
 Assistant United States Attorney                                Date
 Bar Roll No. 510187

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

              v.

TAMMY J. LAMERE,
                Defendant.

_____

Criminal Action No.
5:16-CR-340 (NAM)

CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2017, I electronically filed the

**Government's Offer of Proof** with the Clerk of the District Court using the CM/ECF

system.

Robert G. Wells, Esq.

/s/
Deanna Lieberman

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
UNITED STATES OF AMERICA

vs.                                          16-cr-340

TAMMY J. LAMERE,

                         Defendant.
-----------------------------------------------------x

*Change of Plea* - December 18, 2017

James Hanley Federal Building, Syracuse, New York

HONORABLE NORMAN A. MORDUE

United States District Judge, Presiding


A P P E A R A N C E S

For Government:     OFFICE OF THE UNITED STATES ATTORNEY
                    P.O. Box 7198
                    100 South Clinton Street
                    Syracuse, New York  13261-7198
                      BY:  LISA FLETCHER,
                           Assistant U.S. Attorney

For Defendant:      ROBERT G. WELLS
                    Attorney at Law
                    120 East Washington Street
                    Syracuse, New York 13202


*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

## A33

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*  2

1          THE COURT:  Will the Clerk please call the case and

2     have counsel note their appearance for the record?

3          THE CLERK:  2016-cr-340, United States of America

4     versus Tammy Lamere.  Please note your appearances for the

5     record.

6          MS. FLETCHER:  Lisa Fletcher and Carina

7     Schoenberger for the United States.  Good afternoon, Your

8     Honor.

9          THE COURT:  Good afternoon.

10         MR. WELLS:  Rob Wells here with Tammy Lamere.  Good

11    afternoon.

12         THE COURT:  Good afternoon.

13         Tammy Lamere, your case is on for a disposition,

14    but I've got to first address the issue whether or not you're

15    competent to proceed with your plea today.  I have Fort

16    Devens, I believe, wasn't it, Fort Devens she went to?

17         MR. WELLS:  Texas.

18         THE COURT:  And they did a thorough examination on

19    you and sent me a report.  You've seen that report and

20    discussed it with your attorney?

21         THE DEFENDANT:  Yes.

22         THE COURT:  It does appear that you're competent.

23    And I'm going to just quote, this is from the report, "The

24    report concludes that in our professional opinion Ms. Lamere

25    is competent to stand trial.  While it's true that

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*          3

1    intelligence is thought to be a fixed ability for which there

2    is no treatment or cure, intellectual deficits do not

3    preclude an individual from being able to learn information,

4    albeit, typically slower than for individuals with higher

5    intellectual abilities.  Therefore, while Ms. Lamere meets

6    criteria for a mental disease or defect, it does not render

7    her unable to understand the nature of the consequences of

8    the proceedings against her or to assist in her own defense.

9    She has an adequate factual and rational understanding of the

10   legal proceedings before her, and is able to communicate with

11   her attorney with a reasonable degree of rational

12   understanding."

13           I'm quoting from the report.  And I have nothing

14   contrary to that.  Does the government have anything

15   contrary?

16           MS. FLETCHER:  No, Your Honor, we do not.  And we

17   would ask you to adopt the findings and find her competent.

18           THE COURT:  Mr. Wells, how about yourself?

19           MR. WELLS:  I understand that you're making a

20   record.

21           THE COURT:  Yes, sir.

22           MR. WELLS:  And I don't want you to think that

23   Tammy Lamere understood what you've read.

24           THE COURT:  I understand.

25           MR. WELLS:  And further, we provided Dr. Lazzaro's

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*　　4

1　report to the evaluators in Texas as a part of their work.  I

2　think it may be referred to in their report.

3　　　　　MS. FLETCHER:  They discuss it and they indicate

4　where they disagree with it.

5　　　　　THE COURT:  So those reports are all part of the

6　record, right, under review?

7　　　　　MS. FLETCHER:  They're what was reviewed by --

8　Mr. Wells has Dr. Lazzaro's report and he provided it to the

9　psychologist.  I have never seen it.

10　　　　　THE COURT:  So they're sealed, these records?

11　　　　　MR. WELLS:  Yes.

12　　　　　THE COURT:  Would they be available to the

13　reviewing court?

14　　　　　MR. WELLS:  They were.

15　　　　　THE COURT:  They will be?

16　　　　　MR. WELLS:  Yes, sir.

17　　　　　THE COURT:  Well, then I find then by a

18　preponderance of the evidence before me that she is competent

19　to stand trial.

20　　　　　MR. WELLS:  Tammy, you don't have to agree that

21　you're competent.  The Judge is making a finding that you're

22　competent based upon the report.

23　　　　　MS. FLETCHER:  Judge, I would just ask that she

24　acknowledge that she doesn't want to have a hearing to

25　contest the report.

**A36**

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*   5

1          THE COURT:  Do you want to proceed and have a

2     hearing on whether or not you're competent?

3          THE DEFENDANT:  No.

4          THE COURT:  All right.  In that case she's

5     competent to stand trial.  Therefore, she's competent to

6     continue with her case.

7          It is my understanding, Counsel, you're ready to

8     make a plea in this case to resolve all charges?

9          MR. WELLS:  Correct.

10          THE COURT:  It's my further understanding she's

11     going to enter pleas of guilty to both counts of the

12     indictment, that will satisfy all charges pending against

13     her.

14          MS. FLETCHER:  Yes, she will plead to both counts

15     of the indictment and she needs to acknowledge the forfeiture

16     count.

17          THE COURT:  Is that your understanding?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Tammy Lamere, before I accept your plea

20     of guilty, I'm going to explain to you some of the rights

21     you're giving up by pleading guilty, and I'm going to discuss

22     with you some of the consequences of pleading guilty.  I'm

23     going to ask you a series of questions, and if I'm satisfied

24     that your plea today is given knowingly and intentionally, I

25     will accept your plea of guilty.  But before I go any

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*      6

1    further, let me ask you this.  Have you had all the time you

2    feel is necessary to discuss your case with your attorney,

3    Mr. Wells?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  Has he been able to answer your

6    questions that you had about these charges and what could

7    happen?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  All right, then I'm going to continue.

10             Since you're pleading guilty, what you're really

11   doing, you're giving up your right to a trial.  So here's

12   some of the rights that go along with a trial.

13             MR. WELLS:  Just a second, Judge.

14             (Discussion held off the record.)

15             MR. WELLS:  Thank you, Judge.

16             THE COURT:  You have a right to a speedy and public

17   trial by an impartial jury, or you could have the case tried

18   before me without a jury if you would rather do that.

19             At your trial you would be presumed to be innocent

20   in the eyes of the law and the burden would be upon the

21   government to establish your guilt by proof beyond a

22   reasonable doubt to the satisfaction of the jury, or to the

23   satisfaction of myself if you would rather have me hear the

24   case.

25             At your trial you would be entitled to be

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*     7

1   represented by a competent trial attorney. Mr. Wells has

2   practiced for years and years in the handling of criminal

3   matters in both federal and state courts. He would be there

4   at all stages of your trial to assist you. And, in

5   particular, he would assist you in the cross-examination of

6   witnesses that the government is going to bring against you

7   and testify against you.

8         You would have the right to use subpoenas and other

9   processes of this court so that you could have any witness

10   you wanted brought to this courtroom to testify on your

11   behalf or bring any documentary evidence. By documentary

12   evidence I just mean if you wanted reports that had been done

13   by the police officers, reports that have been done by maybe

14   a laboratory, things of that nature, you could have all those

15   too.

16         (Discussion off the record.)

17         MR. WELLS: Okay, Judge. I just didn't want to go

18   too far without confirming with her she's understanding.

19         THE COURT: When it came to testifying at a trial,

20   you know you have the right to testify, right?

21         THE DEFENDANT: Yes, sir.

22         THE COURT: Well, here in this courtroom, though,

23   you also have a Constitutional right not to testify. You do

24   not have to testify. You can if you want and you don't have

25   to if you don't want to. And the important thing is this,

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*          8

1   that if you choose not to testify, the jury can't hold that

2   against you and say, well, she must be guilty because she

3   didn't testify.  The jury still has to look to whether or not

4   the government was able to prove your guilt, not whether or

5   not you testified.  Do you understand that?

6           THE DEFENDANT:  Yes, sir.

7           THE COURT:  So if I accept your plea of guilty this

8   morning, you're going to waive, that means you're going to

9   give up, the rights I just talked about, there is not going

10  to be a trial of any kind, and I'm going to have the ability

11  to sentence you just as though you went through a whole

12  trial.

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Do you understand that?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Now in a couple minutes my clerk here,

17  she's going to take your plea of guilty and then I'm going to

18  ask you, I'll ask you a series of questions.  By and large,

19  here's what I want to know.  I want to know if you're

20  pleading guilty freely and voluntarily this afternoon.  I

21  want to know if any promises of leniency have been made to

22  you; did someone promise you something in return for pleading

23  guilty.  I want to know if anybody's threatened you and is

24  forcing you and you're scared and that's why you're pleading

25  guilty.  I want to know as you stand here if you are under

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*          9

1  the influence of any sort of narcotic, drug, pills, medicine,

2  alcohol, or anything like that that could affect your ability

3  to reason and understand the charges against you and the

4  consequences of pleading guilty to them.  In other words,

5  what the charges are and what can be done insofar as

6  sentencing is concerned.

7          Then I'm going to have the government, I'm going to

8  have Ms. Fletcher state how they could prove your guilt in

9  this case.  I want you to listen closely to it.  I'm doing it

10 for two reasons.  I want to make sure what she tells me she

11 can prove is a violation of the two charges you're pleading

12 guilty to.  And I want you to hear it because I'm going to

13 ask you about it.  I want to make sure what she says she can

14 prove, you agree that's what you did.  All right?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  So I'm going to have you placed under

17 oath, raise your right hand, my clerk is going to swear you

18 in, to swear to God that you're going to tell the truth.  All

19 right.

20         Now if I ask you something and you're not sure how

21 to answer it, if you're not sure how to answer it, you talk

22 to Mr. Wells before you answer it, because if you lie to me

23 this morning under oath, you're going to get yourself in a

24 lot more trouble.  You could be charged with perjury, making

25 false statements.  And sometimes I know people aren't sure

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*    10

1  exactly how to answer it.  Mr. Wells is here today to assist

2  you through this plea process in a federal court.  If you're

3  at all confused about something, you make sure you use him.

4  All right?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Now I'm going to assure myself that you

7  were furnished with a copy of that indictment and that you

8  read it, that you've gone over it with Mr. Wells, that he has

9  discussed any defenses you might have to those charges with

10 him, and that he has discussed with you the consequences;

11 otherwise, what could the sentence be in this case for you

12 for committing those charges.  And I'm going to question

13 Mr. Wells separately from you.

14          So I want you to understand, right now you're

15 innocent in the eyes of the law.  Once you enter your plea of

16 guilty, you're no longer innocent, now you're guilty of two

17 serious felonies.  So I don't want you to plead guilty unless

18 you are, in fact, guilty of doing those two crimes.  Do you

19 understand?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Okay.  So at this time I'm going to ask

22 the clerk to have you raise your right hand and repeat after

23 her.

24          THE CLERK:  State your full name for the record.

25          THE DEFENDANT:  Tammy Jane Lamere.

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*     11

1                    (The defendant was duly sworn to tell the truth.)

2                    THE COURT:  Now, Tammy Jane Lamere, do you

3    understand the rights that you have?

4                    THE DEFENDANT:  Yes, sir.

5                    THE COURT:  Do you wish to enter that plea of

6    guilty at this time?

7                    THE DEFENDANT:  Yes.

8                    THE COURT:  Will the clerk take the plea.

9                    THE CLERK:  Count One of the indictment charges:

10   From in or about 2010 through and including in or about 2013

11   in Oswego County, in the Northern District of New York, the

12   defendants Clif J. Seaway and Tammy J. Lamere conspired to

13   use V-3, a minor female child born in 2004, whose identity is

14   known to the Grand Jury, to engage in sexually explicit

15   conduct for the purpose of producing visual depictions of

16   such conduct, where the visual depictions were produced using

17   material that had been mailed, shipped, and transported in

18   and affecting interstate and foreign commerce by any means,

19   including by computer, in violation of Title 18, United

20   States Code, Sections 2251(a) & (e).

21                   Count Two of the indictment charges:  From in or

22   about 2010 through 2013, in Oswego County, in the Northern

23   District of New York, the defendants Clif J. Seaway and Tammy

24   J. Lamere did use V-3, a female child born in 2004, whose

25   identity is known to the Grand Jury, to engage in sexually

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*     12

1  explicit conduct for the purpose of producing visual

2  depictions of such conduct, where the visual depictions were

3  produced using materials that had been mailed, shipped and

4  transported in and affecting interstate and foreign commerce

5  by any means, including by computer, in violation of Title

6  18, United States Code, Sections 2251(a) & (e) and 2(a).

7          Ma'am, how do you plead to Counts One and Two of

8  the indictment?

9          THE DEFENDANT:  Guilty.

10          THE CLERK:  As to the forfeiture allegations listed

11  in the indictment, do you admit to the forfeiture

12  allegations?

13          THE DEFENDANT:  Yes.

14          THE CLERK:  Thank you.

15          THE COURT:  Could you state your full name one more

16  time for me again?

17          THE DEFENDANT:  Tammy J. Lamere.

18          THE COURT:  What's the J stand for?

19          THE DEFENDANT:  Jane.

20          THE COURT:  How old are you?

21          THE DEFENDANT:  46.

22          THE COURT:  What is the highest grade of school

23  that you completed?

24          THE DEFENDANT:  Ninth.

25          THE COURT:  And where were you living at the time

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*          13

1  of your arrest?

2          THE DEFENDANT:  In Fulton.

3          THE COURT:  And are you married?

4          THE DEFENDANT:  Divorced.

5          THE COURT:  Did you have any children of your own?

6          THE DEFENDANT:  Yes.

7          THE COURT:  How many?

8          THE DEFENDANT:  One living, one stillborn.

9          THE COURT:  How old?  Is that a son or a daughter

10  that's living?

11          THE DEFENDANT:  My son is thirty.

12          THE COURT:  Thirty?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  What type of work do you ordinarily do?

15          THE DEFENDANT:  I was disabled.

16          THE COURT:  Disabled?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Do you use narcotics?

19          THE DEFENDANT:  My legal prescribed.  No.

20          THE COURT:  Just prescription drugs?

21          THE DEFENDANT:  Just prescriptions.

22          THE COURT:  Okay.  Have you taken any narcotics or

23  alcohol in the past 24 hours?

24          THE DEFENDANT:  No, sir.

25          THE COURT:  Was there ever a time that you did use

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*        14

1   narcotics?  By that I mean illegal narcotics.

2          THE DEFENDANT:  Well, pot.  Not for years.  When I

3   was a kid.  Marijuana, that's it.  Marijuana when I was a

4   kid.

5          THE COURT:  Years ago?

6          THE DEFENDANT:  Yeah.

7          THE COURT:  Right now are you taking any sort of

8   pills, drugs or medicine prescribed for you by a doctor for

9   some treatment, ailment that you've got?

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  Do you know what the pills are that you

12  take?

13         MR. WELLS:  Do you know them all?

14         THE WITNESS:  No, I don't.

15         MR. WELLS:  How many pills do you take a day?

16         THE DEFENDANT:  I don't know, about nine or ten.

17         MR. WELLS:  She's on a number of prescriptions.  I

18  don't have a list here.

19         THE COURT:  Do they affect your ability to

20  understand our conversation?

21         THE DEFENDANT:  No.

22         THE COURT:  Are you currently under the care of a

23  physician or a psychiatrist?

24         THE DEFENDANT:  Yeah.

25         THE COURT:  Do you see a doctor over at the jail?

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*     15

1           THE DEFENDANT:  Yes.

2           THE COURT:  And do you see a psychiatrist now, too,

3  or is that all done?

4           THE DEFENDANT:  That's all done, I think.  The

5  psychiatrist was all done.

6           THE COURT:  Okay.  Is your ability to understand

7  our discussion right now impaired in any way?

8           MR. WELLS:  Can you understand?

9           THE DEFENDANT:  I can understand.

10          THE COURT:  Can you tell me your attorney's name?

11          THE DEFENDANT:  It's Robert Wells.

12          THE COURT:  And he was appointed to represent you

13  or did you hire him?

14          THE DEFENDANT:  He was appointed.

15          THE COURT:  Are you satisfied with his

16  representation of you?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Has he advised you of your rights, told

19  you about them?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Is there anything you would like to ask

22  me right now about your case?

23          THE DEFENDANT:  No.

24          THE COURT:  Has Mr. Wells, or has Ms. Fletcher, or

25  Ms. Schoenberger, or the investigators on this case, or any

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*    16

1    government agent, or anybody else made any promise to you

2    that you would be treated leniently or any other kind of a

3    promise to get you to plead guilty today?

4            THE DEFENDANT:  No, sir.

5            THE COURT:  Has any force or threat been used

6    against you?

7            THE DEFENDANT:  No, sir.

8            THE COURT:  Are you pleading guilty freely and

9    voluntarily?

10           THE DEFENDANT:  Yes, sir.

11           THE COURT:  Have you ever been convicted of a crime

12   before?

13           THE DEFENDANT:  No.

14           THE COURT:  Ms. Fletcher, does the government have

15   sufficient evidence whereby you can prove the guilt of

16   Ms. Lamere beyond a reasonable doubt?

17           MS. FLETCHER:  Yes, Your Honor.

18           THE COURT:  Would you state what the government

19   would prove if the case had gone to trial?

20           Now here's where I want you to listen, Ms. Lamere,

21   to what she's saying, because I'm going to come back and ask

22   you a question about it.

23           MS. FLETCHER:  Your Honor, we would prove the

24   following elements of the offenses.

25           For Count One, conspiracy to sexually exploit a

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*                    17

1    child, the first element, is that two or more persons

2    conspired to use a minor to engage in sexually explicit

3    conduct for the purpose of producing one or more visual

4    depictions of such conduct where the visual depictions were

5    produced using materials that had been mailed, shipped, or

6    transported in or affecting interstate commerce.

7              And second, the defendant joined the conspiracy,

8    either at its inception or sometime during its existence,

9    knowing the purpose of the conspiracy and intending to help

10   it succeed.

11             As to the second count, sexual exploitation of a

12   child, we would prove the following three elements.

13             First, that the victim was under the age of 18.

14             Second, that the defendant used the victim to take

15   part in sexually explicit conduct for the purpose of

16   producing or transmitting a visual depiction of that conduct.

17             And third, that the visual depiction was produced

18   using materials that had been mailed, shipped, or transported

19   in or affecting interstate commerce.

20             To prove these elements of these two offenses, we

21   would prove that from in or about 2010 or 2013, in Oswego

22   County in the Northern District of New York, the defendant

23   Tammy Lamere conspired with co-defendant Clif Seaway to

24   sexually abuse V-3, a minor female child born in 2004.  The

25   child's identity is known both to the defendant and the

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*      18

1  Court.  And they used her for the purpose of producing visual

2  depictions of that conduct.

3          As a part of the conspiracy, Lamere and Seaway

4  engaged the child in sexual conduct, and both produced images

5  and videos of the abuse using a Canon Powershot A560 camera,

6  which was manufactured in Malaysia.  The images and videos

7  produced during the conspiracy were then cataloged and

8  maintained by co-conspirator Seaway on an external hard drive

9  also manufactured in Malaysia.  The camera used to produce

10  the images was recovered from defendant Lamere's home during

11  an investigation into the child's abuse.

12          Also during that investigation, the defendant

13  admitted to police that over a period of time she and Seaway

14  engaged the child in sexually explicit conduct both at

15  Seaway's residence and at Lamere's home, both in Oswego

16  County.  She admitted during the abuse she and Seaway would

17  take pictures using Lamere's camera, that she let Seaway use

18  the camera for that purpose, and that Seaway would thereafter

19  transfer the images to a computer and delete them from the

20  camera.

21          During the course of the conspiracy, the defendant

22  and Seaway aided and abetted one another in the sexual

23  exploitation of V-3.  In that regard, if Lamere was engaging

24  in sexually explicit conduct with the child, Seaway was

25  producing visual depictions of the abuse, and if Seaway was

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*    19

1  engaging the child in the sexually explicit conduct, Lamere

2  was producing visual depictions of the abuse.

3          The following are descriptions of some of the

4  visual depictions actually produced by the defendant and

5  Seaway as charged in Count Two of the indictment.  Defendant

6  Lamere was involved with Seaway in the sexual exploitation of

7  V-3 for the purpose of producing all of the following

8  described depictions, each of which was filmed by Lamere or

9  Seaway using the Canon Powershot A560 camera, which was

10  manufactured in Malaysia and recovered from Lamere's

11  residence.

12          First, the image entitled TD523.jpg was produced on

13  July 15, 2010 and depicts Tammy Lamere and V-3 both engaged

14  in mouth to penis contact with Clif Seaway.

15          Image TD529.jpg was also produced on July 15, 2010,

16  17 minutes after image TD523 was produced.  This image

17  depicts Clif Seaway engaged in mouth to vagina contact with

18  V-3.

19          A video file labeled TD7620.avi was produced on

20  August 31 of 2012 and depicts Tammy Lamere and V-3 engaged,

21  at the same time, in mouth to penis contact with Clif Seaway.

22  In the video, after Lamere and V-3 remove their mouths from

23  Seaway's penis, Lamere points to the penis indicating to V-3

24  that the child alone should continue with the mouth to penis

25  contact with Seaway, and the child complies.

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*     20

1          Image TD9116.jpg was produced on July 13 of 2013

2    and depicts Tammy Lamere naked in bed with V-3, who is also

3    naked.  In the image the child is kneeling next to Lamere and

4    has her mouth on Lamere's breast.

5          Image TD9128.jpg, also produced on July 13, 2013,

6    about one hour after the previously described image, depicts

7    Tammy Lamere penetrating V-3's vagina with her finger.

8          And image TD9141.jpg, also produced on July 13,

9    2013, 6 minutes after image TD9128, depicts V-3 engaged in

10   mouth to penis contact with Clif Seaway.

11          THE COURT:  Tammy Lamere, you just heard --

12          MR. WELLS:  A moment's grace, please, Your Honor?

13          THE COURT:  Yes.

14          (Discussion held off the record.)

15          MR. WELLS:  May we return to the record, please?

16          THE COURT:  Yes, sir.

17          Tammy Lamere, you just heard the government,

18   Ms. Fletcher, state what the government could prove if the

19   case went to trial.  So let me ask you, is that what you did?

20   Is that what happened in this case?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  And, Mr. Wells, based on your

23   investigation of this case, the discovery you have had, is

24   that also your understanding, sir?

25          MR. WELLS:  It is, Judge.

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*    21

1          THE COURT:  Ms. Fletcher, would you inform the

2    defendant and the Court what the maximum penalty is for the

3    counts involved here?

4          MS. FLETCHER:  Yes, Your Honor.  The maximum term

5    of imprisonment is thirty years per count.  There is a

6    mandatory minimum term of imprisonment of 15 years per count.

7    There is a maximum fine of $250,000.

8          In addition, the Court must require the defendant

9    to serve a term of supervised release of no less than five

10   years and up to life to begin after imprisonment.  A

11   violation of conditions of supervised release during that

12   time period may result in the defendant being sentenced to an

13   additional term of imprisonment of up to three years.

14         The defendant will have to pay a special assessment

15   of $100 per count of conviction.

16         She will have to register as a sex offender.  She

17   must register as a sex offender and keep the registration

18   current in each jurisdiction where she resides, where she is

19   an employee, and where she is a student.  For initial

20   registration purposes the defendant must register in New York

21   as a result of this conviction even if she resides in a

22   different jurisdiction.

23         A sex offender who knowingly fails to register or

24   update a required registration may be subject to prosecution

25   under 18, United States Code, Section 2250, and face a

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*    22

1   penalty up to ten years imprisonment.

2           Further, notwithstanding any other term, any other

3   consequences of a violation of supervised release, if the

4   defendant while on supervised release commits any criminal

5   offense under Chapter 109A, 110 or 117, or Section 1201 or

6   1591 of Title 18 for which imprisonment for longer than one

7   year can be imposed, the Court must revoke the term of

8   supervised release and require her to serve a term of

9   imprisonment of not less than five years on the violation.

10          In addition to the special assessment imposed under

11  Section 3013, unless the Court finds her to be indigent, the

12  defendant shall pay an additional assessment of $5,000 per

13  count pursuant to 18 U.S.C. Section 3014(a).  This is payable

14  only if the defendant has satisfied any other outstanding

15  court-ordered fines, restitution and other obligations

16  related to victim compensation arising from the criminal

17  convictions on which this assessment is based.

18          Furthermore, there is forfeiture under 18 U.S.C.

19  2253 and 21 U.S.C. 853(p), both in the forfeiture allegation

20  in the indictment and the Bill of Particulars that was filed

21  in this matter.  Fourteen items subject to forfeiture are

22  laid out in the Offer of Proof that the government has filed

23  in this case.

24          Additionally, conviction of a felony may result in

25  the loss of civil rights, including, but not limited to, the

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*     23

1   right to vote and the right to possess a firearm, and may

2   adversely affect the defendant's ability to hold certain

3   professional licenses and may impair her ability to do

4   business with federal, state, or local governments or to

5   receive benefits from such governments.

6         THE COURT:  Did you take a look at the Sentencing

7   Guidelines?

8         MS. FLETCHER:  Yes, Your Honor.

9         THE COURT:  What's your understanding of where she

10  comes out there?

11        MS. FLETCHER:  It's the government's estimate, Your

12  Honor, that she will score at life at a level 43.  Again this

13  is an estimate.  And I don't think -- and the defendant

14  should not be allowed to withdraw her plea if the estimate is

15  not correct after the PSR is calculated.  But at a 43 the

16  guidelines are life.  Because neither of the counts of

17  conviction carries a potential life sentence, as a result of

18  that her guidelines become sixty years, which is the

19  compilation of the two maximum penalties involved.

20        THE COURT:  Okay.  Has Mr. Wells discussed the

21  Sentencing Guidelines with you?

22        THE DEFENDANT:  Yes, sir.

23        THE COURT:  Do you have an understanding of how

24  they work?

25        THE DEFENDANT:  Yes, sir.

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*     24

```
1              THE COURT:  I want you to know that I've got to
2    follow those guidelines but I also have got to follow another
3    section of the law called 3553(a) section of law, which
4    requires me to bottom line is to place a sentence on you
5    that's fair under the circumstances of the case basically;
6    it's not more than is needed for the crimes you've committed.
7    You can't withdraw your plea of guilty, do you understand
8    that?
9              THE DEFENDANT:  Yes.
10             THE COURT:  If you're upset with the sentence I
11   impose, you can't say, wait a minute, I want to go to trial.
12             THE DEFENDANT:  Yes, sir.
13             THE COURT:  You understand that?
14             THE DEFENDANT:  Yes.
15             THE COURT:  Okay.  Well, now that you have been
16   informed of the penalties to the extent that we know them at
17   this time and my role under the guidelines, do you still wish
18   to enter your plea of guilty?
19             THE DEFENDANT:  Yes, sir.
20             THE COURT:  Are you pleading guilty freely and
21   voluntarily?
22             THE DEFENDANT:  Yes, sir.
23             THE COURT:  Did you read the indictment containing
24   those charges?
25             THE DEFENDANT:  Yes, sir.
```

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*    25

1          THE COURT:  And has your attorney explained those

2     charges and answered your questions about them?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Do you understand the charges?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  And you understand the penalties that

7     could be imposed?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Let me ask you one last.  Is there

10    anybody at all that made any promises to you in return for

11    pleading guilty today?

12         THE DEFENDANT:  No, sir.

13         THE COURT:  Okay.  Counsel, Mr. Wells, could you

14    state for the record your background and experience with

15    particular reference to handling matters here in the federal

16    courts?

17         MR. WELLS:  They have let me be a lawyer forty

18    years now come February, and you and I in different

19    capacities go back for all of that.

20         THE COURT:  All right.

21         MR. WELLS:  So Your Honor is familiar with my

22    representation of people charged with crimes and certainly

23    here in the federal courts.

24         THE COURT:  I am.  Could you state for the record

25    how much time you've put into this case with your client?

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*　　26

1　　　　　MR. WELLS:  I couldn't estimate.  Tens, tens of

2　hours.

3　　　　　THE COURT:  I know a lot of work has gone into

4　this.

5　　　　　MR. WELLS:  Thank you, Judge.

6　　　　　THE COURT:  Because my chambers put a lot of work

7　into it, as did the government.

8　　　　　Have you advised your client of her rights, gone

9　over the nature of the charges with her and discussed the

10　consequences of pleading guilty?

11　　　　　MR. WELLS:  Yes, sir.

12　　　　　THE COURT:  Did you get adequate discovery of the

13　government's evidence in this case so that you could make a

14　better informed judgment as to how to advise your client?

15　　　　　MR. WELLS:  Yes, sir.  Including traveling to Troop

16　D in Oneida to view images with the prosecutor and under the

17　supervision of the authorities.

18　　　　　THE COURT:  Okay.  Have you, yourself, made any

19　promises or threats to induce Ms. Lamere to plead guilty?

20　　　　　MR. WELLS:  I have not.

21　　　　　THE COURT:  Are you satisfied she is pleading

22　guilty this afternoon freely, voluntarily, with an

23　understanding of the nature of those two charges and the

24　consequences?

25　　　　　MR. WELLS:  So far as I can determine, yes, Judge.

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*     27

1          THE COURT:  Do you know of any viable defense you

2     could bring forward on her behalf if this case were to go to

3     trial?

4          MR. WELLS:  No, sir.

5          THE COURT:  Do you know of any reason why she

6     should not plead guilty?

7          MR. WELLS:  No, sir.

8          THE COURT:  Based on many, many years of handling

9     criminal matters, when you consider the unique, first the

10    charges here in federal court and the unique facts of this

11    case, do you feel that it's in her best interest to resolve

12    in this fashion as opposed to going to trial?

13          MR. WELLS:  I believe that it is.

14          THE COURT:  Thank you, sir.

15          All right, based on the foregoing discussion with

16    the defendant, Tammy J. Lamere, her attorney, Mr. Rob Wells,

17    and the Assistant U.S. Attorney, Ms. Lisa Fletcher, I find

18    the following.

19          I find the defendant has pled guilty voluntarily.

20    I find she was competent to enter her plea of guilty.  I find

21    that she understands the charges against her and the

22    consequences of pleading guilty to them.  I further find

23    there was a basis in fact for the Court to accept this plea

24    into the record.

25          I'm going to direct the probation department to

*USA v. Tammy J. Lamere - Change of Plea - 12/18/2017*   28

1  prepare and submit a Presentence Report to the Court.  I'm

2  going to set your sentencing down for April the 18th here in

3  Syracuse.  In the meantime my courtroom deputy will make

4  available to both counsel the uniform order of the Northern

5  District of New York pertaining to counsel's obligation to

6  make timely objections to the PSR upon receipt.

7          MR. WELLS:  The date is April 18?

8          THE COURT:  The 18th of April.

9          MR. WELLS:  That's fine.  At what time?

10         THE COURT:  10:00.

11         MR. WELLS:  Thank you, Judge.

12         THE COURT:  I believe that concludes this matter.

13         MS. FLETCHER:  Yes, Your Honor.

14         MR. WELLS:  Judge, I do have a request.  If it's at

15 all possible until we get the Presentence Report done, if you

16 would request of the marshals that she stay local.

17         THE COURT:  Marshals, will you do that?  Will you

18 look into that for me?

19         MARSHAL:  Yes, sir, we will.

20         THE COURT:  Appreciate it.  Thank you.

21         THE CLERK:  Court's adjourned.

22              *          *          *

23

24

25

**A60**

C E R T I F I C A T I O N

I, EILEEN MCDONOUGH, RPR, CRR, Federal Official
Realtime Court Reporter, in and for the United States
District Court for the Northern District of New York,
do hereby certify that pursuant to Section 753, Title 28,
United States Code, that the foregoing is a true and correct
transcript of the stenographically reported proceedings held
in the above-entitled matter and that the transcript page
format is in conformance with the regulations of the
Judicial Conference of the United States.

_____

EILEEN MCDONOUGH, RPR, CRR
Federal Official Court Reporter

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*         Case No.   5:16-CR-340 (NAM)

UNITED STATES OF AMERICA

                                                                    GOVERNMENT'S SENTENCING
                            v.                                      MEMORANDUM

TAMMY LAMERE,

                            Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court impose a Guidelines sentence.

## INTRODUCTION

On December 18, 2017 defendant Tammy Lamere entered a plea of guilty to Counts 1 and 2 of Indictment 16-CR-340. Count 1 charges her with conspiring with Clif Seaway to sexually exploit a child, and Count 2 charges her with acting together with Seaway to use that child to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, in violation of Title 18, United States Code, Sections 2251(a) and (e).

Lamere is scheduled to be sentenced on May 23, 2018.

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.      Statutory Maximum and Minimum Sentences**

The defendant's convictions on Counts 1 and 2 of the Indictment subject her to a statutory minimum term of imprisonment of 15 years, and a statutory maximum terms of 30 years of imprisonment, per count.   18 U.S.C. § 2251(e); PSR ¶ 86.   In addition, each count carries with it a mandatory term of supervised release of at least 5 years, and up to life, 18 U.S.C. § 3583(k), PSR

¶ 91, and a fine of up to $250,000.   18 U.S.C. § 3571; PSR ¶ 96.[1]

## 2.   Guidelines Provisions

### a.   Offense Level

The Government adopts, without qualification, the Guidelines calculation set forth in the PSR, resulting ultimately in a Total Offense Level of 43.   PSR ¶¶ 41-55.

### b.   Acceptance of Responsibility

The Government moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "timely notified authorities of her intention to enter a plea of guilty, thereby permitting the U.S. Attorney's Office to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."   PSR ¶ 52.

### c.   Criminal History Category

According to the presentence report, the defendant's Criminal History Category is I.   PSR ¶¶ 56-59.   The Government agrees with the Probation Office's determination of the defendant's criminal history category.

### d.   Guidelines Range and Sentence

As described above, the defendant's Total Offense Level is 43 and her Criminal History Category is I.   As a result, the Sentencing Guidelines advise that the defendant receive a sentence of life.   PSR ¶ 87.   However, as the statutory maximum sentence on each of Counts 1 and 2 is 30 years, the Guidelines range becomes 60 years.   *Id*.   *See United States v. Ketcham*, 506 Fed. App'x. 42 (2d Cir. 2013); *United States v. Petrie*, 542 Fed. App'x. 746 (2d Cir. 2013).   U.S.S.G.

---

[1]   The Government agrees with the assessment of the Probation Officer that it appears the may have the ability to pay a fine, and notes that she has $10,000 on hand in her jail account.   PSR ¶¶ 82- 85.

§ 5G1.2(d) provides that in such a circumstance, the sentences imposed on each count of conviction shall run consecutively "to the extent necessary to produce a combined sentence equal to the total punishment."   *See* PSR ¶ 87.

The Guidelines term of supervised release is no less than 5 years, and up to Life.   PSR ¶¶ 93, 18 U.S.C. § 3583(k).   The Guidelines recommend lifetime supervision.   *Id.*, U.S.S.G. § 5D1.2(b)(2).

**3.     Forfeiture**

As set forth in the Forfeiture Allegation of the Indictment, the defendant shall forfeit to the United States all of her right, title and interest of any nature in any and all assets that are subject to forfeiture, pursuant to 18 U.S.C. § 2253.   PSR ¶ 3.

<h3 style="text-align:center">GOVERNMENT'S SENTENCING RECOMMENDATION[2]</h3>

For all of the reasons set forth herein, the Government maintains that a Guidelines sentence is just, and not greater than necessary to comply with the purposes of sentencing.   18 U.S.C. § 3553(a).   The sentence recommended by the Guidelines takes into account the nature and seriousness of the defendant's crimes, including the length of time she was involved in the sexual abuse of the child victim, and the actual sexual acts she committed against the child, as well as

---

[2]   The Government reserves the right to respond to defense arguments raised after the filing of this memorandum.   Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond.   *See* Fed. R. Crim. P. 32(i)(1)(c), 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

each of the other relevant considerations required under 18 U.S.C. § 3553(a).   It is noteworthy that the policy statement issued by the Sentencing Commission (U.S.S.G. § 5K2.0(b)) advises against a departure from the Guidelines in child crimes and sexual offenses except in explicitly numerated circumstances, none of which, the Government submits, are present here.

From 2010 – 2013, Lamere participated in the sexual abuse of the child victim.   PSR ¶ 23. The child was between the ages of 5 and 9 during the course of Lamere's participation in her abuse. *Id*.   The abuse was photographed, with Lamere's camera, on at least 11 occasions, during which approximately 225 image and video files were produced. PSR ¶ 24.   The activity the defendant engaged in with the child is shocking and horrific.   Depictions recovered in the case include images and videos memorializing the following acts: Lamere and the child (at age 5), both performing oral sex on Seaway; Lamere and the child, both lying naked in bed, with the child's mouth on Lamere's breast; the child, at age 8, being vaginally penetrated by Lamere's finger; and Lamere instructing the child (at age 8) to continue performing oral sex on Seaway.   PSR ¶ 24. Additionally, while not depicted in the recovered images, Lamere admitted to police that she engaged in other sexual conduct with the child, including rubbing the child's vagina and performing oral sex on her.   PSR ¶ 30.

Few offenses are more serious, and the recommended sentence acknowledges that, while at the same time affording adequate deterrence to others. Moreover, Guidelines sentencing is the surest way to ensure against sentencing disparity "among defendants with similar records who have been found guilty of similar conduct."   18 U.S.C. § 3553(a)(6).   If all defendants, like Lamere, who engage in sexually explicit conduct with a child *for three years*, and produce images memorializing that exploitation, are sentenced within the range recommended by the Sentencing

Commission, there will be no sentencing disparity. *See*, e.g., *United States v. Ketcham*, 507 Fed. App'x. 42 (2d Cir. 2013) (upholding 60 year sentence for three counts of producing images of one victim); *see also United States v. Brok Chase*, 695 Fed. App'x. 601 (2d Cir. 2017) (upholding 50 year sentence for four counts of sexually exploiting one child between ages four and six).

## CONCLUSION

For all of the reasons set forth above, the Government maintains that a Guidelines sentence is the outcome warranted by Lamere's crimes.   Such a sentence is not greater than necessary, and is sufficient to comply with and accomplish the many goals of sentencing.   18 U.S.C. § 3553(a). As also recommended by the Guidelines, U.S.S.G. § 5D1.2(b), and warranted by the facts of this case, a term of lifetime supervised release should be imposed.

Respectfully submitted this 30th day of March, 2018,

GRANT C. JAQUITH
United States Attorney


By:  /s/  *Lisa M. Fletcher*
Lisa M. Fletcher
Assistant United States Attorney
Bar Roll No. 510187

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

*******************************
UNITED STATES OF AMERICA

Case No.: 5:16-CR-340 (NAM)

        v.

TAMMY LAMERE,

          Defendant.
*******************************

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2018 I filed the **Government's Sentencing Memorandum** with the Clerk of the District Court and sent copies of said documents via ECF to the following:

Robert G. Wells, Esq.

/s/

Paula Briggs

**6**

# United States District Court
# For The Northern District Of New York

_____

**UNITED STATES OF AMERICA,**

**v.**

**TAMMY LAMERE,**

           **Defendant.**

_____

      **DEFENDANT'S FIRST
SENTENCING MEMORANDUM**

      Criminal Action Number:
      5:16-CR-340-002 (NAM)


### HISTORY, BACKGROUND, AND CHARACTERISTICS OF TAMMY LAMERE

I represent a submissive, docile, compliant, and cowering child who resides within the morbidly obese, diseased body of a forty-seven-year-old woman.

I stand with her here to speak on her behalf. She has no ability to speak effectively in court on her own behalf. There is no one else. There will be no one else. She is as alone as any human being I have ever encountered anywhere.


### MENTAL CONDITIONS, DISEASES AND DEFECTS

So far as I can observe over the last two years of knowing Tammy, she has no strong or resistant will of her own. She would adopt any position I took. If I told her to go to trial or to plead guilty, she would just do whatever I direct. I believe she is congenitally unable to do otherwise.

She is mentally retarded (mildly to moderately if you want to try to minimize that). Two qualified and experienced forensic psychologists, one for the defense and one for the government, assess her full-scale IQ at

65 points and 68 points respectively. They differ by three points, yet both score her as mentally retarded. The American Psychiatric Association has renamed mental retardation as "intellectual disability" or "intellectual development disorder" in the DSM-V. But even now, at 70 points, below that you're still mentally retarded.

The United States Probation Department through the Presentence Investigation Report has identified this, inter alia (to include cognitive functioning and social immaturity), as one of several factors that may warrant a sentence outside the advisory guideline system.


## PHYSICAL AND MEDICAL CONDITIONS


Tammy endures and suffers from multiple serious physical health conditions including Organic Sleep Apnea, Ulcerative Colitis, Urinary Incontinence, Type II Diabetes, Chronic Cutaneous Ulcer, Hyperlipidemia, Hypertension, Peripheral Vascular Disease, Edema, Restless Leg Syndrome, and Chronic Obstructive Pulmonary Disease (COPD). Additionally, she suffers from neuropathy in her legs (from her knees down her legs are a veinous deep blue color). Even in showering, her skin actually bleeds.

At all times relevant to the conduct in this case, Tammy appears to have been prescribed a thick and nearly hypnotic cocktail of drugs including Oxycodone, Fentanyl and Topiramate, which indisputably affected her already impaired decision-making ability, and her ability to understand even her own conduct, or to resist the demands of others.

Even now, within the jail, she is prescribed at least fourteen medications: Colace, Asmanex HFA, Potassium Chloride, Lasix, Albuterol Sulfate HFA, Painkillers, Omeprazole, Lantus, Humalog, Cyclobenzaprine, Lipitor, Effexor, and Oxcarbazepine.

In addition to the above, and simultaneously aggravating the same, Tammy has been treated for anxiety and depression for the last many years. Piled on top of her other drugs she was prescribed a psychotropic drug known as Paxil. She overdosed in the first year she was on that drug. She received outpatient mental health care.

**A69**

Tammy is diagnosed with Major Depressive Disorder and began her Effexor regimen. Tammy has also received Wellbutrin for depression. Later, Prozac was added into her extensive medication cocktail.

A forensic psychologist found that in addition to being chronically mentally retarded, Tammy suffered from Schizoidal Personality Disorder with Depressive and Dependent Personality Traits.

The government forensic psychologist assures us that Tammy is just fine for proceeding in this criminal case. No worries.

The United States Probation Department through the Presentence Investigation Report has identified this, inter alia, as one of several factors that may warrant a sentence outside the advisory guideline system.


## EDUCATION


Tammy was placed in special education classes all the way from second grade on, as she was ushered through the system, until she left in the tenth grade having given birth to a child.


## SOCIAL SECURITY DISABILITY AND WORK HISTORY


Given her disabilities and conditions, I am advised that Tammy has only held three jobs in her lifetime; each for only a few months.

In 1994, and since, Tammy has been found by the Social Security Administration to be disabled. Those benefits were the only income she herself made or earned for the last twenty-four years. She has not even been able to navigate the adult world well enough to be minimally employed in any significant way.


## CRIMINAL HISTORY - CATEGORY I – "0" CRIMINAL HISTORY POINTS


Tammy has no scoreable criminal history of any sort or kind.

Twenty-three years ago, and you know what condition she was in back then, she pled guilty to a misdemeanor because of some settlement or income of her husband that was not reported to the state social services agency while they were receiving benefits.

That's it. That's all there is. She has never even been prosecuted in any other court with any other offense. She has never been charged with stealing, with having drugs, with having been violent or threatening, or having committed any form or nature of crime against anyone in the world.

I know well, and expect you to credit, the idea that but for Cliff Seaway, Tammy would not have committed these offenses, nor would this conduct have gone on as long as it did. But for Seaway's influence (as it was with Tammy Martin the other woman he got to commit similar acts), I truly believe Tammy would not be standing here now. And, how does a person of sub-intelligence, with impaired and compromised will decide when such conduct ends? She doesn't. The true monster who affected everyone in this case decides when it's over; not Tammy.

No forensic psychologist disputes this or finds any internal or psychological propensity toward criminal acts by Tammy.


## TAMMY IS EXCEPTIONALLY CONTRITE AND DULY REMORSEFUL

Tammy's remorse and contrition are genuine and sincere. It is not crocodile tears. No, it is real. It is sincere. Accordingly, she lives in deep regret for what she has done. It is something she thinks of each morning when she wakes up in prison. It is there through the day. And, it is there when she tries to close her eyes at night amid the noise and danger of other inmates. I have met few people who feel as bad for their conduct.


## STATUTORY MANDATORY MINIMUM SENTENCE AND ADVISORY GUIDELINES

The minimum sentence imposable by law, from which your hand cannot be stayed, is fifteen years. In that time, Tammy will be sixty-two years old.

The advisory guidelines call for life in prison.

We are further advised the advisory guidelines provide under these particular circumstances that the sentence may be sixty years.

Given all of the above, I expect that Tammy will die during the first fifteen mandatory years of the sentence. That should be sufficient, but not greater than necessary under the parsimony clause.

By that time, certainly her medical conditions will have caught up to her sufficiently to keep her from being a threat to anyone (if I understand Type II Diabetes progression as seen in Tammy, at least her eyesight should be deteriorated or gone), and the exceeding expense of her medical care, in her likely further decrepit condition then, might not be foreseeably bearable to the Bureau of Prisons budget, and Tammy might more effectively be treated in the civilian medical system, and under supervision from committing any additional offense until her expected death.

Tammy is facing aspects of serving a sentence with her mental and physical conditions and disease which will bear on or border torture, or to be tantamount to cruel and unusual, inside prison walls.

Having observed this woman closely, I believe from her description of interactions with other inmates, that she will be a vulnerable person especially subject to abuse within the prison population, both due to her condition and for her offense of conviction all the while during her term of imprisonment. That changes the quality and character of her sentence in a manner not contemplated by the advisory guidelines, thereby justifying and calling for a sentence outside the advisory guidelines.


## TITLE 18 UNITED STATES CODE §3553(A)

We seek a sentence which will be **sufficient, but not greater than necessary**, consonant with the purposes of sentencing as statutorily set forth in *Title 18 United States Code §3553.* This would be beneficial, advantageous and constructive given the **nature and circumstances of:  Tammy's participation in this criminal offense; and viewed in the context of the history and characteristics of this defendant as set forth above**. *18 United States Code §3553(a)(1).*

Such a sentence will **reflect the seriousness of the offense**. Probation or supervised release, will reflect, to all, that a deprivation of liberty, and continuing and ongoing supervision for a period of years, will result as a minimum for such conduct. *18 United States Code §3553(a)(2)(A).*

Such a sentence will **promote respect for the law and provide just punishment** for this offense and this offender. *18 United States Code §3553(a)(2)(A)*.

Given the personal makeup of this defendant, such a sentence will **afford adequate deterrence to future criminal conduct**. *18 United States Code §3553(a)(2)(B)*.

With ongoing supervision, and based upon all of the foregoing factors, the **public will thereby be protected from further crimes** of this defendant. *18 United States Code §3553(a)(2)(C).*

Also, the defendant could immediately focus on receiving, and participating in, any needed **guidance and supervision in the most effective manner**. *18 United States Code §3553(a)(2)(D).*

This sentence would also **demonstrate that sufficient consideration has been given to all of the kinds of sentences available.** *18 United States Code §3553(a)(3).*

Such a sentence would **take cognizance of the sentencing range established for this applicable category of offense and criminal offender**. *18 United States Code §3553(a)(4)(A).*


**SENTENCING RECOMMENDATION**

For the reasons set forth above, it is respectfully prayed that this Court impose upon Tammy Lamere a fifteen year sentence of imprisonment for each and every of the reasons and factors set out above and a term of supervised release at a term in the Court's discretion through implementation of a non-guidelines sentence commensurate with this Sentencing Memorandum, and as supported by the matters and materials presented herewith, together with such other, further and different relief as this Court deems just and proper. We seek a recommendation that the Bureau of Prisons take due note of Tammy's multiple and significant medical challenges, conditions and sufferings, and house her in an appropriate facility with proper medical care.

Respectfully submitted,

*Robert G. Wells*

**ROBERT G. WELLS, ESQ.**
Bar Roll Number: 505778
Attorney for Tammy Lamere
Office and Post Office Address
120 East Washington Street
Syracuse, New York 13202
Telephone: (315) 472-4489

# In The United States District Court
# For the Northern District of New York

---

**UNITED STATES OF AMERICA,**

Criminal Number:
5:16-CR-340 (NAM)

**v.**

**TAMMY LAMERE,**

Defendant.

---

## CERTIFICATE OF ELECTRONIC SERVICE

The undersigned hereby certifies that he is the attorney of record for the above-referenced defendant and on May 2, 2018, he electronically filed copies of the Defendant's First Sentencing Memorandum with the Clerk of the United States District Court for the Northern District of New York using the CM/ECF System which sent notification of such filing, constituting due service of same, to and upon the following:

Office of United States Attorney
100 South Clinton Street
Syracuse, New York

United States Probation Office
100 South Clinton Street
Syracuse, New YOrk

Dated: May 2, 2018

*Robert G. Wells*
ROBERT G. WELLS
BAR ROLL NUMBER 505778
Attorney for Defendant
120 East Washington Street
Syracuse, New York 13202
Telephone: (315) 472-4489

1

UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
UNITED STATES OF AMERICA

vs.                            5:2016-CR-340

TAMMY LAMERE,

                      Defendant.
-------------------------------------------x

        Transcript of a Sentencing held on June 18,

2018, at the James Hanley Federal Building,

100 South Clinton Street, Syracuse, New York, the

HONORABLE NORMAN A. MORDUE, Senior Judge, Presiding.


                A P P E A R A N C E S

For The Government: UNITED STATES ATTORNEY'S OFFICE
                    P.O. Box 7198
                    100 South Clinton Street
                    Syracuse, New York  13261-7198
                      BY:  LISA FLETCHER, ESQ.
                           CARINA SCHOENBERGER, ESQ.
                           Assistant U.S. Attorneys


For Defendant:      ROBERT G. WELLS, ESQ.
                    Attorney at Law
                    120 East Washington Street
                    825 University Building
                    Syracuse, New York  13202




                *Jodi L. Hibbard, RPR, CSR, CRR*
           *Official United States Court Reporter*
                  *100 South Clinton Street*
              *Syracuse, New York  13261-7367*
                     *(315) 234-8547*

**A76**

2

1              (Open Court, 10:29 a.m.)

2              THE COURT:  Will the clerk call the case, please,

3      have counsel note their appearances for the record.

4              THE CLERK:  2016-CR-340, United States of America

5      versus Tammy Lamere, please note your appearances for the

6      record.

7              MS. FLETCHER:  Lisa Fletcher and Carina

8      Schoenberger for the government, good morning, your Honor.

9              THE COURT:  Good morning.

10             MR. WELLS:  Rob Wells for Tammy Lamere.  Judge, may

11     I please have permission for her to sit during the

12     proceedings?

13             THE COURT:  Certainly.

14             MR. WELLS:  Thank you.

15             THE COURT:  Mr. Wells, good morning.  Tammy Lamere,

16     your case is on for sentencing this morning.  Let me first

17     inquire of counsel, do counsel have the presentence report

18     dated March 7th, 2018, revised March 29th, and the addendum

19     dated March 29th; do you have that, Ms. Fletcher?

20             MS. FLETCHER:  Yes, your Honor.

21             THE COURT:  Mr. Wells, did you get that, those?

22             MR. WELLS:  Yes.

23             THE COURT:  Share it with your client?

24             MR. WELLS:  Thoroughly.

25             THE COURT:  Do counsel have any objections to the

A77

3

1    facts as stated in the presentence report; government?

2              MS. FLETCHER:  No objection.

3              THE COURT:  Defense?

4              MR. WELLS:  No, Judge.

5              THE COURT:  Are there any objections to the offense

6    level calculations set forth in the PSR?

7              MS. FLETCHER:  No objection.

8              MR. WELLS:  No, sir.

9              THE COURT:  And do you agree with the criminal

10   history computation set forth, I believe it's a I?

11             MS. FLETCHER:  Yes.

12             MR. WELLS:  Yes.

13             THE COURT:  I'm ready to proceed with sentencing in

14   this matter.  Does the government move sentence at this time?

15             MS. FLETCHER:  Yes, we do, your Honor.

16             THE COURT:  Do you wish to be heard?

17             MS. FLETCHER:  Yes, thank you.

18             THE COURT:  Go ahead.

19             MS. FLETCHER:  Your Honor, as laid out in our

20   sentencing memorandum, the government is asking for a

21   Guideline sentence in this case, for the following reasons:

22   For three years, from 2010 to 2013, this defendant

23   participated in the sexual abuse of a very young child.  The

24   abuse was photographed with this defendant's camera on at

25   least 11 separate occasions during which approximately 225

**A78**

4

1   images and videos were produced.  The child was between the

2   ages of five and nine during this period of time.  The

3   activity that the defendant engaged in with her co-defendant

4   Clif Seaway is both shocking and horrific.  Depictions

5   recovered in the case include images and videos memorializing

6   the following acts:  This defendant and the child at five

7   years old, both performing oral sex on Clif Seaway; this

8   defendant and the child both lying naked in bed with the

9   child's mouth on the defendant's breast, and the child at age

10  eight being vaginally penetrated by this defendant's finger;

11  also, this defendant instructing the child, who was eight at

12  the time, to continue performing oral sex on Clif Seaway

13  during a video that was played at Seaway's trial.

14          Additionally, while not depicted in the recovered

15  images, this defendant admitted to police that she engaged in

16  other sexual conduct with the child including rubbing the

17  child's vagina and performing oral sex on her.

18          Few offenses are more serious, and we recommend,

19  for all the reasons set forth in 3553(a) and in our

20  sentencing memorandum, that the court impose a Guideline

21  sentence.  Thank you, your Honor.

22          THE COURT:  Thank you.  Mr. Wells, sir.

23          MR. WELLS:  I have a function and I have a purpose

24  in this courtroom and in the system.  I'll stand up and say

25  what I believe as bravely as I can without fear of what

5

1    others will think of me for doing that.  There is an

2    important record to be made here, especially as there is no

3    waiver of appeal, and I thank you for access to the record,

4    and I thank you for your patience and indulgence.

5         It's all I can do, but it's what I must do.  The

6    idea beyond what you see is this:  I could only understand

7    this case when I realized that I represent a submissive,

8    docile, compliant, cowering child's brain who resides in the

9    morbidly obese, diseased body of a 47-year-old woman.  I

10   stand here with her, I speak on her behalf.  She has no

11   ability to speak for herself effectively or there is no one

12   else, there can be no one else.  She's as alone as any human

13   being I have encountered anywhere.

14        So far as I can observe over the past two years of

15   knowing Tammy, she has no strong or resistant will of her

16   own.  She would adopt any position I took.  If I told her to

17   go to trial or to plead guilty, she'd do whatever I direct.

18   I believe she is congenitally unable to do otherwise.  She's

19   mentally retarded.  Mildly to moderately if you want to

20   minimize that.  Two qualified and experienced forensic

21   psychologists, one for the government, one for the defense,

22   assess her IQ as a full scale 65 points or 68 points

23   respectively.  They differ by three points, yet both find her

24   mentally retarded.  United States Probation Department,

25   through the PSR, has identified these, inter alia, with her

6

1    cognitive functioning and social immaturity and dependent

2    personality as several factors that warrant a sentence

3    outside the advisory Guidelines.

4              She has physical and medical conditions you are now

5    aware of that need to be upon this record.  The first was

6    when she was hit in the head by her first husband and lost an

7    eardrum out of that.  And that's what she's learned about

8    men.  Tammy endures and suffers multiple serious physical

9    health conditions:  Organic sleep apnea, ulcerative colitis,

10   incontinence, type 2 diabetes, chronic hyperlipidemia,

11   hypertension, peripheral vascular disease, edema, restless

12   leg system, chronic obstructive pulmonary disease.

13   Additionally, she suffers from neuropathy, and I have seen

14   for myself that from her knees down, her legs are deep

15   veinous blue, and even when she encounters the water in the

16   shower, it causes her legs to bleed.

17             At all times relevant to here, this case, Tammy

18   appears to have been prescribed a thick, nearly hypnotic

19   cocktail of drugs, oxycodone, fentanyl, topiramate, which

20   indisputably impaired her decision making and her ability to

21   understand her own conduct or to resist the demands of

22   others.  Even now, within the jail where meds are restricted,

23   she's prescribed at least 14 medications, some of which I

24   cannot even pronounce.

25             In addition to the above and simultaneously

7

1     aggravating the same, she was treated for anxiety and

2     depression for the last many years, piled on top of the other

3     drugs, she was prescribed a psychotropic drug known as Paxil.

4     She overdosed on that in the first year.  She's diagnosed

5     with major depressive disorder and so they added another drug

6     called Effexor, and she also received Wellbutrin, Prozac, to

7     this extensive medication cocktail.  They also find her to

8     have depressive dependent personality traits.  The government

9     forensic psychologist tells us that Tammy's fine for

10    proceeding in this criminal case with no worries.  Probation

11    department also noted all of these things, that they may

12    warrant a sentence outside the Guidelines.

13            Education.  Tammy's been in special education since

14    second grade, as they ushered her through to the 10th grade

15    and she left pregnant.  She's got this diabetes and other

16    disabilities and conditions, medical condition.  She's held

17    only three jobs in her entire life for only a few months.

18    Social Security Administration, while they're stingy about it

19    often, say she's disabled, those benefits were the only

20    income she's had for about 24 years.  She's not even been

21    able to navigate the adult world well enough to have a job.

22            Criminal history.  Well, nothing's horrible.

23    Twenty-three years ago, she pled to a misdemeanor that had

24    something to do with a settlement her then-husband received

25    that wasn't reported to DSS.  That's it.  That's all there

8

1    is.  She's never been prosecuted in any other court with any

2    other offense against an adult or a child.  She's never been

3    charged with stealing or drugs or violence or threatening

4    against anyone in the world.

5            I know well, and expect you to credit, the idea

6    that but for Clif Seaway, this woman would not be here, nor

7    would the conduct have gone on as long as it could have.  How

8    does a person of subintelligence, impaired, compromised will,

9    decide when the conduct ends?  She doesn't.  The true monster

10   who affected everyone here is the one who decides, not Tammy.

11   No forensic psychologist disputes this.  No internal or

12   psychological propensity to commit criminal acts.

13           Tammy's as contrite and remorseful as she can

14   understand to be.  She's got deep regret.  She opens her eyes

15   in the morning and it's there.  It's with her through the

16   day, and when she tries to close her eyes in her cell at

17   night among the noise and the danger of prison and inmates.

18   Few people feel as bad as Tammy does for her awful conduct.

19           Now the minimum sentence imposable by law is 15

20   years, couldn't do different for anybody.  Given all of the

21   above, I'm not just saying this, I really believe Tammy's

22   going to die in those first 15 years, and that certainly

23   should be sufficient for anybody.  By that time, though, if

24   she survived, her medical conditions will have caught up with

25   her in prison.  If I understand type 2 diabetes, which I

9

1     have, at least her eyesight should be deteriorated or gone,

2     if not her legs.  They'll be of exceeding expense, her

3     medical care to the Bureau of Prisons and I've seen articles

4     where the Bureau of Prisons, even now with an aging

5     population, has to borrow money from highway funds to pay for

6     medical care, but they're not a hospital.  Be likely further

7     decrepit condition by then but the expense may be

8     unforeseeably unbearable to the Bureau of Prisons.  Tammy

9     might more effectively as soon as possible get into civilian

10    medical care under proper supervision from committing any

11    additional offense.

12          And she's facing aspects of serving a sentence,

13    given her mental and physical condition, unlike others in

14    this case, that almost border on torture, and would be cruel

15    and unusual.  Having observed her closely, I know she's going

16    to be a vulnerable person in a prison population due to her

17    conditions and her offense.  I think her sentence will be

18    something not contemplated by the Guidelines and the

19    heartland.

20          For these reasons, Judge, not excuses, but reasons,

21    respectfully pray this court impose upon Tammy a 15-year

22    sentence, and in the court's discretion through

23    implementation of a non-Guideline sentence, any further and

24    different and just relief you think is proper and we seek a

25    recommendation Bureau of Prisons take due note of all her

**A84**

10

1    multiple and significant medical challenges and she be

2    assigned to an appropriate facility to deal with her

3    conditions.  I thank you for hearing me.

4           THE COURT:  Mr. Wells, thank you.  Tammy Lamere, is

5    there anything you'd like to say?

6           THE DEFENDANT:  No, thank you, I'm just sorry, I'm

7    sorry, I can't say no more than I'm sorry.

8           THE COURT:  All right.  Tammy J. Lamere, I have

9    reviewed and considered all pertinent information, including

10   but not limited to the presentence investigation report, the

11   addendum, the submissions by counsel, the 2016 edition of the

12   Sentencing Guidelines Manual, and the factors outlined in 18

13   U.S.C. 3553(a).  I'm adopting the factual information and the

14   guideline applications that are contained in the presentence

15   investigation report.  I find you have a total offense level

16   of 43, your criminal history category is I, and your

17   guideline imprisonment range is life.  However, since no

18   count of conviction carries a potential life sentence, the

19   Guideline sentence is 720 months or 60 years, which is the

20   total punishment by combining the authorized maximum

21   sentences for each count of conviction.

22          Now, after careful consideration of the record and

23   the arguments presented by both parties, I find a

24   non-Guideline sentence coupled with treatment and a lengthy

25   period of supervised release is sufficient but not greater

**A85**

11

1    than necessary to comply with the purposes of sentencing.

2              After considering your background and

3    characteristics, your immediate cooperation with the

4    authorities, your limited criminal history, and the results

5    of your competency evaluation which demonstrate you were

6    susceptible to influence of a pedophile, Clif Seaway, and

7    that there's no indication you would have sexually exploited

8    a child had it not been for him, I've also considered the

9    number of times you participated in the victimization of

10   victim 3, from 2010 to 2013, and I find based on the totality

11   of the circumstances, the sentence that I'm about to impose

12   reflects the seriousness of your offense and provides just

13   punishment for your conduct, while promoting respect for the

14   law, and avoiding unwarranted sentencing disparities.

15             Therefore, upon your plea of guilty to Counts 1 and

16   2 of the indictment, it is the judgment of the court you are

17   hereby committed to the custody of the Bureau of Prisons to

18   be imprisoned for a term of 360 months on each count to run

19   concurrently.  While in custody, the court recommends you

20   participate in a sex offender treatment program and/or be

21   placed in a facility where you will receive appropriate

22   medical care.

23             Upon your release from imprisonment, you shall be

24   placed on supervised release for a term of 15 years on each

25   count to run concurrently.  While on supervised release, you

**A86**

12

1   shall not commit another federal, state, or local crime and

2   you shall comply with the standard conditions that have been

3   adopted by this court, and you shall comply with the special

4   conditions that have been attached to the presentence report.

5   These special conditions are related to your history and your

6   characteristics as well as the nature and circumstances of

7   your criminal conduct.  They are necessary to achieve the

8   purposes of deterring further criminal activity, protecting

9   the public, and promoting your rehabilitation.  I'm adopting

10  these special conditions which have been provided to you in

11  advance of sentencing, and which have not been objected to or

12  challenged by other parties.  Do I need to read the

13  conditions?  I gave them to you.

14           MR. WELLS:  Sir, no, sir.

15           THE COURT:  Okay.  All right.  You shall pay to the

16  clerk of the court a special assessment of $200 which is due

17  immediately.  I also find you do have the ability to pay a

18  fine and therefore you are ordered to pay a fine in the

19  amount of $8,000.  That fine is due immediately.  You shall

20  also forfeit to the United States all right, title, and

21  interest in the items listed in the preliminary order of

22  forfeiture which was signed by this court on January the

23  12th, 2018.

24           Now both parties have a right to appeal this

25  sentence.  You are advised to consult with your attorney to

**A87**

13

1    determine whether or not an appeal is warranted in your case.

2    Any appeal must be filed within 14 days of the date the

3    judgment is filed in this court.  Would you assist her in

4    that regard if she would like to appeal?

5                MR. WELLS:  It's my obligation, Judge.

6                THE COURT:  So you're remanded now at this time to

7    the custody of the United States Marshal in accordance with

8    the terms of the sentence.  I do not believe there's any

9    counts to be dismissed.

10               MS. FLETCHER:  That's correct, Judge.

11               THE COURT:  Okay.  And that concludes this matter?

12               MS. FLETCHER:  Yes, thank you, your Honor.

13               MR. WELLS:  Thank you, Judge, thanks, Ms. Fletcher.

14               THE COURT:  You're welcome.

15               THE CLERK:  Court stands adjourned.

16                    (Court Adjourned, 10:48 a.m.)

17

18

19

20

21

22

23

24

25

**A88**

```
 1                    CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4        I, JODI L. HIBBARD, RPR, CRR, CSR, Federal

 5   Official Realtime Court Reporter, in and for the

 6   United States District Court for the Northern

 7   District of New York, DO HEREBY CERTIFY that

 8   pursuant to Section 753, Title 28, United States

 9   Code, that the foregoing is a true and correct

10   transcript of the stenographically reported

11   proceedings held in the above-entitled matter and

12   that the transcript page format is in conformance

13   with the regulations of the Judicial Conference of

14   the United States.

15

16                        Dated this 7th day of December, 2018.

17

18

19                        /S/ JODI L. HIBBARD
                          _____
20                        JODI L. HIBBARD, RPR, CRR, CSR
                          Official U.S. Court Reporter
21

22

23

24

25
```

AO 245B  NNY (Rev. 03/18) Judgment in a Criminal Case  Case 5:16-cr-00340-NAM   Document 65   Filed 06/22/18   Page 1 of 7
Sheet 1

# UNITED STATES DISTRICT COURT

## Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| Tammy J. Lamere | Case Number:    DNYN516CR000340-002 |
| | USM Number:    24076-052 |
| | Robert G. Wells, Esq. |
| | 120 East Washington Street |
| | Syracuse, NY 13202 |
| | 315-472-4489 |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to counts     1 and 2    of the Indictment on December 18, 2017.
☐ pleaded nolo contendere to count(s)   which was accepted by the court.
☐ was found guilty on count(s) of the   on   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2251(a) and (e) | Conspiracy to Sexually Exploit a Child | 2013 | 1 |
| 18 U.S.C. §§ 2251(a) and (e) | Sexual Exploitation of a Child | 2013 | 2 |

     The defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed in accordance with 18 U.S.C. § 3553 and the Sentencing Guidelines.

☐ The defendant has been found not guilty on count(s)
☐ Count(s)   ☐ is   ☐ are   dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 18, 2018
Date of Imposition of Judgment

Norman A. Mordue
Senior U.S. District Judge

June 22, 2018
Date

AO 245B NNY (Rev. 03/18) Judgment in a Criminal Case ~~Case 5:16-cr-00340-NAM~~   Document 65   Filed 06/22/18   Page 2 of 7
Sheet 2 – Imprisonment

Judgment – Page **2** of **7**

DEFENDANT:      Tammy J. Lamere
CASE NUMBER:   DNYN516CR000340-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**360 months on each count to run concurrently.**

☒   The court makes the following recommendations to the Bureau of Prisons:

**The defendant participate in a sex offender treatment program and/or be placed in a facility, where she will receive appropriate medical care.**

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐   at   ☐ a.m.  ☐ p.m. on.

☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before 2 p.m. on.

☐   as notified by the United States Marshal.

☐   as notified by the Probation or Pretrial Services Office.

## RETURN

**I have executed this judgment as follows:**

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
BY DEPUTY UNITED STATES MARSHAL

AO 245B  NNY (Rev. 03/18) Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment – Page **3** of **7**

DEFENDANT:      Tammy J. Lamere
CASE NUMBER:   DNYN516CR000340-002

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

### 15 years on each count to run concurrently.

### MANDATORY CONDITIONS

1.   You must not commit another federal, state, or local crime.

2.   You must not unlawfully possess a controlled substance.

3.   You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4.   ☐ You must make restitution in accordance with 18 U.S.C. § § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5.   ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(deselect if inapplicable)*

6.   ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that you pay in accordance with the Schedule of Payments sheet of this judgment.

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B  NNY (Rev. 03/18) Judgment in a Criminal Case    Case 5:16-cr-00340-NAM    Document 65    Filed 06/22/18    Page 4 of 7
Sheet 3A – Supervised Release

Judgment – Page **4** of 7

DEFENDANT:     Tammy J. Lamere
CASE NUMBER:   DNYN516CR000340-002

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4.  You must answer truthfully the questions asked by your probation officer.

5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8.  You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

14. You must provide the probation officer with access to any requested financial information.

15. You must submit your person, and any property, house, residence, vehicle, papers, effects, computer, electronic communications devices, and any data storage devices or media, to search at any time, with or without a warrant, by any federal probation officer, or any other law enforcement officer from whom the Probation Office has requested assistance, with reasonable suspicion concerning a violation of a condition of probation or supervised release or unlawful conduct by you.  Any items seized may be removed to the Probation Office or to the office of their designee for a more thorough examination.

AO 245B  NNY (Rev. 03/18) Judgment in a Criminal Case
       Sheet 3D – Supervised Release

Judgment – Page **5** of **7**

DEFENDANT:     Tammy J. Lamere
CASE NUMBER:   DNYN516CR000340-002

## SPECIAL CONDITIONS OF SUPERVISION

1.    You must not have direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, electronic communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

2.    You must not communicate, or otherwise interact, with V3, either directly or through someone, without first obtaining the permission of the probation officer.

3.    You must undergo a psychosexual evaluation and, if recommended by the evaluator, you must participate in a mental health treatment program, which may include, but will not be limited to, participation in a sex offense-specific treatment program. The probation office must approve the location, frequency, and duration of treatment. You must abide by the rules of the program.

4.    You must participate in a mental health program which may include medical, psychological, or psychiatric evaluation and outpatient treatment as recommended by the treatment provider based upon your risk and needs. You may also be required to participate in inpatient treatment upon recommendation of the treatment provider and upon approval of the Court. The probation office will approve the location, frequency, and duration of outpatient treatment. You must abide by the rules of the program which may include a medication regimen.

5.    You must contribute to the cost of any evaluation and/or treatment in an amount to be determined by the probation officer based on your ability to pay and the availability of third party payments.

6.    Your supervision may include examinations using a polygraph, computerized voice stress analyzer, or other similar device to obtain information necessary for supervision, case monitoring, and treatment. You must answer the questions posed during the examination, subject to your right to challenge in a court of law the use of such statements as violations of your Fifth Amendment rights. In this regard, you will be deemed to have not waived your Fifth Amendment rights. The results of any examinations must be disclosed to the U.S. Probation Office and the Court, but must not be further disclosed without the approval of the Court.

## DEFENDANT'S ACKNOWLEDGMENT OF APPLICABLE CONDITIONS OF SUPERVISION

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

The conditions of supervision have been read to me.  I fully understand the conditions and have been provided a copy of them.  For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

_____
Defendant

_____
Date

_____
U.S. Probation Officer/Designated Witness

_____
Date

AO 245B  NNY (Rev. 03/18) Judgment in a Criminal Case
    Sheet 5 – Criminal Monetary Penalties

Judgment – Page **6** of 7

DEFENDANT:     Tammy J. Lamere
CASE NUMBER:   DNYN516CR000340-002

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **JVTA Assessment \*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 200 | N/A | $ 8,000 | N/A |

☐  The determination of restitution is deferred until.  An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | $ | $ | |
| **Totals** | $ | $ | |

☐  Restitution amount ordered pursuant to plea agreement  $

☒  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for the  ☐ fine  ☐ restitution.

    ☐  the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

\*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  NNY (Rev. 03/18) Judgment in a Criminal Case
    Sheet 6 – Schedule of Payments

Judgment – Page **7** of 7

DEFENDANT:    Tammy J. Lamere
CASE NUMBER:   DNYN516CR000340-002

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒  In full immediately; or

B  ☐  Lump sum payment of $  due immediately; balance due

      ☐  not later than, or

      ☐  in accordance with  ☐ D,  ☐ E,  ☐ F,  or  ☐ G below; or

C  ☐  Payment to begin immediately (may be combined with  ☐ D,  ☐ E, or  ☐ G below); or

D  ☐  Payment in equal  installments of $  over a period of, to commence  after the date of this  judgment; or

E  ☐  Payment in equal  installments of $  over a period of, to commence  after release from     imprisonment to a term of supervision; or

F  ☐  Payment during the term of supervised release will commence within  after release from imprisonment.  The court    will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

G  ☐  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to **Clerk, U.S. District Court, Federal Bldg., 100 S. Clinton Street, P.O. Box 7367, Syracuse, N.Y. 13261-7367,** unless otherwise directed by the court, the probation officer, or the United States attorney.  If a victim cannot be located, the restitution paid to the Clerk of the Court for that victim shall be sent to the Treasury, to be retrieved when the victim is located.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    ☐  Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    ☐  The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:

    **The items listed in the Preliminary Order of Forfeiture, which was signed by the Court on January 12, 2018.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

# NOTICE OF APPEAL
## UNITED STATES DISTRICT COURT

NORTHERN        **District of**        NEW YORK

UNITED STATES OF AMERICA

**Docket Number** 5:16-CR-340-002 (NAM)

Norman A. Mordue

(District Court Judge)

Tammy Lamere

Tammy Lamere

Notice is hereby given that _____
appeals to the United States Court of Appeals for the Second Circuit from the:

judgment [ x ]; order [    ]; other [    ]; _____ (specify)

entered in this action on _____ 6/22/18 _____.
(date)

Offense occurred after November 1, 1987     Yes [ x ]     No [    ]

The appeal concerns.   conviction only [    ];   sentence only [    ];   conviction and sentence [ x ].

ROBERT G. WELLS

(Counsel for Appellant)

Date   6/20/18

TO:   Lisa M. Fletcher, AUSA

Address   120 East Washington Street, Suite 825

Syracuse, New York 13202

100 S. Clinton Street

Syracuse, NY 13261

Telephone Number   315-472-4489

ADD ADDITIONAL PAGE IF NECESSARY

| (TO BE COMPLETED BY ATTORNEY) | TRANSCRIPT INFORMATION — FORM B |  |
|---|---|---|
| ▶ **QUESTIONNAIRE** | ▶ **TRANSCRIPT ORDER** | ▶ DESCRIPTION OF PROCEEDINGS FOR WHICH TRANSCRIPT IS REQUIRED (INCLUDE DATE). |

|  |  |
|---|---|
| [ x ] I am ordering a transcript | Prepare transcript of |
| [    ] I am not ordering a transcript | [ x ] Pre-trial proceedings  12/18/17 |
| Reason: | [    ] Trial |
| [    ] Daily copy is available | [ x ] Sentence  6/18/18 |
| [    ] U.S. Attorney has placed order | [    ] Post-trial proceedings |
| [    ] Other. Attach explanation |  |

The ATTORNEY certifies that he/she will make satisfactory arrangements with the court reporter for payment of the cost of the transcript.
(FRAP 10(b))   ▶ Method of payment [    ] Funds [ x ] CJA Form **24**

ATTORNEY'S signature   _Robert G. Wells_        DATE   6/25/18

▶   COURT REPORTER ACKNOWLEDGEMENT        To be completed by Court Reporter and forwarded to Court of Appeals.

| Date order received | Estimated completion date | Estimated number of pages. |
|---|---|---|
|  |  |  |

Date _____        Signature _____        (Court Reporter)

COPY 1 - ORIGINAL